UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, | * | ADVERSARY PROCEEDING |
| JR., HERBERT W. ANDERSON, DALE ATKINS, | * | |
| JOHN C. CALHOUN, WILLIAM CARROUCHE, | * | NO. 20-01005 |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | * | |
| LEON GIORGIO, JR., SHIVAN GOVIDAN, | * | |
| LAWRENCE BLAKE JONES, LOUIS | * | |
| LAURICELLA, MARK MERLO, HERMAN | * | |
| MOYSE, III, GRISH LLOYD PANDIT, JAMES | * | |
| RODDY, DR. CHARLES TEAMER, JOSEPH | * | |
| TOOMY, RICHARD M. WILKINSON, LOUIS | * | |
| BALLERO, MARSHA CROWLE, MARY BETH | * | |
| VERDIGETS, FRANK FUGETTA AND | * | |
| MICHAEL LULICH | * | |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO
COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY RELIEF**

Gregory St. Angelo ("St. Angelo" or "Defendant") hereby answers and asserts his

affirmative defenses and counterclaim to the Complaint for Interpleader and for Declaratory Relief

1281570v.3

(the "Complaint") filed by Zurich American Insurance Company ("Zurich") in the above-captioned proceeding. All factual allegations not specifically admitted herein are denied.

## ANSWER

1. The allegations of Paragraph 1 of the Complaint are admitted.

2. The allegations of Paragraph 2 of the Complaint are admitted.

3. The allegations of Paragraph 3 of the Complaint as set forth in the first sentence of that paragraph—asserting jurisdiction under 28 U.S.C. §1334 the Federal Civil Procedure and Bankruptcy Rules—constitute conclusions of law as to which no response is required. The allegations of Paragraph 3 of the Complaint as set forth in the second sentence of that Paragraph—describing the Plaintiff's alleged causes of action—require no response as the adversary proceeding Complaint speaks for itself. St. Angelo admits that he is demanding immediate reimbursement of $270,872.85 in defense costs from the proceeds of Zurich's Policy No. DOP 9311203-04 (the "Policy"), but he is seeking reimbursement for more than the sums alleged in the Complaint. The remaining allegations of Paragraph 3 of the Complaint are denied except to admit that the remaining Defendants objected by multiple correspondences dated October 8, 2019, to any additional funds being paid by Zurich on behalf of St. Angelo even though Zurich has been paying said Defendants their defense costs under the terms of the Policy.

4. The allegations of Paragraph 4 of the Complaint constitute conclusions of law as to which no response is required.

5. The allegations of Paragraph 5 of the Complaint constitute conclusions of law as to which no response is required.

6. The allegations of Paragraph 6 of the Complaint are denied by St. Angelo because he lacks sufficient information to justify a belief therein.

7. The allegations of Paragraph 7 of the Complaint are admitted.

8. The allegations of Paragraph 8 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

9. The allegations of Paragraph 9 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

10. The allegations of Paragraph 10 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

11. The allegations of Paragraph 11 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

12. The allegations of Paragraph 12 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

13. The allegations of Paragraph 13 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

14. The allegations of Paragraph 14 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

15. The allegations of Paragraph 15 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

16. The allegations of Paragraph 16 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

1281570v.3

17. The allegations of Paragraph 17 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

18. The allegations of Paragraph 18 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

19. The allegations of Paragraph 19 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

20. The allegations of Paragraph 20 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

21. The allegations of Paragraph 21 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

22. The allegations of Paragraph 22 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

23. The allegations of Paragraph 23 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

24. The allegations of Paragraph 24 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

25. The allegations of Paragraph 25 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

26. The allegations of Paragraph 26 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

1281570v.3

27. The allegations of Paragraph 27 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

28. The allegations of Paragraph 28 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

29. The allegations of Paragraph 29 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

30. The allegations of Paragraph 30 of the Complaint are denied based on a lack of information sufficient to justify a belief therein.

31. St. Angelo responds to the allegations of Paragraph 31 of the Complaint by stating that the insurance policy referred to in that Paragraph (the Policy) speaks for itself and is the best evidence of its terms.

32. The allegations of Paragraph 32 of the Complaint are admitted to the extent they assert that St. Angelo is an "Insured Person" under the Policy. Additionally, the Policy speaks for itself and is the best evidence of its terms.

33. The allegations of Paragraph 33 of the Complaint are admitted to the extent they assert that St. Angelo is an "Insured Person" under the Policy. Additionally, the Policy speaks for itself and is the best evidence of its terms.

34. St. Angelo responds to the allegations of Paragraph 34 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

35. St. Angelo responds to the allegations of Paragraph 35 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

36. St. Angelo responds to the allegations of Paragraph 36 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

37. St. Angelo responds to the allegations of Paragraph 37 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

38. St. Angelo responds to the allegations of Paragraph 38 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

39. St. Angelo responds to the allegations of Paragraph 39 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

40. St. Angelo responds to the allegations of Paragraph 40 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

41. St. Angelo responds to the allegations of Paragraph 41 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

1281570v.3

42. St. Angelo responds to the allegations of Paragraph 42 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

43. St. Angelo responds to the allegations of Paragraph 43 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

44. St. Angelo responds to the allegations of Paragraph 44 of the Complaint by stating that the document quoted therein (the Policy) speaks for itself and is the best evidence of its terms.

45. The allegations of Paragraph 45 of the Complaint, as they apply specifically to St. Angelo, are admitted. The allegations of Paragraph 45, as they may apply to the other Defendants in this proceeding, are denied based on a lack of information sufficient to justify a belief therein.

46. The allegations of Paragraph 46 of the Complaint are denied based on a lack of information sufficient to justify a belief therein, except to admit that St. Angelo has sought coverage for the matters set forth in Paragraph 45, including the advancement of his defense costs.

47. The allegations of Paragraph 47 of the Complaint require no response as the Orders issued in this Chapter 11 bankruptcy proceeding speak for themselves and are the best evidence of their contents.

1281570v.3

48. St. Angelo responds to the allegations of Paragraph 48 of the Complaint by stating that the referenced Bill of Information speaks for itself and is the best evidence of its contents.

49. St. Angelo responds to the allegations of Paragraph 49 of the Complaint by admitting that Zurich agreed to provide reimbursements for defense costs to St. Angelo while reserving its rights.

50. St. Angelo admits the allegations of Paragraph 50 of the Complaint by stating that the referenced plea agreement speaks for itself and is the best evidence of its terms and contents. Additionally, St. Angelo denies that he pled guilty to conspiracy to commit mail fraud and that the sole exception to the appellate rights he waived in his plea agreement was being sentenced to a term of imprisonment in excess of the statutory maximum. In addition to retaining the right to appeal such a sentence, St. Angelo also retained the right to challenge his conviction or sentence based on a claim of ineffective assistance of counsel. Further, St. Angelo's plea agreement contains no waiver of his right to withdraw his plea under Rule 11 of the Federal Rules of Criminal Procedure.

51. St. Angelo admits that the only purported basis on which Zurich sought to deny coverage are those set forth in the allegations of Paragraph 51 of the Complaint. Further, St. Angelo asserts that there has not been "a final and non-appealable adjudication of guilt" as required by Sections IV (I) and IV (J) of the Policy's Management Liability Coverage Part. Moreover, the Policy speaks for itself and is the best evidence of its terms and conditions.

52. The allegations of Paragraph 52 of the Complaint are denied based on a lack of sufficient information to justify belief therein.

53. The allegations of Paragraph 53 of the Complaint are denied as written. The referenced correspondence between St. Angelo and Zurich speaks for itself and are is best evidence of its contents. Further, St. Angelo asserts that Zurich owes him payment for the $270,872.85 in defense costs as well as other sums due to him as reimbursements for past and future defense costs pursuant to the terms of the Policy.

54. St. Angelo denies the allegations of Paragraph 54 of the Complaint as written. The referenced letters speak for themselves and are the best evidence of their contents. St. Angelo further asserts it is the duty of Zurich to determine in good faith whether St. Angelo is entitled to reimbursement of defense costs under the Policy and whether the exclusions on which Zurich has denied coverage apply. By soliciting the objections of the other Insureds to its payment of St. Angelo's defense costs, Zurich has breached its duty under the Policy and engaged in this conduct in bad faith.

55. St. Angelo denies the allegations of Paragraph 55 of the Complaint as written. The referenced letters speak for themselves and are the best evidence of their contents. St. Angelo further asserts it is the duty of Zurich to determine in good faith whether St. Angelo is entitled to reimbursement of defense costs under the Policy and whether the exclusions on which Zurich has denied coverage apply. By soliciting the objections of the other Insureds to its payment of St. Angelo's defense costs, Zurich has breached its duty under the Policy and engaged in this conduct in bad faith.

1281570v.3

56. The allegations of Paragraph 56 of the Complaint are denied as written. Please see the responses to Paragraphs 54 and 55 above.

57. The allegations of Paragraph 57 of the Complaint do not require a response because they merely incorporate by reference the allegations of the preceding paragraphs. To the extent a response is required, St. Angelo incorporates by reference his responses to Paragraphs 1 through 56 of the Complaint.

58. The allegations of Paragraph 58 of the Complaint constitute conclusions of law as to which no response is required.

59. The allegations of Paragraph 59 of the Complaint do not require an answer insofar as they allege intended future actions by Zurich.

60. The allegations of Paragraph 60 of the Complaint constitute prayers for relief, which do not require a response from St. Angelo. To the extent a response is required, St. Angelo asserts that none of the other Defendants are entitled to the proceeds deposited by the Plaintiff and that the Court should order the distributions of said proceeds to St. Angelo, as he alone is entitled to receive those funds.

61. The allegations of Paragraph 61 of the Complaint constitute prayers for relief, which do not require a response from St. Angelo. To the extent a response is required, St. Angelo asserts that Plaintiff should not be discharged from any further liability to St. Angelo with respect to (a) the Policy, (b) the proceeds thereunder, (c) the obligation to make further payments of loss to St. Angelo, or (d) any claims of bad faith arising from Plaintiff's failure to pay St. Angelo defense costs due him under the Policy.

62. The allegations of Paragraph 62 of the Complaint constitute prayers for relief, which do not require a response from St. Angelo. To the extent a response is required, St. Angelo asserts that he is not liable for Plaintiff's attorney's fees and court costs.

63. The allegations of Paragraph 63 of the Complaint constitute prayers for relief, which do not require a response from St. Angelo. To the extent a response is required, St. Angelo denies that Zurich is entitled to any of the relief it requests in its Complaint.

64. The allegations set forth in the six paragraphs following Paragraph 63 of the Complaint constitute prayers for relief, which do not require responses from St. Angelo. To the extent a response is required, St. Angelo denies that Zurich is entitled to any of the relief it requests in the Complaint.

## AFFIRMATIVE DEFENSES

**AND NOW,** the Defendant hereby asserts the following affirmative defenses to the Plaintiff's Complaint:

### First Affirmative Defense

Zurich has failed to state a cause of action upon which this Court can grant the relief requested.

### Second Affirmative Defense

65. Zurich has unclean hands due to its bad faith actions in soliciting the objections of the other Insureds to its payment of St. Angelo's defense costs.

### Third Affirmative Defense

66. Zurich is not entitled to attorneys' fees. Zurich had a duty under the terms of the Policy to pay St. Angelo the funds for his defense. Instead of doing so, Zurich asked its

other Insureds if they objected to Zurich paying St. Angelo and now seeks a determination from this Court. Zurich is not entitled to shift the cost of making a determination under the Policy and abiding by its terms onto St. Angelo and the other Insured Defendants by seeking attorneys' fees in this action.

### ST. ANGELO'S COUNTERCLAIM FOR DECLARATORY RELIEF

1.  **COMES NOW** Counter-Plaintiff/Defendant Gregory St. Angelo ("St. Angelo") and for his Counterclaim against Counter-Defendant/Plaintiff Zurich American Insurance Company ("Zurich"), states as follows:

### Parties, Jurisdiction, and Venue

2.  St. Angelo is a citizen of the State of Louisiana who resides at 10 Tupelo Trace, Mandeville, Louisiana 70471.

3.  Zurich is a New York Corporation engaged in the insurance business and located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196.

4.  This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334, and Rules 7013 and 7019 of the Federal Bankruptcy Rules of Procedure.

5.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

6.  The statutory basis for the relief requested herein is 28 U.S.C. § 2201 (the Declaratory Judgment Act).

### Factual Background

7.  St. Angelo incorporates by reference the allegations contained in Paragraphs 1 through 6 of this Counter-Claim as if fully set forth herein.

8. First NBC Bank Holding Company filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 11, 2017, in the United States Bankruptcy Court for the Eastern District of Louisiana (No. 17-11213).

9. Zurich is the insurer of First NBC Bank Holding Company, along with all of its officers, directors, trustees, governors, managers, advisory directors, committee members, and their "functional equivalent[s]," as defined by and pursuant to the terms and conditions of Zurich's Financial Institution Select Insurance Policy to First NBC Bank Holding Company, No. DOP 9311203-204, with a policy period of June 9, 2015 to June 9, 2016, which includes a Management Liability Coverage Part with an aggregate limit of liability of $15 million dollars (the "Policy"). A copy of the Policy is attached hereto as "Exhibit A."

10. St. Angelo is an "Insured Person" under the Policy, as Zurich has repeatedly admitted and even stated so in Paragraph 32 of its Complaint.

11. Following St. Angelo's demand for coverage under the Policy in relation to the federal criminal investigation involving First NBC Bank and related government investigations and civil matters (collectively, the "FNBC Proceedings"), Zurich funded St. Angelo's defense costs as an "Insured Person" under the Policy. To date, while reserving all of its rights under the Policy, Zurich has paid St. Angelo approximately $641,616.57 in defense costs related to the federal criminal investigation.

12. On June 29, 2019, however, Zurich stopped funding St. Angelo's defense costs due him under the Policy after St. Angelo pled guilty in federal court to a violation of 18 U.S.C. §1349. By correspondence of same date, Zurich notified St. Angelo that it was denying coverage under two exclusions of the Policy (as set forth by Zurich in Paragraph 51 of the Complaint) based solely on his guilty plea in federal court.

13. The exclusions cited by Zurich as the exclusive basis for denying continued coverage require "a final and non-appealable adjudication" adverse to the Insured. Zurich claimed that St. Angelo's guilty plea alone satisfied that requirement. A copy of Zurich's July 29, 2019 letter is attached as "Exhibit B."

14. On August 8, 2019, undersigned counsel Phillip A. Wittmann, on behalf of St. Angelo, forwarded correspondence to Zurich disputing its action on the basis that a guilty plea in federal court is not "a final and non-appealable adjudication," as the Policy's exclusions require. A copy of undersigned counsel's August 8, 2019 letter to Zurich is attached as "Exhibit C." In that letter, undersigned counsel provided Zurich with controlling legal citations that unequivocally hold there is no "final and non-appealable adjudication" of guilt based upon a plea until a sentence has been entered and a Judgement and Commitment Order is issued. Neither of those prerequisite events have occurred in this case.

15. Based on the law and Zurich's misapplication of the Policy's exclusions, St. Angelo demanded that Zurich immediately revoke its decision to deny coverage, reinstate its earlier coverage position, and continue to fund St. Angelo's defense costs until he is sentenced and a final judgment is issued.

16. Despite the controlling case law on the matter, Zurich initiated this Adversary Proceeding by filing its Complaint for Interpleader and for Declaratory Relief (the "Interpleader Complaint") on January 24, 2020. In doing so, Zurich deposited $270,872.85 in proceeds from the Policy that make up a portion of the amount due and owing to St. Angelo (the "Policy Proceeds").

### Claim for Declaratory Judgment

17. St. Angelo incorporates by reference the allegations contained in Paragraphs 1 through 16 of this Counter-Claim as if fully set forth herein.

1281570v.3

18. An actual, present, and existing controversy exists between St. Angelo and Zurich over whether (1) the two exclusions in the Policy relied on by Zurich may be applied to exclude St. Angelo form ongoing coverage under the Policy, (2) St. Angelo is rightfully and legally entitled to the Policy Proceeds held in the registry of the Court, (3) Zurich has had a duty to indemnify St. Angelo and fund his losses, including defense costs and attorneys' fees, related to the FNBC Proceedings until such time as he is sentenced, at which point his conviction by guilty plea will become a "final adjudication," and (4) Zurich has an ongoing duty to indemnify St. Angelo and fund any future losses incurred by him, including defense costs and attorneys' fees, related to the FNBC Proceedings until the time of such a "final adjudication."

19. Pursuant to 28 U.S.C. § 2201, St. Angelo is entitled to a judgment from this Court recognizing and declaring that:

    a) the two exclusions in the Policy cited in the Interpleader Complaint and relied on by Zurich for not paying St. Angelo's defenses costs and attorneys' fees do not apply presently because a "final adjudication" has not occurred;

    b) St. Angelo is rightfully and legally entitled to the Policy Proceeds held in the registry of the Court;

    c) Zurich has had a duty to indemnify St. Angelo and fund his losses, including defense costs and attorneys' fees, related to the FNBC Proceedings until such time as he is sentenced, at which point his conviction by guilty plea will become a "final adjudication" under the Policy; and

1281570v.3

    d)         Zurich has an ongoing duty to indemnify St. Angelo and fund any future losses incurred by him, including defense costs and attorneys' fees, related to the FNBC Proceedings until the time of such a "final adjudication."

## Prayer for Relief

**WHEREFORE,** Counter-Plaintiff/Defendant Gregory St. Angelo respectfully submits the foregoing and prays that his Counterclaim against Counter-Defendant/Plaintiff Zurich American Insurance Company be deemed good and sufficient, and that after due proceedings are had, Judgment be entered in favor of St. Angelo and against Zurich:

    A.         Declaring that the two exclusions in the Policy cited in the Interpleader Complaint and relied on by Zurich for not paying St. Angelo's defenses costs and attorneys' fees do not apply presently because a "final adjudication" has not occurred;

    B.         Declaring that St. Angelo is rightfully and legally entitled to the Policy Proceeds held in the registry of the Court;

    C.         Declaring that Zurich has had a duty to indemnify St. Angelo and fund his losses, including defense costs and attorneys' fees, related to the FNBC Proceedings until such time as he is sentenced, at which point his conviction by guilty plea will become a "final adjudication" under the Policy;

    D.         Declaring that Zurich has an ongoing duty to indemnify St. Angelo and fund any future losses incurred by him, including defense costs and attorneys'

fees, related to the FNBC Proceedings until the time of such a "final adjudication";

E. Awarding St. Angelo the Policy Proceeds held in the registry of the Court;

F. Awarding St. Angelo his reasonable attorney's fees and court costs in this matter, if authorized; and

G. Awarding St. Angelo any and all other general and equitable relief to which he may be entitled.

Respectfully submitted,

By:     */s/ Phillip A. Wittmann*
Phillip A. Wittmann (La. Bar No. 13625)
Paul J. Masinter (La. Bar No. 18324)
Peter M. Thomson (La. Bar No. 02147)
Bryant S. York (La. Bar No. 34165)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, LA 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: pwittmann@stonepigman.com
        pmasinter@stonepigman.com
        pthomson@stonepigman.com
        byork@stonepigman.com

***Attorneys for Gregory St. Angelo***