# Skarzynski|Marick

Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
P 212.820.7700 | F 212.820.7740
skarzynski.com

**Michael B. Chester, Esq.**
Tel: (212) 820-7752
mchester@skarzynski.com

July 29, 2019

VIA ELECTRONIC MAIL ONLY

Mr. Phillip A. Wittmann, Esq.
Stone Pigman Walther Whittmann LLC
909 Poydras Street, Suite 3150
New Orleans, LA 70112

| | |
|---|---|
| Claim Number: | 9410548719 |
| Policy Number: | DOP 9311203-04 |
| Insured: | First NBC Holding Company |
| Matter: | Subpoenas to Gregory St. Angelo |
| Our File No.: | 22011 |

Dear Mr. Wittmann:

On behalf of Zurich America of Illinois ("Zurich"), I am writing in response to your July 3, 2019 letter. Zurich has reviewed your letter and enclosure regarding your client, Gregory St. Angelo, pleading guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. Additionally, Zurich has also reviewed: (1) the fully executed plea agreement between the U.S. Attorney's Office and Mr. St. Angelo (the "Plea Agreement"); and (2) the Factual Basis accompanying his guilty plea (the "Factual Basis") filed on the Court's docket in the matter of United States of America v. Gregory St. Angelo, Case No. 2:19-cr-00055, in the U.S. District Court, Eastern District of Louisiana. Copies of both of these documents are attached.

At the outset, please note that this correspondence does not replace any letter from Zurich or this office with respect to this matter. Please note that Zurich reserves the right to further supplement or change its coverage position as it receives additional information. The above-referenced policy (the "Policy") should be reviewed in conjunction with this letter. This letter does not modify the terms and conditions of the Policy.

July 29, 2019
Page 2

**Recent Developments**

The information which Zurich has reviewed indicates that on Friday, June 28, 2019, Mr. St. Angelo formally pled guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and the Court accepted his guilty plea. According to the Factual Basis filed with the Court in conjunction with his guilty plea, Mr. St. Angelo also has now admitted that he engaged in an intentional scheme along with two other unnamed officers of First NBC Bank to defraud the Bank by, among other things:

- Renewing and increasing loans and lines of credit, paying off matured loans with new loans, making loan payments with loan proceeds, and using loan proceeds to cover overdrafts, in an effort to make First NBC's assets appear more robust than they actually were;
- Providing First NBC Bank with materially false and fraudulent financial statements, collateral summaries, and other documents that overstated the value of certain entities closely held by St. Angelo, thereby disguising their true financial condition;
- Issuing two loans to St. Angelo for the purpose of renovating two properties in New Orleans – when in reality, the proceeds of said loans were used to pay overdraft fees on other accounts, and fund St. Angelo's personal expenses;
- Issuing loans to other, unnamed individuals (the "Nominee Loans") - when in reality the proceeds of such loans were used by St. Angelo to pay St. Angelo's existing debts to First NBC Bank, and to pay the expenses of certain entities affiliated with St. Angelo;
- Creating fake tax credit investments that First NBC Bank made in entities owned or purportedly owned by St. Angelo; in order to allow St. Angelo to, among other things, repay outstanding loan balances, and circumvent the traditional loan approval process.

The Plea Agreement also establishes that Mr. St. Angelo has knowingly and voluntarily waived and given up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by the Court. The plea agreement further establishes that he has given up all rights to appeal, contest or otherwise collaterally attack his sentence, with the sole exception being if he is sentenced to a term of imprisonment in excess of the statutory maximum.

**Supplemental Coverage Analysis**

As set forth in previous correspondence, Section IV of the Policy's Management Liability Coverage Part states:

July 29, 2019
Page 3

> The Insurer shall not be liable under this Coverage Part for **Loss** on account of, and shall not be obligated to defend, any **Claim** made by any **Insured Person**:
>
> ...
>
> I. based upon, arising out of or attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such **Insured Person**, if a final and non-appealable adjudication adverse to such **Insured Person** in any proceeding not brought by the Insurer establishes such a deliberately fraudulent act or omission or willful violation;
>
> J. based upon, arising out of or attributable to such **Insured Person** gaining any profit, remuneration or financial advantage to which such **Insured Person** was not legally entitled, if a final and non-appealable adjudication adverse to such **Insured Person** in any proceeding not brought by the Insurer establishes such **Insured Person** in fact gained any such profit, remuneration or advantage;
>
> ...

Based on the fact that Mr. St. Angelo has entered a guilty plea to a single count of conspiracy to commit bank fraud, waived his rights to appeal or contest his plea, and the Court accepted the guilty plea and adjudged him guilty of violating 18 U.S.C. § 1349, Zurich has determined that the Court has issued a final and non-appealable adjudication that implicates both Sections IV(I) and IV(J) of the Policy. See, e.g., Herley Industries, Inc. v. Federal Ins. Cos., Inc., 2009 WL 2596072, at *10 (E.D. Pa. Aug. 21, 2009) ("a guilty plea is not distinct from a final adjudication on the merits"); First Nat. Bank Holding Co. v. Fidelity and Deposit Co. of Maryland, 885 F. Supp. 1533, 1538 (N.D. Fla. 1995) ("FNBHC's contention that Jernagan's criminal convictions are not a 'final adjudication,' apparently because they were based on guilty pleas, rather than a jury verdict, is equally frivolous."). See also In re Enron Corp. Securities, Derivative & "ERISA" Litigation, 2005 WL 2230250 (S.D. Tex. Aug. 1, 2005) (holding that insureds would be judicially estopped from asserting that guilty pleas did not trigger the policy's exclusion for coverage of dishonest, fraudulent or criminal conduct.) Accordingly, Zurich must deny coverage for Mr. St. Angelo under the Policy. Please be advised that in light of this development, Zurich will no longer reimburse **Loss** arising out of Mr. St. Angelo's **Claim(s)** under the Policy.

Additionally, as set forth in this firm's prior letter of March 26, 2019, Section VI.C. of the Policy's General Terms and Conditions states that "[a]ny advancement or payment of **Defense**

July 29, 2019
Page 4

Costs shall be repaid to the Insurer by the **Insureds** severally according to their respective interests if and to the extent the **Insureds** shall not be entitled under the terms and conditions of this policy to coverage for such **Defense Costs**." Based upon all of the foregoing, Zurich hereby demands that Mr. St. Angelo return the sum of $656,044.18 to Zurich which has been advanced to Mr. St. Angelo to date in order to pay for his defense expenses. Please contact the undersigned upon receipt of this correspondence so that arrangements can be made to return these funds to Zurich.

Please be advised that in the interim, and in light of the above, Zurich is not addressing all possible coverage defenses. Zurich's evaluation of coverage in this letter is premised upon the allegations known to date and may be subject to modification as additional facts are discovered and as developments occur. Zurich continues to reserve all of its rights and defenses under the Policy and at law with respect to this matter, including the right to deny coverage as to any and all terms, conditions, or exclusions that may become relevant in the future.

Very truly yours,

Michael B. Chester

cc: Larry Orlansky (LOrlansky@stonepigman.com)
Marc Stolzenberg (marc.stolzenberg@zurichna.com)
Stephanie Helland (shelland@mcgriff.com)
David McMahan (dmcmahan@mcgriff.com)