UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. | * | |
| AARON, JR., HERBERT W. ANDERSON, | * | ADV. P. NO. 20-01005 |
| DALE ATKINS, JOHN C. CALHOUN, | * | |
| WILLIAM CARROUCHE, | * | |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | * | |
| LEON GIORGIO, JR., SHIVAN GOVIDAN, | * | |
| LAWRENCE BLAKE JONES, LOUIS | * | |
| LAURICELLA, MARK MERLO, | * | |
| HERMAN MOYSE, III, GRISH LLOYD | * | |
| PANDIT, JAMES RODDY, DR. CHARLES | * | |
| TEAMER, JOSEPH TOOMY, RICHARD M. | * | |
| WILKINSON, LOUIS BALLERO, MARSHA | * | |
| CROWLE, MARY BETH VERDIGETS, | * | |
| FRANK FUGETTA AND MICHAEL LULICH | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS AND COUNTERCLAIMS TO
COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY RELIEF**

NOW INTO COURT, through undersigned counsel, comes Defendants Frank Fugetta ("Fugetta") and Michael Lulich ("Lulich") (collectively referred to as "Fugetta and Lulich"), to answer the *Complaint for Interpleader and for Declaratory Relief* filed by Zurich American Insurance Company ("Zurich" or "Plaintiff"), as follows.

**ANSWER**

Fugetta and Lulich answer the allegations of Plaintiff's Complaint as follows.

1.

The allegations contained in Paragraph numbered 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph numbered 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph numbered 3 of the Complaint assert a legal conclusion and do not require a response or a denied for lack of sufficient information to justify a belief therein, except to admit that Fugetta and Lulich have demanded that Zurich not make any further payments from the Policy proceeds to Defendant Gregory St. Angelo and that those same funds be used to pay their own Loss incurred under the Policy.

4.

The allegations contained in Paragraph numbered 4 of the Complaint assert a legal conclusion and do not require a response.

5.

The allegations contained in Paragraph numbered 5 of the Complaint assert a legal conclusion and do not require a response

6.

The allegations contained in Paragraph numbered 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph numbered 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph numbered 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph numbered 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph numbered 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph numbered 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph numbered 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph numbered 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph numbered 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph numbered 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph numbered 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph numbered 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph numbered 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph numbered 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph numbered 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph numbered 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph numbered 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph numbered 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph numbered 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph numbered 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph numbered 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph numbered 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph numbered 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph numbered 29 of the Complaint are admitted.

30.

The allegations contained in Paragraph numbered 30 of the Complaint are admitted.

31.

The allegations contained in Paragraph numbered 31 of the Complaint are admitted.

32.

The allegations contained in Paragraph numbered 32 of the Complaint are denied as stated. In particular, Fugetta and Lulich specifically aver that Gregory St. Angelo does not qualify as an Insured Person as defined in the Policy.

33.

The allegations contained in Paragraph numbered 33 of the Complaint are admitted.

34.

The allegations contained in Paragraph numbered 34 of the Complaint refer to a written document, which is the best evidence of its contents.

35.

The allegations contained in Paragraph numbered 35 of the Complaint refer to a written document, which is the best evidence of its contents.

36.

The allegations contained in Paragraph numbered 36 of the Complaint refer to a written document, which is the best evidence of its contents.

37.

The allegations contained in Paragraph numbered 37 of the Complaint refer to a written document, which is the best evidence of its contents.

38.

The allegations contained in Paragraph numbered 38 of the Complaint refer to a written document, which is the best evidence of its contents.

39.

The allegations contained in Paragraph numbered 39 of the Complaint refer to a written document, which is the best evidence of its contents.

40.

The allegations contained in Paragraph numbered 40 of the Complaint refer to a written document, which is the best evidence of its contents.

41.

The allegations contained in Paragraph numbered 41 of the Complaint refer to a written document, which is the best evidence of its contents.

42.

The allegations contained in Paragraph numbered 42 of the Complaint refer to a written document, which is the best evidence of its contents.

43.

The allegations contained in Paragraph numbered 43 of the Complaint refer to a written document, which is the best evidence of its contents.

44.

The allegations contained in Paragraph numbered 44 of the Complaint refer to a written document, which is the best evidence of its contents.

45.

The allegations contained in Paragraph numbered 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph numbered 46 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Fugetta and Lulich have made demand upon Zurich to provide coverage and a defense under the Policy.

47.

The allegations contained in Paragraph numbered 47 of the Complaint refer to Orders of this Court, which are the best evidence of their contents.

48.

The allegations contained in Paragraph numbered 48 of the Complaint are admitted.

49.

The allegations contained in Paragraph numbered 49 of the Complaint are admitted.

50.

The allegations contained in Paragraph numbered 50 of the Complaint are admitted.

51.

The allegations contained in Paragraph numbered 51 of the Complaint are admitted.

52.

The allegations contained in Paragraph numbered 52 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Fugetta and Lulich are former officers of First NBC Bank and have submitted claims under the Policy for reimbursement of their attorney's fees and expenses.

53.

The allegations contained in Paragraph numbered 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraphed number 54 of the Complaint are admitted.

55.

The allegations contained in Paragraphed number 55 of the Complaint are admitted.

56.

The allegations contained in Paragraph numbered 56 of the Complaint are denied as stated.

57.

The allegations contained in Paragraph numbered 57 of the Complaint refer to allegations previously set forth in the Complaint and as such, Fugetta and Lulich refer back to each specific Paragraph for their answer to such, and to the extent further response is required, the remaining allegations are denied.

58.

The allegations contained in Paragraph numbered 58 of the Complaint assert a legal conclusion and do not require a response.

59.

The allegations contained in Paragraph numbered 59 of the Complaint assert a legal conclusion and do not require a response.

60.

The allegations contained in Paragraph numbered 60 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied as stated.

61.

The allegations contained in Paragraph numbered 61 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

62.

The allegations contained in Paragraph numbered 62 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

63.

The allegations contained in Paragraph numbered 60 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

64.

Out of an abundance of caution, Fugetta and Lulich denies all allegations of Plaintiffs' Complaint which may be contained in any unnumbered, misnumbered, or remaining paragraphs and all other allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Fugetta and Lulich assert the following affirmative defenses to the Complaint:

65.

### *Gregory St. Angelo does not qualify as an "Insured Person" under the Policy*

The Policy defines an Insured Person as:

1. any one or more natural persons who were, now or shall become a duly elected or appointed director, trustee, governor, Manager, officer, advisory director, or member of a duly constituted committee or board of the Company or their functional equivalent;
2. any one or more natural persons not described in Subsection 1 above who were, now are or shall become Employees of the Company;
3. Independent Contractors only for purposes of Insuring Clause I.B; and
4. Any one or more natural persons described in Subsection 1 above while serving in an Outside Position.

66.

Gregory St. Angelo was never an officer, director, or employee of First NBC Bank, as St. Angelo merely served as First NBC Bank's general counsel. Therefore, St. Angelo does not qualify as an "Insured Person" under the Policy.

67.

### *Judicial Estoppel*
### *Coverage of St. Angelo is excluded under the Policy*

Two exclusions in the Policy require Zurich to deny coverage of St. Angelo Coverage under the Policy, namely Section IV (I) and (J) which provide:

The Insurer shall not be liable under this Coverage Part for Loss on account of, and shall not be obligated to defend, any Claim made against any Insured Person:

> I. based upon, arising out of or attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such Insured Person, if a final non-appealable adjudication adverse to such Insured Person in any proceeding not brought by the Insurer establishes such a deliberately fraudulent act of omission or willful violation;

> J. based upon, arising out of or attributable to such Insured Person gaining any profit, remuneration or financial advantage to which such Insured Person was not legally entitled, if a final and non-appealable adjudication adverse to such Insured Person in any proceeding not brought by the Insurer establishes such Insured Person in fact gained any such profit, remuneration or advantage.

68.

St. Angelo has sworn to the following facts, *inter alia*:

(a) "St. Angelo and others known and unknown to the United States Attorney, did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States of America, that is: knowingly and with intent to defraud, execute and attempt to execute a scheme and artifice to defraud First NBC Bank, a financial institution, and to obtain any of the moneys, funds, credits, and assets, owned by, and under the custody or control of First NBC Bank, by means of false and fraudulent pretenses, representations, and promises…"

(b) "St. Angelo, Bank President A, Bank Officer B, and others provided First NBC Bank with materially false and fraudulent financial statements, collateral summaries, and other documents that, among other things, overstated the value of St. Angelo's and the Entities' assets and understated their liabilities. The materially false and fraudulent financial statements, collateral summaries, and other documents disguised St. Angelo's and the Entities' true financial condition."

(c) "St. Angelo and his co-conspirators obtained loans for individuals associated with St. Angelo as nominees ("the Nominee Loans"). These Nominee Loans benefitted St. Angelo and the nominees. Under this scheme, the nominees signed loan paperwork making it appear that the nominee was taking out the loan. In fact, some proceeds from the Nominee Loans were used by St. Angelo, not the nominees, to pay St. Angelo's existing debts to First NBC Bank for his and the Entities' expenses. St. Angelo, Bank President A, and Bank Officer B caused representatives of First NBC Bank to transfer the Nominee Loan proceeds to the Entities' deposit accounts."

(d) "Bank President A, St. Angelo, Bank Officer B, and others created fake tax credit investments that First NBC Bank made in entities owned or purportedly owned by St. Angelo. In reality, Bank President A, St. Angelo, Bank Officer B, and others designed the

fake tax credit investments to funnel money from First NBC Bank's general ledger to St. Angelo and the Entities, so he could make loan payments and cover overdrafts."

*See Factual Basis* **[P-28]**, *United States of America v. Gregory St. Angelo*, United States District Court for the Eastern District of Louisiana, Criminal Docket No. 19-00055, attached hereto as **Exhibit A** and incorporated by reference.

### 69.

St. Angelo has pleaded guilty to a federal charge of conspiracy to commit bank fraud. *See* Plea Agreement **[P-27]** and Bill of Information for Conspiracy to Commit Bank Fraud and Notice of Forfeiture **[P-1]**, *United States of America v. Gregory St. Angelo*, United States District Court for the Eastern District of Louisiana, Criminal Docket No. 19-00055.

### 70.

St. Angelo's guilty plea triggers both the exclusions listed in paragraph 67 as St. Angelo has admitted to committing a deliberate fraudulent act. Therefore, he is judicially estopped from arguing to the contrary. S*ee e.g. Newby v. Enron Corp.*, 391 F. Supp.2d 541, 575 (SD Tx. 2005).

### 71.

To the extent that any other admission contained in the *Factual Basis* constitutes an exclusion under the Policy, St. Angelo should not be covered under the Policy for those acts as well. St. Angelo is judicially estopped from asserting anything contrary to the facts stipulated and agreed to as true and correct in the *Factual Basis*.

### 72.

Further, St. Angelo gained a financial advantage to which he was not legally entitled through his admitted illegal actions.

## CROSSCLAIM

### 73.

AND NOW, through undersigned counsel, come Fugetta and Lulich now made Plaintiffs-in-crossclaim, against Defendant, Gregory St. Angelo, who respectfully aver as follows:

### *Parties, Jurisdiction, and Venue*

### 74.

Fugetta, Plaintiff-in-crossclaim, is an individual of the age of majority who is domiciled in Louisiana.

### 75.

Lulich, Plaintiff-in-crossclaim, is an individual of the age of majority who is domiciled in Louisiana.

### 76.

Made defendant in the crossclaim is Gregory St. Angelo, a person of the full age of majority, domiciled in Louisiana.

### 77.

Plaintiffs-in-crossclaim hereby incorporate the allegations set forth in paragraphs 65 through 72 as if fully set forth herein.

### 78.

First NBC Bank Holding Company filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 11, 201 7, in the United States Bankruptcy Court for the Eastern District of Louisiana (No. 17-11213).

79.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, Federal Rule of Civil Procedure 22, and Federal Bankruptcy Rule of Procedure 7022.

80.

Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

81.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, Federal Rule of Bankruptcy Procedure 7013 and Federal Bankruptcy Rule of Procedure 7022.

82.

The statutory bases for the relief of the causes herein are 28 U.S.C. §1335 (the Federal Interpleader Statute), where Plaintiffs'-in-counterclaim compulsory counterclaims must be plead pursuant to Fed. R. Bankr. P. 7013,[1] and 28 U.S.C. §2201 (the Declaratory Judgment Act).

**FACTS**

83.

According to St. Angelo's *Answer, Affirmative Defenses and Counterclaim to Complaint for Interpleader and for Declaratory Relief* **[P-66]**, "Zurich has paid St. Angelo approximately $641,616.57 in defense costs related to the federal criminal investigation."

84.

St. Angelo was never an officer, director, or employee of First NBC Bank, as St. Angelo merely served as First NBC Bank's general counsel.

---

[1] *See New York Life Ins. Co. v. Deshotel*, 946 F.Supp. 454, 461 (E.D. La. 1996) ("It now seems settled that (Fed. R. Civ. P.) Rule 13 which provides for compulsory and permissive counterclaims is applicable to interpleader suits").

85.

St. Angelo does not qualify as an "Insured Person" under the Policy.

86.

St. Angelo has pleaded guilty to a federal charge of conspiracy to commit bank fraud and admitted a number of other facts which trigger exclusions in the Policy. *See* Plea Agreement **[P-27]**; Bill of Information for Conspiracy to Commit Bank Fraud and Notice of Forfeiture **[P-1]**; and *Factual Basis* **[P-28]**, in those proceedings entitled *United States of America v. Gregory St. Angelo*, United States District Court for the Eastern District of Louisiana, Criminal Docket No. 19-00055.

87.

St. Angelo was not entitled to receive any proceeds under the Policy for Defense Costs.

88.

Fugetta and Lulich, along with the other co-defendants other than St. Angelo, continue to accrue additional attorney's fees, which are covered under the Policy.

89.

St. Angelo should be ordered to return to Zurich any and all Defense Costs paid to him by Zurich, to be used for the benefit of Fugetta, Lulich, and the others who were actually insured by the Policy.

## CLAIMS FOR RELIEF

## COUNT I – DECLARATORY JUDGMENT

90.

Plaintiffs-in-counterclaim hereby incorporate the allegations set forth in paragraphs 1 through 89 as if fully set forth herein.

91.

Plaintiffs-in-crossclaim pray that this Court declare that St. Angelo is not an Insured Person under the Policy.

## COUNT II -- UNJUST ENRICHMENT

92.

Plaintiffs-in-counterclaim hereby incorporate the allegations set forth in paragraphs 1 through 89 as if fully set forth herein.

93.

St. Angelo gained a financial advantage to which he was not legally entitled through his admitted illegal actions.

94.

Plaintiffs in crossclaim pray that St. Angelo be ordered to repay to Zurich any amounts to which he received from Zurich while he was not an Insured Person under the Policy.

## COUNTERCLAIMS

95.

AND NOW, through undersigned counsel, come Fugetta and Lulich now made Plaintiffs-in-counterclaim, against Plaintiff now made Defendant-in-counterclaim, who respectfully aver as follows.

### *Parties, Jurisdiction, and Venue*

96.

Fugetta, Plaintiff-in-counterclaim, is an individual of the age of majority who is domiciled in Louisiana.

97.

Lulich, Plaintiff-in-counterclaim, is an individual of the age of majority who is domiciled in Louisiana.

98.

Zurich, Defendant-in-counterclaim is a New York Corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196.

99.

First NBC Bank Holding Company filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 11, 201 7, in the United States Bankruptcy Court for the Eastern District of Louisiana (No. 17-11213).

100.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, Federal Rule of Bankruptcy Procedure 7013 and Federal Bankruptcy Rule of Procedure 7022.

101.

Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

102.

The statutory bases for the relief of the causes herein are 28 U.S.C. §1335 (the Federal Interpleader Statute), where Plaintiffs'-in-counterclaim compulsory counterclaims must be plead pursuant to Fed. R. Bankr. P. 7013,[2] and 28 U.S.C. §2201 (the Declaratory Judgment Act).

---

[2] *See New York Life Ins. Co. v. Deshotel*, 946 F.Supp. 454, 461 (E.D. La. 1996) ("It now seems settled that (Fed. R. Civ. P.) Rule 13 which provides for compulsory and permissive counterclaims is applicable to interpleader suits").

*Facts*

103.

Zurich issued a Financial Institution Select Insurance Policy to First NBC Bank Holding Company, No. DOP93 1 1203-04, with a policy period of 06/09/2015 to 06/09/2016, which includes a Management Liability Coverage Part with an aggregate limit of liability of $15 million (the "Policy").

104.

Plaintiffs-in-counterclaim are Insureds under the Policy.[3]

105.

On or about August 2, 2018, Fugetta requested coverage under the Policy, through undersigned counsel, in a letter to Zurich's counsel.

106.

On or about June 18, 2019, Lulich requested coverage under the Policy, through undersigned counsel, in a letter to Zurich's counsel.

107.

To date, Zurich has made two payments to undersigned counsel.

108.

On or about December 13, 2018, Zurich sent undersigned counsel a check in the amount of $11,676.50, for reimbursement of fees and expenses on behalf of Fugetta.

109.

On or about February 18, 2020, Zurich sent undersigned counsel a check in the amount of $10,288.98, for reimbursement of fees and expenses on behalf of Lulich and Fugetta.

---

[3] See Complaint for Interpleader and for Declaratory Relief **[P-1]**, ¶ 32.

110.

To date, Fugetta has incurred $25,422.78 in attorney's fees and expenses, of which Zurich has only reimbursed $15,273.00.

111.

As of December 31, 2019, Lulich incurred $6,567.48 in attorney's fees and expenses, which Zurich has reimbursed.

112.

Each of Fugetta and Lulich continue to accrue additional attorney's fees, which are covered under the Policy.

**CLAIMS FOR RELIEF**

**COUNT I – FUGETTA'S DEMAND FOR REIMBURSEMENT OF COVERED LOSS**

113.

Plaintiffs-in-counterclaim hereby incorporate the allegations set forth in paragraphs 1 through 89 as if fully set forth herein.

114.

The Policy defines Loss as follows:

Loss means the total amount the Insureds become legally obligated to pay on account of Claims made against them for Wrongful Acts for which coverage applies, including, but not limited to, damages (including punitive, exemplary or multiple damages), judgments, any award of pre-judgment or post-judgment interest with respect to covered damages, settlements and **Defense Costs.**

115.

This Court has issued two Orders in the Chapter 11 bankruptcy proceeding regarding distribution of proceeds from the Policy. On January 26, 2018, the Court ordered that the "2016-2017 insurers" are to "comply with the terms of their respective policies, **including, without**

**limitation, to advance, reimburse or make payments on account to defense costs (including**
**and without limitation attorney's fees and expenses)** and other Loss as defined in the respective
policies" (Case 17-11213, [P-325]) (emphasis added).

116.

Fugetta is entitled to reimbursement for all the Defense Costs incurred by him prior to
August 2, 2018, which were not reimbursed to him under the Policy - a total of $9,887.50.

**COUNT II – DECLARATORY JUDGMENT**

117.

This Court issued a second Order on or about March 14, 2019 which provided that the
"aggregate payments permitted under the policy shall be subject to a 'soft cap' of $9 million."
Recently, a Motion has been filed in the Chapter 11 bankruptcy proceeding to increase the soft cap
on attorney's fees from $9,000,000 to $12,000,000. Case No. 17-11213, [P-830].

118.

The proposed $12,000,000 soft cap has not been reached.

119.

Plaintiffs-in-counterclaim pray that this Court declare that Plaintiffs-in-counterclaim are
entitled to reimbursement for all Defense Costs incurred by Plaintiffs-in-counterclaim from
January 1, 2020 forward.

**WHEREFORE**, Defendants, Frank Fugetta and Michael Lulich, pray that their Answer
be deemed good and sufficient and, after due proceedings herein, that there be judgment in their
favor and against Gregory St. Angelo, denying Gregory St. Angelo reimbursement under the
Policy and ordering Gregory St. Angelo to return all fees under the Policy that have been advanced

to him to date, and awarding Policy proceeds to Frank Fugetta and Michael Lulich, to the extent required under the Policy;

**FURTHER,** Plaintiffs-in-Crossclaim, Frank Fugetta and Michael Lulich, pray that these Crossclaims be entered against Gregory St. Angelo, and after due proceedings herein, that there be judgment rendered in favor of Plaintiffs-in-Crossclaim declaring that Gregory St. Angelo is not an Insured Person under the Policy and for judgment against St. Angelo ordering Gregory St. Angelo to return all fees under the Policy that have been advanced to him to date;

**FURTHER,** Plaintiffs-in-counterclaim, Frank Fugetta and Michael Lulich, pray that these Counterclaims be entered against Defendant-in-counterclaim, Zurich American Insurance Company, and after due proceedings herein, that there be judgment rendered in favor of Plaintiffs-in-counterclaim for reimbursement of all outstanding Defense Costs not yet reimbursed to them under the Policy, and for declaratory judgment in favor of Plaintiffs-in-counterclaim that Plaintiffs-in-counterclaim are entitled to reimbursement for all prospective Defense Costs incurred by Plaintiffs-in-counterclaim, from the Policy proceeds; and

**FURTHERMORE,** Frank Fugetta and Michael Lulich pray for all other general, equitable, and legal relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

THE DERBES LAW FIRM, LLC

/s/ *Eric J. Derbes*
ERIC J. DERBES (La. Bar Roll No. 23464)
ALBERT J. DERBES, IV (La. Bar Roll No. 20164)
BRYAN J. O'NEILL (La. Bar Roll No. 37250)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Fax: (504) 832-0323
Email: EDerbes@derbeslaw.com
*Attorneys for Frank Fugetta and Michael Lulich*