UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH | * | ADV. P. NO. 20-01005 |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY RELIEF**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Louis Ballero ("Ballero"), to answer the *Complaint for Interpleader and for Declaratory Relief* filed by Zurich American Insurance Company ("Zurich" or "Plaintiff"), as follows.

Page **1** of **16**

## ANSWER

Ballero answers the allegations of Plaintiff's Complaint as follows.

1.

The allegations contained in Paragraph numbered 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph numbered 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph numbered 3 of the Complaint assert a legal conclusion and do not require a response or are denied for lack of sufficient information to justify a belief therein, except to admit that Ballero has demanded that Zurich not make any further payments from the Policy proceeds to Defendant, Gregory St. Angelo, and that those same funds be used to pay his own Loss incurred under the Policy.

4.

The allegations contained in Paragraph numbered 4 are admitted.

5.

The allegations contained in Paragraph numbered 5 of the Complaint assert a legal conclusion and do not require a response

6.

The allegations contained in Paragraph numbered 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph numbered 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph numbered 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph numbered 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph numbered 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph numbered 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph numbered 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph numbered 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph numbered 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph numbered 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph numbered 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph numbered 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph numbered 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph numbered 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph numbered 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph numbered 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph numbered 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph numbered 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph numbered 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph numbered 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph numbered 26 of the Complaint are denied as pleaded. Defendant additionally answers that his name is Louis Ballero, not Louis P. Ballero, Jr., as alleged.

27.

The allegations contained in Paragraph numbered 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph numbered 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph numbered 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph numbered 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph numbered 31 of the Complaint are admitted.

32.

The allegations contained in Paragraph numbered 32 of the Complaint are denied as stated. In particular, Ballero specifically avers that Gregory St. Angelo does not qualify as an Insured Person as defined in the Policy.

33.

The allegations contained in Paragraph numbered 33 of the Complaint are admitted.

34.

The allegations contained in Paragraph numbered 34 of the Complaint refer to a written document, which is the best evidence of its contents.

35.

The allegations contained in Paragraph numbered 35 of the Complaint refer to a written document, which is the best evidence of its contents.

36.

The allegations contained in Paragraph numbered 36 of the Complaint refer to a written document, which is the best evidence of its contents.

37.

The allegations contained in Paragraph numbered 37 of the Complaint refer to a written document, which is the best evidence of its contents.

38.

The allegations contained in Paragraph numbered 38 of the Complaint refer to a written document, which is the best evidence of its contents.

39.

The allegations contained in Paragraph numbered 39 of the Complaint refer to a written document, which is the best evidence of its contents.

40.

The allegations contained in Paragraph numbered 40 of the Complaint refer to a written document, which is the best evidence of its contents.

41.

The allegations contained in Paragraph numbered 41 of the Complaint refer to a written document, which is the best evidence of its contents.

42.

The allegations contained in Paragraph numbered 42 of the Complaint refer to a written document, which is the best evidence of its contents.

43.

The allegations contained in Paragraph numbered 43 of the Complaint refer to a written document, which is the best evidence of its contents.

44.

The allegations contained in Paragraph numbered 44 of the Complaint refer to a written document, which is the best evidence of its contents.

45.

The allegations contained in Paragraph numbered 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph numbered 46 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Ballero has made demand upon Zurich to provide coverage and a defense under the Policy.

47.

The allegations contained in Paragraph numbered 47 of the Compaint are admitted.

48.

The allegations contained in Paragraph numbered 48 of the Complaint are admitted.

49.

The allegations contained in Paragraph numbered 49 of the Complaint are admitted.

50.

The allegations contained in Paragraph numbered 50 of the Complaint are admitted.

51.

The allegations contained in Paragraph numbered 51 of the Complaint are admitted.

52.

The allegations contained in Paragraph numbered 52 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Ballero is a former officer

of First NBC Bank and has submitted claims under the Policy for reimbursement of his attorney's fees and expenses.

53.

The allegations contained in Paragraph numbered 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraphed number 54 of the Complaint are admitted.

55.

The allegations contained in Paragraphed number 55 of the Complaint are admitted.

56.

The allegations contained in Paragraph numbered 56 of the Complaint are denied as stated.

57.

The allegations contained in Paragraph numbered 57 of the Complaint refer to allegations previously set forth in the Complaint and as such, Ballero refers back to each specific Paragraph for his answer to such, and to the extent further response is required, the remaining allegations are denied.

58.

The allegations contained in Paragraph numbered 58 of the Complaint are admitted.

59.

The allegations contained in Paragraph numbered 59 of the Complaint assert a legal conclusion and do not require a response.

60.

The allegations contained in Paragraph numbered 60 of the Complaint is a request for relief and does not require a response.

61.

The allegations contained in Paragraph numbered 61 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

62.

The allegations contained in Paragraph numbered 62 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

63.

The allegations contained in Paragraph numbered 63 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

64.

Out of an abundance of caution Ballero denies all allegations of Plaintiffs' Complaint which may be contained in any unnumbered, misnumbered, or remaining paragraphs and all other allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Ballero asserts the following affirmative defenses to the Complaint:

65.

***Gregory St. Angelo does not qualify as an "Insured Person" under the Policy***

The Policy defines an Insured Person as:

1. any one or more natural persons who were, now or shall become a duly elected or appointed director, trustee, governor, Manager, officer, advisory director, or member of a duly constituted committee or board of the Company or their functional equivalent;
2. any one or more natural persons not described in Subsection 1 above who were, now are or shall become Employees of the Company;
3. Independent Contractors only for purposes of Insuring Clause I.B; and
4. Any one or more natural persons described in Subsection 1 above while serving in an Outside Position.

66.

Gregory St. Angelo was never an officer, director, or employee of First NBC Bank, as Mr. St. Angelo merely served as First NBC Bank's general counsel.

67.

***Judicial Estoppel***
***Coverage of St. Angelo is excluded under the Policy***

Two exclusions in the Policy require Zurich to deny coverage of Mr. St. Angelo Coverage under the Policy, namely Section IV (I) and (J) which provide:

The Insurer shall not be liable under this Coverage Part for Loss on account of, and shall not be obligated to defend, any Claim made against any Insured Person:

> I. based upon, arising out of or attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such Insured Person, if a final non-appealable adjudication adverse to such Insured Person in any proceeding not brought by the Insurer establishes such a deliberately fraudulent act of omission or willful violation;
>
> J. based upon, arising out of or attributable to such Insured Person gaining any profit, remuneration or financial advantage to which such Insured Person was not legally entitled, if a final and non-appealable adjudication adverse to such Insured Person in any proceeding not brought by the Insurer establishes such Insured Person in fact gained any such profit, remuneration or advantage.

68.

Mr. St. Angelo has plead guilty to a federal charge of conspiracy to commit bank fraud. *See* Plea Agreement **[P-27]** and Bill of Information for Conspiracy to Commit Bank Fraud and Notice of Forfeiture **[P-1]**, *United States of America v. Gregory St. Angelo*, United States District Court for the Eastern District of Louisiana, Criminal Docket No. 19-00055.

69.

Such guilty plea triggers both the exclusions listed in paragraph 67 as Mr. St. Angelo has admitted to committing a deliberate fraudulent act.

70.

Further, Mr. St. Angelo gained a financial advantage to which he was not legally entitled through his admitted illegal actions.

## COUNTERCLAIMS

AND NOW, through undersigned counsel, comes Louis Ballero now made Plaintiff-in-counterclaim, against Plaintiff now made Defendant-in-counterclaim, who respectfully avers as follows.

*Parties, Jurisdiction, and Venue*

71.

Louis Ballero, Plaintiff-in-counterclaim, is an individual of the age of majority who is domiciled in Louisiana.

72.

First NBC Bank Holding Company filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 11, 2017, in the United States Bankruptcy Court for the Eastern District of Louisiana (No. 17-11213).

73.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, Federal Rule of Civil Procedure 22, and Federal Bankruptcy Rule of Procedure 7022.

74.

Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

75.

The statutory bases for the relief of the causes herein are 28 U.S.C. §1335 (the Federal Interpleader Statute), where Plaintiff's-in-counterclaim compulsory counterclaims must be plead pursuant to Fed. R. Civ. P. 13,[1] and 28 U.S.C. §2201 (the Declaratory Judgment Act).

*Facts*

76.

Zurich issued a Financial Institution Select Insurance Policy to First NBC Bank Holding Company, No. DOP93 1 1203-04, with a policy period of 06/09/2015 to 06/09/2016, which includes a Management Liability Coverage Part with an aggregate limit of liability of $15 million (the "Policy").

---

[1] *See New York Life Ins. Co. v. Deshotel*, 946 F.Supp. 454, 461 (E.D. La. 1996) ("It now seems settled that (Fed. R. Civ. P.) Rule 13 which provides for compulsory and permissive counterclaims is applicable to interpleader suits").

77.

Plaintiff-in-counterclaim is Insured under the Policy.[2]

78.

On or about December 19, 2018, Ballero requested coverage under the Policy, through undersigned counsel, in a letter to Zurich's counsel.

79.

To date, Zurich has made one payment to undersigned counsel.

80.

On or about May 6, 2019, Zurich sent undersigned counsel a check in the amount of $3,375.00 and also sent a check in the amount of $2,906.25 to Attorey Donald L. Foret for reimbursement of fees and expenses on behalf of Ballero.

81.

As of December 31, 2019, Ballero incurred $3,221.75 in additional attorney's fees and expenses, which Zurich has not reimbursed.

82.

Ballero continues to accrue additional attorney's fees and expenses, which are covered under the Policy.

**COUNT I – BALLERO'S DEMAND FOR REIMBURSEMENT OF COVERED LOSS**

83.

Plaintiff-in-counterclaim hereby incorporates the allegations set forth in paragraphs 71 through 82 as if fully set forth herein.

---

[2] See Complaint for Interpleader and for Declaratory Relief [**P-1**], ¶ 32.

84.

The Policy defines Loss as follows:

Loss means the total amount the Insureds become legally obligated to pay on account of Claims made against them for Wrongful Acts for which coverage applies, including, but not limited to, damages (including punitive, exemplary or multiple damages), judgments, any award of pre-judgment or post-judgment interest with respect to covered damages, settlements and **Defense Costs.**

85.

This Court has issued two Orders in the Chapter 11 bankruptcy proceeding regarding distribution of proceeds from the Policy. On January 26, 2018, the Court ordered that the "2016-2017 insurers" are to "comply with the terms of their respective policies, **including, without limitation, to advance, reimburse or make payments on account to defense costs (including and without limitation attorney's fees and expenses)** and other Loss as defined in the respective policies" (Case 17-11213, [P-325]) (emphasis added).

## COUNT II – DECLARATORY JUDGMENT

86.

This Court issued a second Order on or about March 14, 2019 which provided that the "aggregate payments permitted under the policy shall be subject to a 'soft cap' of $9 million." Recently, a Motion has been filed in the Chapter 11 bankruptcy proceeding to increase the soft cap on attorney's fees from $9,000,000 to $12,000,000. Case No. 17-11213, [P-830].

87.

The proposed $12,000,000 soft cap has not been reached.

88.

Plaintiff-in-counterclaim prays that this Court declare that Plaintiff-in-counterclaim is entitled to reimbursement for all Defense Costs incurred by Plaintiffs-in-counterclaim from January 1, 2019 forward.

**WHEREFORE,** Defendant, Louis Ballero, prays that his Answer be deemed good and sufficient and, after due proceedings herein, that there be judgment in his favor and against Gregory St. Angelo, denying Gregory St. Angelo reimbursement under the Policy and awarding Policy proceeds to Louis Ballero, to the extent required under the Policy.

**FURTHER,** Plaintiff-in-counterclaim, Louis Ballero, prays that these Counterclaims be entered against Defendant-in-counterclaim, Zurich American Insurance Company, and after due proceedings herein, that there be judgment rendered in favor of Plaintiff-in-counterclaim for reimbursement of all outstanding Defense Costs not yet reimbursed to him under the Policy, and for declaratory judgment in favor of Plaintiff-in-counterclaim that Plaintiff-in-counterclaim is entitled to reimbursement for all prospective Defense Costs incurred by Plaintiff-in-counterclaim, from the Policy proceeds.

**FURTHERMORE,** Louis Ballero prays for all other general, equitable and legal relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

THE DERBES LAW FIRM, LLC

/s/ Wilbur J. "Bill" Babin, Jr.
WILBUR J. "BILL" BABIN, JR. (1214)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Fax: (504) 832-0324
Email: babin@derbeslaw.com
*Attorney for Louis Ballero*