UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * * * * * * * * * * | |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH | * * * * * * * * * * * * * * * * | ADVERSARY PROCEEDING NO. 20-01005 |
| Defendants. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * * * * * * * * * * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>CROSSCLAIM FOR LACK OF SUBJECT-MATTER JURISDICTION</u>**

Gregory St. Angelo, appearing as crossclaim defendant, submits the following memorandum in support of his Motion to Dismiss Crossclaim for Lack of Subject-Matter Jurisdiction. In accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure and

Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court should dismiss the crossclaim (Rec. Doc. 67, ¶¶ 73-94) filed by Crossclaimants Frank Fugetta and Michael Lulich because they lack standing. Fugetta and Lulich have not alleged and cannot satisfy the injury-in-fact requirement for standing, nor can they demonstrate that they sustained any injury that is traceable to Zurich's payments to St. Angelo. Moreover, the crossclaim requests the entry of an order for payment to Zurich American Insurance Company ("Zurich"), not to themselves. They have not alleged any basis for their bringing a claim on Zurich's behalf that Zurich itself chose not to bring. The Court should dismiss their crossclaims without prejudice for lack of standing sufficient to invoke the Court's subject-matter jurisdiction.

1. **The Allegations of the Crossclaim**

Fugetta and Lulich, together with other former officers and directors of First NBC Bank Holding Company, are alleged to be insured under a policy of insurance issued by Zurich. *See* Fugetta and Lulich's Answer, Crossclaim, and Counterclaim, Rec. Doc. 67 ¶ 104. The policy is a Financial Select Insurance Policy, No. DOP93 1 1203-04, for the 2015-2016 policy period, and includes a Management Liability Coverage Part with an aggregate limit of liability of $15 million. Rec. Doc. 67 ¶ 103. Fugetta and Lulich allege that pursuant to the terms of the Zurich policy, they requested that Zurich pay fees and expenses they have incurred in connection with the defense of litigation against them, and Zurich has paid them. Rec. Doc. 67 ¶¶ 106-109. Fugetta alleges that Zurich still owes him $10,149.78 for attorney fees and expenses that he accrued through March 17, 2020, while Lulich alleges that Zurich has paid all fees and expenses that he accrued through March 17. Rec. Doc. 67 ¶¶ 110-111. Both aver that they continue to accrue fees and expenses. Rec. Doc. 67 ¶¶ 88, 112.

Zurich also paid portions of St. Angelo's defense costs in connection with his representation and defense during a federal criminal investigation.[1] Fugetta and Lulich aver that Zurich should not have paid these costs because "St. Angelo was never an officer, director, or employee of First NBC Bank, as St. Angelo merely served as First NBC Bank's general counsel." Rec. Doc. 67 ¶ 84. Fugetta and Lulich's crossclaim purports to assert two causes of action against St. Angelo. First, they seek a declaratory judgment that St. Angelo is not an insured person under the Zurich policy. Second, they seek an order requiring St. Angelo to repay Zurich amounts paid by Zurich for St. Angelo's defense costs.

Lacking from Fugetta and Lulich's factual allegations is any showing that they sustained an injury or that an injury to them is imminent. Fugetta and Lulich do not allege, for example, that the funds available to pay their defense costs are exhausted or imminently will be exhausted. Indeed, Fugetta and Lulich themselves acknowledge that the "soft cap" previously imposed by the Court as to funds under D&O policies has not been reached. Rec. Doc. 67 ¶ 118. The Court very recently granted a motion that raised the "soft cap" to $12,000,000. Minute Entry, 3/24/20, Rec. Doc. 835 in *In re First NBC Bank Holding Co.*, No. 17-11213. Upon the exhaustion of the Zurich policy, there are excess insurance policies that provide further funds to pay defense costs and resolve claims arising under the 2015-2016 policy period. *See* Rec. Doc. 182, *In re First NBC Bank Holding Co.*, No. 17-11213, at ¶ 11 (describing potential additional coverages under these excess policies). Further, Fugetta and Lulich do not allege any facts showing that any purported failure to pay their defense costs is related to Zurich's payment for St. Angelo's defense. Nor do Fugetta and Lulich allege they have authority to assert any claims on Zurich's behalf.

---

[1] Following that investigation, St. Angelo entered a plea agreement whereby he pleaded guilty to a charge of conspiracy to commit bank fraud. *See* Factual Basis, attached as Exhibit "A" to Rec. Doc. 67. As discussed in St. Angelo's Counterclaim, Rec. Doc. 66, St. Angelo's plea and conviction are not yet final and nonappealable because he has not yet been sentenced.

2. **Law and Argument**

Rule 12(b)(1) challenges the Court's subject-matter jurisdiction to hear a claim. "[A] claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (internal quotations omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* If a defendant challenges subject-matter jurisdiction based on the allegations of the complaint, the court should "assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the complaint as true." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

A. **Fugetta and Lulich Lack Standing for their Crossclaim.**

"Article III of the Constitution specifies that a federal court's 'power extends only to cases and controversies.'" *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-0491, 2019 U.S. Dist. LEXIS 56996, at *8 (E.D. La. Apr. 3, 2019) (Ashe, J.) (quoting *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "developed . . . to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id.* A plaintiff must establish standing as to each claim asserted. *Davis v. FEC*, 554 U.S. 724, 734 (2008). To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The fact that Fugetta and Lulich couch claims in the crossclaim as seeking declaratory relief does not expand their basis for standing because the Declaratory Judgement Act does not enlarge the subject-matter jurisdiction of the federal courts – "it is procedural only." *Vaden v. Discover Bank*, 556 U.S. 49, 70 n. 19. A plaintiff's standing is determined as of the time that the complaint is filed. *Pederson v. La. State Univ.*, 213 F.3d 858, 870 (5th Cir. 2000).

"[I]njury in fact" is "the first and foremost" of standing's three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. Moreover, the plaintiff must also demonstrate a causal link by showing any injury is fairly traceable to the defendant's actions. *Freedom Path, Inc. v. IRS,* 913 F.3d 503, 508 (5th Cir. 2019).

Fugetta and Lulich have not alleged a concrete or particularized injury traceable to Zurich's payment of St. Angelo's defense costs. Lulich admits that Zurich paid his defense costs through the date that he filed the crossclaim. Fugetta alleges that Zurich owes him $10,149.78, but Fugetta does not trace Zurich's failure to pay in any respect to Zurich's payment for the defense of St. Angelo. Nor have Fugetta and Lulich alleged that the pool of funds available under the director and officer policies are at imminent risk of exhaustion. "For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019). The Court should therefore dismiss the crossclaim because Fugetta and Lulich failed to allege any facts that, if proven, would show that

1283439v.1

as of the time that they filed the crossclaim, they sustained an actual or imminent injury in fact traceable to Zurich's payment of St. Angelo's defense costs.

### B. Fugetta and Lulich Cannot Asserts Claims on Behalf of Zurich.

In addition to the constitutional requirements for standing discussed in the preceding section, the Fifth Circuit further applies a prudential standing rule that a party may only assert its own rights. *Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d 502, 506 (5th Cir. 2015). Here, Fugetta and Lulich seek to assert Zurich's rights, not their own. They ask the Court to order St. Angelo to return the amounts that Zurich paid for his defense costs pursuant to the terms of the policy, even though Zurich itself is not seeking that relief. They also seek a judgment that St. Angelo was never an insured under the policy, but Zurich itself has not asserted such an argument and indeed paid defense costs to St. Angelo (before commencing the underlying interpleader).

These claims, should they even exist, would plainly belong to Zurich, not Fugetta and Lulich. If Fugetta and Lulich believe that Zurich is incorrectly interpreting its own insurance policy – and if they could prove that they sustained any damages – then they have a remedy: they may assert a claim against Zurich under Louisiana insurance law. They have no right, however, to seek to stand in Zurich's shoes and assert claims on Zurich's behalf against St. Angelo that Zurich itself has not made.

**3. Conclusion**

For all the foregoing reasons, the Court should dismiss the crossclaim of Fugetta and Lulich against St. Angelo for lack of subject-matter jurisdiction.

Date: March 30, 2020

Respectfully submitted,

By:     */s/ J. Dalton Courson*
Phillip A. Wittmann (Bar No. 13625)
Paul J. Masinter (Bar No. 18324)
Peter M. Thomson (Bar No. 02147)
J. Dalton Courson (Bar No. 28542)
Bryant S. York (Bar No. 34165)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: pwittmann@stonepigman.com
       pmasinter@stonepigman.com
       pthomson@stonepigman.com
       dcourson@stonepigman.com
       byork@stonepigman.com

***Attorneys for Gregory St. Angelo***