UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH | * * * * * * * * * * * * * * * | ADVERSARY PROCEEDING NO. 20-01005 |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * * |

### AFFIDAVIT OF GREGORY ST. ANGELO

**STATE OF LOUISIANA** )
              ) s.s.:
**PARISH OF ST. TAMMANY** )

1283504v.3

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the aforesaid state and parish, personally came and appeared:

GREGORY ST. ANGELO

who, being duly sworn, did depose and state that:

1. I am a competent major domiciled in the Parish of St. Tammany, State of Louisiana.

2. All of the statements made herein are based upon my personal knowledge and are known to me to be true and correct.

3. I submit this affidavit in support of my Motion for Partial Summary Judgment in the above-captioned adversary proceeding.

4. I served as the in-house counsel of First NBC Bank ("FNBC"). That role commenced shortly after the bank's founding in 2005.

5. Although not reduced to writing initially, my role was broadly framed as covering all of FNBC's internal legal needs.

6. This arrangement was memorialized through a Consulting Agreement between FNBC and myself dated March 18, 2010. A true and correct copy of the Consulting Agreement is attached hereto as Exhibit A.

7. While the Consulting Agreement refers to me as a "Consultant," it defines my duties as "those generally associated with the responsibilities of 'in-house' counsel." *See* Ex. A (Consulting Agreement) at ¶ 3. The contract further provides: "The scope shall include, but not be limited to, transactional and notarial work, legal research, litigation and collections." *See id.*

1283504v.3

8. I was assigned an office at the corporate headquarters of FNBC in New Orleans, which was furnished with a computer terminal owned by the bank. I was issued an FNBC phone number and email address, with which to conduct business on behalf of the bank.

9. I had several secretaries who were assigned to work for me, who were employees of the bank and whose salaries were paid by FNBC.

10. My credentials authorized me to access all of the bank's electronic information, and I was enabled to review any documents stored on the bank's information technology systems. In furtherance of this access, I was issued a portable token that would allow me to access the bank's IT systems remotely.

11. Each year, I attended FNBC's annual retreat, which otherwise only included the bank's executives.

12. While not formalized initially, my title at FNBC was usually referred to as General Counsel.

13. This, too, was later memorialized, in this case pursuant to a certified resolution of FNBC's board of directors dated December 10, 2012 (the "Certified Board Resolution"). A true and correct copy of the Certified Board Resolution is attached hereto as Exhibit B.

14. Through that instrument, the board of directors of FNBC designated me as the General Counsel and Agent of the Bank. It authorized me "to execute in the name of the bank any of the instrument(s) enumerated in Article IV, Section 2 of the Bank's bylaws."

15. By the Certified Board Resolution, FNBC's board of directors also ratified any prior acts I had previously executed as General Counsel and Agent of the bank, including notes and loan documents.

16. I was responsible for overseeing any litigation in which FNBC was involved as a party, whether as a plaintiff or defendant. To the extent a particular litigation involved one of my core areas of expertise and was lodged in a jurisdiction in which I was admitted, I would serve as primary counsel on the matter. Otherwise, I would engage outside counsel to represent the bank in the proceedings. The outside counsel would report directly to me, and I in turn would update FNBC executives and/or its board as appropriate.

17. Separately, I was involved in the legal aspects of FNBC's transactional work. For example, when FNBC expanded to new branch locations, I served as the point person for negotiating each location's lease arrangements.

18. I was further tasked with oversight of FNBC's collections on loans. I was assigned clerical staff in the bank's collection department, who reported directly to me with regard to collections.

19. For every loan charged off, FNBC required the transaction to be documented with my signature and that of FNBC's Chief Executive Officer, Ashton Ryan, and its Chief Credit Officer, Bill Burnell.

20. Further, I served as a duly appointed standing member of two separate committees of FNBC: one that met monthly on credit review matters, and another that met weekly to review banking transactions related to federal compliance and banking security issues. All of the other members of these two committees were executives and/or employees of FNBC.

1283504v.3

_____
GREGORY ST. ANGELO

SWORN TO AND SUBSCRIBED before me this 1st day of April, 2020 in Mandeville, Louisiana.

_____
Notary Public
Printed Name: PETER M. THOMSON
Bar Roll # 02147
(LOUISIANA)