## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * | * | |
| ZURICH AMERICAN INSURANCE COMPANY, | * | * * * * * * * |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH, | * | ADV. P. NO. 20-01005 |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * | * | |

### ANSWER TO COMPLAINT FOR INTERPLEADER
### AND FOR DECLARATORY RELIEF

NOW INTO COURT, through undersigned counsel, comes Defendants Marsha Crowle ("Crowle") and Mary Beth Verdigets ("Verdigets") (collectively referred to as the "Defendants"), to answer the Complaint for Interpleader and For Declaratory Relief ("Interpleader Complaint") filed on behalf of Zurich American Insurance Company

1

("Zurich"). All allegations not expressly admitted herein, including those contained in the structural headings and footnotes of the Interpleader Complaint, are denied.

Defendants respond to the numbered paragraphs of the Complaint as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph 3 of the Complaint assert a legal conclusion and do not require a response or are denied for lack of sufficient information to justify a belief therein except to admit that Crowle and Verdigets have demanded that Zurich not make any further payments from the Policy proceeds to Defendant Gregory St. Angelo and that those same funds be used to pay their own Loss incurred under the Policy.

4.

The allegations contained in Paragraph 4 of the Complaint assert a legal conclusion and do not require a response.

5.

The allegations contained in Paragraph 5 of the Complaint assert a legal conclusion and do not require a response.

6.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 6 of the Complaint.

7.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 7 of the Complaint.

8.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 8 of the Complaint.

9.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 9 of the Complaint.

10.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 10 of the Complaint.

11.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 11 of the Complaint.

12.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 12 of the Complaint.

13.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 13 of the Complaint.

14.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 14 of the Complaint.

15.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 15 of the Complaint.

16.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 16 of the Complaint.

17.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 17 of the Complaint.

18.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 18 of the Complaint.

19.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 19 of the Complaint.

20.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 20 of the Complaint.

21.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 21 of the Complaint.

22.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 22 of the Complaint.

23.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 23 of the Complaint.

24.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 24 of the Complaint.

25.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 25 of the Complaint.

26.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 26 of the Complaint.

27.

The allegations contained in Paragraph 27 of the Complaint are denied. Crowle no longer resides in Louisiana.

28.

The allegations contained in Paragraph 28 of the Complaint are admitted.

29.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 29 of the Complaint.

30.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 30 of the Complaint.

31.

The allegations contained in Paragraph 31 of the Complaint are admitted.

32.

The allegations contained in Paragraph 32 of the Complaint are denied as to Gregory St. Angelo but otherwise admitted.

33.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 33 of the Complaint that are inconsistent therewith.

34.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 34 of the Complaint that are inconsistent therewith.

35.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 35 of the Complaint that are inconsistent therewith.

36.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 36 of the Complaint that are inconsistent therewith.

37.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 37 of the Complaint that are inconsistent therewith.

38.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 38 of the Complaint that are inconsistent therewith.

39.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 39 of the Complaint that are inconsistent therewith.

40.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 40 of the Complaint that are inconsistent therewith.

41.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 41 of the Complaint that are inconsistent therewith.

42.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 42 of the Complaint that are inconsistent therewith.

43.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 43 of the Complaint that are inconsistent therewith.

44.

Defendants aver that the Policy speaks for itself, and therefore deny any allegations in Paragraph 44 of the Complaint that are inconsistent therewith.

45.

Defendants admit that they have provided notice of multiple matters under the Policy. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 45 of the Complaint

46.

Defendants admit that they have sought coverage for certain matters under the Policy, including the advancement of Defense Costs. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 46 of the Complaint.

47.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 47 of the Complaint.

48.

Defendants aver that the Bill of Information to Commit Bank Fraud and Notice of Forfeiture speaks for itself, and therefore deny any allegations in Paragraph 48 of the Complaint that are inconsistent therewith.

49.

Defendants aver that the Reservation of Rights letter speaks for itself, and therefore deny any allegations in Paragraph 49 of the Complaint that are inconsistent therewith.

50.

Defendants aver that the Plea Agreement speaks for itself, and therefore deny any allegations in Paragraph 50 of the Complaint that are inconsistent therewith.

51.

Defendants aver that the July 29, 2019 letter speaks for itself, and therefore deny any allegations in Paragraph 51 of the Complaint that are inconsistent therewith.

52.

Defendants admit that they are former officers of First NBC Bank and have submitted claims under the Policy for reimbursement of their attorney's fees and expenses. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 52.

53.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 53.

54.

Defendants admit that they received the September 17, 2019 letter from Zurich and responded to same on October 9, 2019, the contents of each speak for themselves, and therefore deny any allegations in Paragraph 54 of the Complaint that are inconsistent therewith.

55.

Defendants admit that they received the September 17, 2019 letter from Zurich and responded to same on October 9, 2019, the contents of each speak for themselves,

and therefore deny any allegations in Paragraph 55 of the Complaint that are inconsistent therewith.

### 56.

Defendants are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 56 of the Complaint.

### 57.

The allegations contained in Paragraph 57 of the Complaint refer to allegations previously set forth in the Complaint and as such, Defendants refer back to each specific Paragraph for their answer to such, and to the extent further response is required, the remaining allegations are denied.

### 58.

The allegations contained in Paragraph 58 of the Complaint assert a legal conclusion and do not require a response.

### 59.

The allegations contained in Paragraph 59 of the Complaint assert a legal conclusion and do not require a response.

### 60.

The allegations contained in Paragraph 60 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied as stated.

61.

The allegations contained in Paragraph 61 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

62.

The allegations contained in Paragraph 62 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

63.

The allegations contained in Paragraph 63 of the Complaint is a request for relief and does not require a response. To the extent an answer is deemed necessary, the allegations are denied.

**FIRST DEFENSE**

The Complaint should be dismissed as to Defendants for failure to state a claim upon which relief can be granted.

**WHEREFORE**, having fully answered and defended the Complaint, Defendants respectfully request that the Complaint be dismissed, that the costs of this action be cast upon the Plaintiff, that all Defendants' attorneys' fees be taxed against the Plaintiff or deducted from the corpus of the interpleaded funds, and that Defendants be granted such other and further relief as may be just and proper.

Dated this 15th day of April, 2020.

          By: */s/ Jonathan T. Edwards*
             Jonathan T. Edwards (*admitted pro hac vice*)
             Georgia Bar Number 134100
             Mary C. Gill (*admitted pro hac vice*)
             Georgia Bar Number 294776
             ALSTON & BIRD LLP
             1201 West Peachtree Street; Suite 4900
             Atlanta, Georgia 30309-3424
             Telephone: (404) 881-7000
             Facsimile: (404) 881-7777
             jonathan.edwards@alston.com
             mary.gill@alston.com

             Attorneys for Marsha Crowle and Mary
             Beth Verdigets

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties requesting notice via the Court's CM/ECF notification system this 15th day of April, 2020.

                                                */s/ Jonathan T. Edwards*
                                                Jonathan T. Edwards
                                                Alston & Bird LLP