Official Committee of Unsecured Creditors of First NBC Bank..., Slip Copy (2019)

2019 WL 3858953

2019 WL 3858953
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF FIRST
NBC BANK HOLDING COMPANY
v.
Ashton J. RYAN, Jr., et al.

CIVIL ACTION NO. 19-10341
|
Signed 08/16/2019

**Attorneys and Law Firms**

Eric J. O'Bell, O'Bell Law Firm, LLC, Metairie, LA, Brian Philip Murray, Pro Hac Vice, Garth Avery Spencer, Pro Hac Vice, Glancy Prongay & Murray, LLP, New York, NY, Leo David Congeni, Congeni Law Firm, LLC, New Orleans, LA, for Official Committee of Unsecured Creditors of First NBC Bank Holding Company.

Charles Louis Stern, Jr., Steeg Law Firm, LLC, New Orleans, LA, Courtney Ellen Quiros, Pro Hac Vice, Elizabeth Gingold Clark, Pro Hac Vice, Mary Catherine Gill, Pro Hac Vice, Alston & Bird, Atlanta, GA, for Mary Beth Verdigets.

Brian J. Capitelli, Justine Geiger Daniel, Ralph Capitelli, Capitelli & Wicker, New Orleans, LA, for William J. Burnell.

Phillip A. Wittmann, C. Lawrence Orlansky, James Dalton Courson, Walter Frederick Metzinger, III, Stone, Pigman, Walther, Wittmann, LLC, New Orleans, LA, for Gregory St. Angelo.

Craig Isenberg, Christine Marie Calogero, Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC, New Orleans, LA, Stanley J. Parzen, Pro Hac Vice, Mayer Brown, LLP, Chicago, IL, Stephen J. Fuzesi, Pro Hac Vice, Steven M. Farina, Pro Hac Vice, Williams & Connolly, LLP, Washington, DC, for Ernst and Young LLP, Mark Bell.

Edward J. Castaing, Jr., Crull, Castaing & Lilly, New Orleans, LA, for Ashton J. Ryan, Jr.

SECTION "D"(3)

EXHIBIT A

## ORDER AND REASONS

WENDY B. VITTER, UNITED STATES DISTRICT JUDGE

**\*1** Before the Court are St. Angelo's Motion to Stay Civil Proceeding, [1] a Motion for Stay by Defendant, Ashton J. Ryan, Jr., [2] and a Motion to Stay Civil Proceedings by Defendant William Burnell. [3] All three Motions are opposed. [4]

After careful consideration of the parties' memoranda as well as the applicable law, St. Angelo's Motion to Stay [5] is **GRANTED** and this matter is **STAYED in its entirety** until resolution of the related criminal proceedings. [6] The Motion for Stay by Defendant, Ashton J. Ryan, Jr. [7] and Motion to Stay Civil Proceedings by Defendant William Burnell [8] are **DISMISSED AS MOOT.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2019, the Official Committee of Unsecured Creditors of First NBC Bank Holding Company (hereinafter, "Plaintiff"), filed a Complaint against Ashton J. Ryan, Jr., Mary Beth Verdigets, William J. Burnell, Gregory St. Angelo, Ernst & Young LLP, Mark Bell, Officer Does 1-20 and Auditor Does 1-20, to recover damages that Plaintiff claims are due as a result of the failure of First NBC Bank. On June 19, 2019, St. Angelo filed the instant Motion to Stay Civil Proceeding, [9] seeking a stay of this case in its entirety based on the related criminal proceeding against St. Angelo also pending before this Court. [10] St. Angelo submitted the Bill of Information filed in the related criminal proceeding as an exhibit to his Motion to Stay, [11] as well as an Affidavit from his attorney acknowledging the concurrent criminal investigation and the subpoenas issued to St. Angelo in the criminal proceeding. [12] Several parties opposed St. Angelo's Motion to Stay, including defendant Verdigets, [13] defendants Bell and Ernst & Young LLP [14] and Plaintiff. [15]

On July 10, 2019, defendant Ryan also filed a Motion for Stay, adopting the arguments made in St. Angelo's Motion to Stay, and further asserting that a stay of this case is warranted based on the related criminal investigations pending against Ryan. [16] Ryan claims that there are concurrent criminal investigations involving the same facts underlying this case,

specifically *United States of America v. Charity*, 2:19-cr-90-LMA-JVM-1 (E.D. La.), and *United States of America v. Dunlap*, 2:18-cr-99-ILRL-JVM-1 (E.D. La.), both pending before this Court. [17] Ryan also advised that "the Grand Jury is examining and investigating activities of the FNBC and Ryan, and others, including the transactions that have been alleged in the Complaint herein." [18]

The following day, defendant Burnell filed his own Motion to Stay Civil Proceedings, joining in and adopting the Motions to Stay filed by St. Angelo and Ryan, and further asserting that the entire case should be stayed pending resolution of the related ongoing and active criminal investigations and prosecutions. [19] Burnell notes the ongoing criminal investigation that followed the closing of First NBC Bank and highlights that the criminal investigation has resulted in charges against three individuals to date: Jeffrey Dunlap, Kenneth Charity and Gregory St. Angelo. [20]

**\*2** On July 23, 2019, the Government filed a Motion to Intervene and Stay, also seeking to stay the case based on the ongoing federal criminal investigation. [21] The Government's Motion remains pending before the Court.

On August 9, 2019, the Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank, also filed a Motion to Intervene, which remains pending before the Court. [22]

## II. LEGAL STANDARD AND ANALYSIS

Whether to stay a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the interests of justice so require. [23] The burden rests on the movant to show that special circumstances exist that warrant a stay. [24] Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. [25]

As to the first factor, St. Angelo, Ryan, and Burnell have clearly established a concurrent ongoing criminal investigation, the facts of which appear to overlap with those of the instant case. St. Angelo has indicated that he has been charged with Conspiracy to Commit Bank Fraud as a result of this criminal investigation, and has provided the Bill of Information charging him with that crime. [26] That Bill of Information details facts that clearly relate to the dealings and subsequent closing of First NBC Bank. The Bill of Information alleges that the purpose of the conspiracy was "for the defendant, ST. ANGELO, Bank President A, Bank Officer B, and others to enrich themselves unjustly by disguising the true financial status of ST. ANGELO, the Entities, and other borrowers, concealing the accurate performance of loans, and misrepresenting the nature of payments to ST. ANGELO and certain Entities." [27] That Bill of Information further alleges that "ST. ANGELO, Bank President A, Bank Officer B, and others provided First NBC Bank with materially false and fraudulent documents and personal financial statements[.]" [28]

**\*3** Plaintiff also clearly acknowledges the ongoing concurrent criminal investigation of St. Angelo. [29] In its Complaint, Plaintiff claims that the failure of the bank was "by the design and conscious intent of the Officer Defendants, in conspiracy with, and aided and abetted by, St. Angelo, not attributable to legitimate lending of the Bank, but, rather, a scheme and artifice to conceal the deteriorating capital position of the Bank." [30] Thus, the Complaint in this case suggests a wider scope of possible criminal wrongdoing beyond St. Angelo. The Court finds that significant factual issues in the pending criminal case and pending criminal investigations appear to overlap with those presented in the instant case, which weighs in favor of granting St. Angelo's Motion to Stay.

The second factor, the status of the criminal case, also weighs in favor of granting a stay. St. Angelo, a defendant in the instant case, has been charged by way of Bill of Information with Conspiracy to Commit Bank Fraud. [31] Evidence submitted in support of the three pending Motions to Stay [32] shows that criminal charges have been brought against other individuals, and that criminal investigations remain ongoing, which may impact additional individuals. [33] The Bill of Information charging St. Angelo with criminal wrongdoing, as detailed above, indicates that others, including the unidentified Bank President A and Bank Officer B, may have

committed criminal acts. [34] Based on those facts, the Court believes that several of the defendants in this matter have a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter," [35] the Court finds that the second factor weighs in favor of granting St. Angelo's Motion to Stay.

The third factor that the Court must consider is the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case. The Court appreciates that Plaintiff has a significant interest in proceeding expeditiously and having its claims heard. Granting a stay of this case will not deny Plaintiff a possible recovery; instead, it will only delay that possible result. The Court recognizes that criminal defendants are entitled by law to a speedy trial. [36] If the criminal investigations result in further indictments, the Court would expect the matters to be resolved expeditiously. As such, the third factor also weighs in favor of granting St. Angelo's Motion to Stay.

The fourth factor, the private interests of and burden on the defendant in granting a stay, weighs significantly in favor of granting a stay. St. Angelo has been charged and has pled guilty to the crime of Conspiracy to Commit Bank Fraud, the facts of which are alleged to have been based on the same facts as the instant civil case. St. Angelo is currently awaiting sentencing. Ryan and Burnell have also acknowledged that their names, as well as the names of others, have been included as possibly facing criminal investigation based on these same facts. [37] It is likely that these defendants, or others, may be faced with discovery requests that will trigger a claim of Fifth Amendment privilege, thus hampering and/or preventing the resolution of this civil case.

 *4 Under the fifth factor, the Court considers its own interest in ensuring that justice is done in an efficient and expeditious manner. Undoubtedly, a stay in this matter will delay this case. This factor, standing alone, weighs against the granting of St. Angelo's Motion to Stay. The Court, however, also has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional rights of the litigants. As detailed above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding(s) and criminal investigations, may only cause further delay. There exists a real likelihood that discovery will be contentious,

with defendants invoking their Fifth Amendment privilege. Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

With respect to the sixth factor, the public interest, the public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. While the public has an interest in seeing the resolution of civil matters that may have resulted from the bank's collapse, it is the Court's considered opinion that the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for those actions.

### III. CONCLUSION

Taking into the consideration the seriousness of granting a stay, and having considered the memoranda and law, including a detailed analysis of the six factors set forth above, the Court believes that a stay is warranted in this case.

Accordingly,

**IT IS ORDERED** that St. Angelo's Motion to Stay Civil Proceeding [38] is **GRANTED** and this matter is **STAYED** in its entirety until the criminal proceeding against St. Angelo is completed. [39]

**IT IS FURTHER ORDERED** that the Motion for Stay by Defendant, Ashton J. Ryan, Jr. [40] and the Motion to Stay Civil Proceedings by Defendant William Burnell [41] are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances

2019 WL 3858953

change, so that Plaintiff's claims may be heard to final disposition.

**All Citations**

Slip Copy, 2019 WL 3858953

## Footnotes

1    R. Doc. 16.
2    R. Doc. 25.
3    R. Doc. 30.
4    R. Docs. 17, 21, 23, 46, 47, 48, 49.
5    R. Doc. 16.
6    *See*, 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
7    R. Doc. 25.
8    R. Doc. 30.
9    R. Doc. 16.
10   *See*, 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
11   R. Doc. 16-3.
12   R. Doc. 16-2.
13   R. Doc. 17.
14   R. Doc. 21.
15   R. Doc. 23.
16   R. Doc. 25.
17   R. Doc. 25.
18   *Id.*
19   R. Doc. 30.
20   R. Doc. 30.
21   R. Doc. 50.
22   R. Doc. 75.
23   *United States v. Kordel*, 397 U.S. 1, n. 27 (1970) (stating that "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution[.]"). *See Dominguez v. Hartford Fin. Servs. Group, Inc.,* 530 F. Supp. 2d 902, 905 (S. D. Tex. 2008) ("A district court's power to stay proceedings also encompasses the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require.... Although a district court has wide discretion to stay proceedings, its power is not unbounded.... A court must weigh the competing interests when exercising its discretion to issue a stay.").

24   *Sec. & Exch. Comm'n v. First Financial,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice" (citing *Kordel,* 397 U.S. at 11–13; *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1377 (D. C. Cir. 1980)).

25   *See, e.g. Alcala v. Tex. Webb Cnty.,* 625 F. Supp. 2d 391, 398-399 (S. D. Tex. 2009); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* 2015 WL 893447, at *9 (E.D. La. March 2, 2015); *Dolan v. Parish of St. Tammany,* 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).

26   *See,* R. Doc. 16-3.
27   R. Doc. 16-3, p. 4.
28   *Id.*

2019 WL 3858953

| | |
|---|---|
| 29 | R. Doc. 1, p. 68. |
| 30 | *Id.* at p. 24. Emphasis removed. |
| 31 | *See,* R. Doc. 16-3; R. Doc. 1, p. 68. |
| 32 | R. Docs. 16, 25, 30. |
| 33 | *See,* R. Docs. 25, 30. |
| 34 | *See,* R. Doc. 16-3. |
| 35 | *Alcala v. Texas Webb Cnty.,* 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009)(citing *Lizarraga v. City of Nogales Ariz.,* 2007 WL 215616, at *3 (D. Ariz., Jan. 24, 2007)). |
| 36 | *See,* 18 U.S.C. §§ 3161-3174. |
| 37 | *See,* R. Docs. 25, 30. |
| 38 | R. Doc. 16. |
| 39 | *See,* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.). |
| 40 | R. Doc. 25. |
| 41 | R. Doc. 30. |

---

**End of Document**© 2020 Thomson Reuters. No claim to original U.S. Government Works.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY** | **CIVIL ACTION NO. 2:19-cv-13382** |
| **vs.** | **JUDGE WENDY B. VITTER** |
| | **MAGISTRATE JUDGE DANA DOUGLAS** |
| **GREGORY ST. ANGELO, INDIVIDUALLY AND GREGORY ST. ANGELO, ATTORNEY AT LAW** | |

## MEMORANDUM IN SUPPORT OF
## ST. ANGELO'S MOTION TO STAY CIVIL PROCEEDING

Defendant Gregory St. Angelo ("St. Angelo") submits this memorandum in support of his motion to stay this case until the resolution of the criminal proceeding in *United States v. St. Angelo*, Case No. 2:19-cr-55, on the docket of this Court. The allegations of Plaintiff Continental Casualty Company's Complaint for Rescission and Declaratory Judgment (the "Complaint") substantially overlap with many of the same facts alleged in the Government's Bill of Information (the "Bill") and Factual Basis, which collectively charge St. Angelo with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Although St. Angelo pleaded guilty and admitted the facts alleged in the Bill and Factual Basis, the criminal case against St. Angelo is still pending in that the Government's investigation is continuing, St. Angelo is cooperating with the Government, and he has not been sentenced. Indeed, the Complaint's allegations and causes of action are squarely predicated on the charges levied against St. Angelo in the criminal case.

According to case law from this district, courts consider a six-factor balancing test when determining whether to grant a stay of a civil case where a party is involved in a pending criminal matter, and, as set forth below, those factors weigh in favor of a stay here. To avoid

<div style="border:1px solid black; display:inline-block; padding:8px 24px;">**EXHIBIT B**</div>

substantial and irreparable prejudice to St. Angelo, the Court should exercise its discretion to stay this case until the conclusion of the criminal case.

## I.     FACTUAL BACKGROUND

### A.     The Allegations of the Complaint

The Complaint generally alleges that St. Angelo deceived the Plaintiff to induce its issuance of lawyers professional liability insurance policies by committing the criminal acts described in the Bill while failing to inform Plaintiff of the conduct underlying his subsequent guilty plea.  Rec. Doc. 1 at ¶ ¶ 5,6.[1]

More specifically, according to the Complaint, St. Angelo pled guilty to conspiracy to commit bank fraud between September 2006 and April 2017.  In doing so, the Complaint alleges, St. Angelo stipulated to engaging in the conspiratorial conduct set forth in the Factual Basis of the Bill.  Plaintiff alleges that in 2016, and in each year thereafter, St. Angelo applied for professional liability policies for himself and his law firm while he purportedly knew that he was engaged in criminally fraudulent conduct, including (1) disguising his and his entities' true financial conditions, (2) creating fake tax credit agreements, and (3) submitting false financial statements to First NBC Bank in support of loan applications, all of which conduct is described in the Factual Basis and Bill to which he pled guilty.  Further, according to the Complaint, St. Angelo materially misrepresented his applications for the professional liability policies by failing to inform the Plaintiff of the conduct forming the basis of his subsequent criminal prosecution, particularly his admissions to the allegations set forth in the Bill and Factual Basis.  The Complaint additionally alleges that prior to signing the applications, St. Angelo was engaged in a bank fraud scheme and purportedly knew his actions were under investigation, improper and/or illegal and likely to result in a professional liability claim.

---

[1]     St. Angelo denies he deceived the Plaintiff.

1277729v.2

The Complaint alleges three primary causes of action seeking: (1) rescission of and a judgment declaring the professional liability insurance policies null and void *ab initio* based on material representations and intent to deceive; (2) a declaratory judgment of no insurance coverage for St. Angelo's claims against Plaintiff based on exclusionary language in the policies including those related to criminal proceedings; and (3) the reimbursement of funds paid to St. Angelo for attorney's fees and related expenses.

**B.     The Government's Criminal Investigation**

The United States is currently conducting an investigation relating to potential activities by officers and employees of First NBC Bank. In another civil case before this Court involving First NBC Bank, the United States recently filed a motion to stay due to the ongoing criminal investigation. *See Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan et al.*, Civil Action No. 2:19-cv-10341, Section "D"(3), Rec. Doc. 50 (filed July 23, 2019). In connection with that motion to stay, the Government generally described its ongoing criminal investigation:

> The United States is in the midst of an ongoing criminal investigation involving First NBC Bank, as evidenced by the publicly filed charges against three individuals, Jeffrey Dunlap ("Dunlap"), Gregory St. Angelo ("St. Angelo"), and Kenneth Charity ("Charity") . . . Two of the defendants charged in the Bills of Information, Dunlap and St. Angelo, have already pleaded guilty. Charity is set to plead guilty on July 30, 2019.
>
> All three Bills of Information alleged that the Charged Defendants conspired with Bank President A and other First NBC Bank employees, including Bank Officer B, to defraud First NBC Bank. The Bills of Information allege the Charged Defendants and certain First NBC Bank employees engaged in the following conduct, among other things:
>
> - Disguising the true financial status of the Charged Defendants, who had, or whose associated entities had, significant borrowing relationships at the bank;
>
> - Concealing the accurate performance of loans to the Charged Defendants or their associated entities;

- Misrepresenting the purpose of the loans to the Charged Defendants or their associated entities;

- Providing false or inaccurate personal financial statements about the assets and liabilities of the Charged Defendants;

- Unjustly enriching certain First NBC Bank Officers and employees; and

- Creating false tax credit investments.

. . . The Bills of Information allege that these false and fraudulent actions were memorialized in the bank's books and records. The Bills of Information also allege the bank fraud conspiracies occurred at a time unknown but prior to 2006 and continuing through April 2017.

The Government's investigation is ongoing, and because of grand jury secrecy rules, facts beyond what has been alleged in the Bills of Information and other public filings cannot be disclosed.

Rec. Doc. 50-1, at pp. 2-3.

St. Angelo served as the Bank's General Counsel during part of the time relevant to the Government's investigation. On March 22, 2019, the United States Attorney filed the Bill against St. Angelo. *See* Rec. Doc. 1 in Case No. 2:19-cr-55, E.D. La. The Bill charged St. Angelo with bank fraud conspiracy, in violation of 18 U.S.C. § 1349. A copy of the Bill is attached hereto as "Exhibit A". The Bill alleges that St. Angelo and certain bank officers conspired to unjustly enrich themselves by, among other things, concealing the accurate performance of loans and misrepresenting the nature of payments to St. Angelo and certain entities. "Exhibit A" at p. 4. St. Angelo recently entered into a plea agreement with the government and pleaded guilty to that crime. A copy of the agreement is attached hereto as "Exhibit B." St. Angelo, however, has yet to be sentenced and the United States continues its investigation.

St. Angelo will be sentenced in the due course of the criminal proceeding. Indeed, St. Angelo's sentencing is now scheduled for January 9, 2020; however, undersigned counsel fully expects the sentencing date to be continued because St. Angelo is cooperating with

law enforcement in the investigations surrounding the failure of First NBC Bank. It is anticipated that St. Angelo's cooperation, which is expected to include testifying at any trial, will continue into next year.

## II.    LAW AND ARGUMENT

### A.    The Court Should Enter a Stay Pending the Outcome of the Criminal Case.

"[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also SEC v. First Fin. Grp., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (holding that a court should stay a civil proceeding during the pendency of a parallel criminal proceeding under certain circumstances); *Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1980) (remanding case for a stay).

In this Circuit, courts consider the following six factors in deciding whether to stay a civil action:

(1)    The extent to which the issues in the criminal case overlap with those presented in the civil case;

(2)    The status of the criminal case, including whether the defendant has been indicted;

(3)    The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

(4)    The private interests of and burden on the defendant;

(5)    The interests of the courts; and

(6)    The public interest.

*Doe v. Morris,* No. 11-1532, 2012 U.S. Dist. LEXIS 12454, at *3 (E.D. La. Feb. 2, 2012) (quoting *Alcala v. Texas Webb Cty.,* 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009)).  Here, the above factors weigh strongly in favor of a stay pending conclusion of the criminal case against St. Angelo.

1277729v.2

**B.    The Balancing-Test Factors Weigh in Favor of a Stay.**

**1.    The Extent to Which the Issues Overlap Between this Civil Case and the Ongoing Criminal Proceeding Weighs in Favor of a Stay**

"The similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Morris*, 2012 U.S. Dist. LEXIS 12454 at *3 (quoting *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008)). Indeed, courts often grant a stay where substantial overlap exists between the criminal and civil proceedings. See *Astoria Entm't, Inc. v. Edwards*, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1999).

Here, substantial overlap exists between the criminal and civil proceedings. The Plaintiff alleges in its Complaint that St. Angelo deceived the Plaintiff to induce its issuance of lawyers professional liability insurance policies by committing the criminal acts described in the Bill and Factual Basis while failing to disclose (to the Plaintiff) the conduct underlying his subsequent guilty plea. Rec. Doc. 1 at ¶ ¶ 7, 30, 36-49, 67-74. More specifically, according to the Complaint, St. Angelo pled guilty to engaging in a conspiracy between September 2006 and April 2017 to commit bank fraud. In doing so, the Complaint alleges, St. Angelo stipulated to engaging in the conspiratorial conduct set forth in the Factual Basis. *Id*. at ¶ ¶ 36-49. Plaintiff further alleges that in 2016, and in each year thereafter, St. Angelo applied for professional liability policies for himself and his law firm while he purportedly knew that he was engaged in criminally fraudulent conduct, including (1) disguising his and his entities' true financial conditions, (2) creating fake tax credit agreements, and (3) submitting false financial statements to First NBC Bank in support of loan applications, all of which conduct is described in the Factual Basis and Bill to which he pled guilty to. *Id*. at ¶ ¶ 5-7.

According to the Complaint, St. Angelo made material misrepresentations in his applications for the professional liability policies by failing to inform Plaintiff of the conduct

forming the basis of his subsequent criminal prosecution, particularly his admissions to the allegations set forth in the Bill and Factual Basis. *Id*. at ¶ 30. The Complaint alleges that prior to signing the applications, St. Angelo was engaged in a bank fraud scheme and purportedly knew his actions were under investigation, improper and/or illegal and likely to result in a professional liability claim. *Id*. at ¶ 30. The Complaint finally alleges three primary causes of action: (1) rescission of and a judgment declaring the professional liability insurance policies null and void *ab initio* based on material representations and intent to deceive; (2) declaratory judgment of no insurance coverage for St. Angelo's claims against Plaintiff based on exclusionary language in the policies including those related to criminal proceedings; and (3) reimbursement of funds paid to St. Angelo for attorney's fees and related expenses. *Id*. at ¶¶ 67-86.

The Government has similarly asserted that its criminal investigation relates to similar facts: that the financial condition of borrowers and the accurate performance of First NBC Bank loans were disguised or concealed; that the purpose of the loans was misrepresented; that false or inaccurate financial statements were provided to the bank; that false tax credit agreements were created; and that certain First NBC Bank officers and employees were unjustly enriched.

In short, the Plaintiff's Complaint is based upon the allegations of the Bill and the Factual Basis. Thus, the substantial overlap between the allegations weigh in favor of a stay of proceedings against St. Angelo. *S.E. Recovery Group, LLC v. BP America, Inc.*, 278 F.R.D. 162, 168 (E.D. La. 2012); *see also Doe,* 2012 U.S. Dist. LEXIS 12454 at *3-4; *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 U.S. Dist. LEXIS 18544, at *12 (E.D. La. Feb. 15, 2012); *Few v. Stafford,* No. 1:16-cv-01513, 2017 U.S. Dist. LEXIS 39099, at *4 (W.D. La. Mar. 17, 2017) (stay held to be appropriate when "many of the central questions to be resolved . . . will bear upon the elements of proof in both proceedings").

1277729v.2

### 2. The Ongoing Status of the Criminal Investigation Weighs in Favor of a Stay.

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Indus., Inc*., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *see also United States v. Fresenius Medical Care*, 571 F. Supp. 2d 758, 762-63 (W.D. Tex. 2008) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct") (internal citations and quotations omitted).

Here, St. Angelo has not only been formally charged, but he has pled guilty to and is awaiting sentencing on a serious offense involving the substantially overlapping issues as those that are raised by the Plaintiff's Complaint. A criminal defendant may invoke his Fifth Amendment right through the time of his sentencing.[2] *See Mitchell v. United States,* 526 U.S. 314, 325, 119 S.Ct. 1307, 1313-14, 143 L.Ed.2d 424, 435-36 (1999). Thus, St. Angelo has the strongest case for deferral of this proceeding until after completion of his criminal proceeding. *See Dresser Indus., Inc*., 628 F.2d at 1375-76. Furthermore, the Government has stated that the

---

[2]     Although St. Angelo waived certain appellate and collateral attack rights in his plea agreement (See Rec Doc. 23-1 at p. 3), he retained certain other appeal rights. More specifically, St. Angelo did not waive all of his rights to appeal or challenge his guilty plea or future sentence, such as the right to appeal a sentence which exceeds the statutory maximum or to state a claim of ineffective assistance of counsel. (See Rec Doc. 23-1, p. 3). He also did not waive any of the rights afforded to him under Rule 11 of the Federal Rules of Criminal Procedure, including those bearing on the finality of his conviction prior to sentencing. Most importantly, St. Angelo's conviction is not a final judgment until sentencing. *See* 18 U.S.C. § 3582(b); Fed. R. Crim. P. 11(d) and 32(d); *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937); *Parr v. United States*, 351 U.S. 513, 518, 76 S. Ct. 912, 100 L. Ed. 1377 (1956) ("Final judgment in a criminal case means sentence."); *see also, c.f., In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 391 F. Supp. 2d 541 (S.D. Tex. 2005).

1277729v.2

investigation into First NBC Bank is ongoing and "is yet to result in other indictments" and that a stay is warranted when it protects an ongoing criminal investigation and pending grand jury proceedings.  Case No. 19-10341, Rec. Doc. 50-1 at p. 10.

Accordingly, this factor also weighs heavily in favor of a stay of proceedings against St. Angelo.

### 3. The Plaintiff's Interest Factor Weighs in Favor of a Stay

The Plaintiff will not be substantially prejudiced by a stay of proceedings against St. Angelo.  This case is in its beginning stages, the criminal investigation appears to be very active, and St. Angelo is awaiting sentencing.  "Normally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Doe,* 2012 U.S. Dist. LEXIS 12454, at *4. Any danger here to the Plaintiffs' ability to gather evidence due to a stay is already substantially mitigated. Like in *Waste Management*, the government "has already seized documents, and many—if not most—witnesses are likely to invoke their Fifth Amendment rights to silence or be prevented by the government from testifying." *Doe,* 2012 U.S. Dist. LEXIS 18544, at *13.

More specifically, St. Angelo has produced, and the Government has obtained through subpoenas, vast quantities of documents relating to the Bank, St. Angelo's loans at the Bank, St. Angelo's tax credit agreements, and his financial statements.  This evidence has been preserved by St. Angelo and, presumably, the Government. In view of the far-reaching investigation being conducted by the Government, many of the potential witnesses who could be called in this case likely have been approached and/or targeted by the Government in its criminal investigation, and, therefore, would likely assert the Fifth Amendment in this proceeding prior to completion of the Government's criminal prosecutions.

"Accordingly, much evidence is already preserved, and witness testimony is likely to be unavailable at this time anyway." *Doe*, 2012 U.S. Dist. LEXIS 18544, at \*13. Further, the Court may fashion the stay so that its duration is tied to the length of the criminal proceeding and may require that the parties notify the Court if there is a material change in the status of the criminal investigation. *See, e.g., Mejia v. Bros. Petro., LLC*, No. 12-2842, 2017 U.S. Dist. LEXIS 37493, at \*15 (E.D. La. Mar. 16, 2017) (continuing a previously granted stay for six additional months subject to an order that the parties notify the Court "if they become aware of any significant development that warrants reconsideration of the complete stay"). Thus, this factor is ameliorated.

### 4. The Defendant's Interest Weighs in Favor of a Stay

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Doe,* 2012 U.S. Dist. LEXIS 12454, at \*5 (quoting *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc.,* No. H-04-2220, 2007 U.S. Dist LEXIS 36654, at \*3 (S.D. Tex. May 18, 2007)). In this case, St. Angelo is pending sentencing, and absent a stay he is likely to invoke his Fifth Amendment right to remain silent until he is sentenced (which he has a right to do). When a party would be required to choose between discovery obligations and the exercise of Fifth Amendment rights, a stay is warranted. *See Waste Mgmt. of La., LLC*, 2012 U.S. Dist. LEXIS 18544, at \*15. Thus, this factor also weighs in favor of a stay. *Doe,* 2012 U.S. Dist. LEXIS 12454, at \*6; *see also McKey v. August*, No. 16-13642, 2017 U.S. Dist. LEXIS 134924, at \*9 (E.D. La. Aug. 23, 2017) (stay granted less than a month before trial because plaintiff was likely to invoke the Fifth Amendment).

1277729v.2

### 5. The Court's Interest Weighs in Favor of a Stay.

Courts have consistently found that a stay is appropriate under the circumstances present in this matter. Staying a civil case to permit resolution of an overlapping criminal proceeding avoids duplicative discovery, and it improves judicial efficiency by permitting the criminal proceeding to resolve some issues first. *Mosing v. Boston,* No. 6:14-cv-02608, 2017 U.S. Dist. LEXIS 155483, at *9 (W.D. La. Sept. 22, 2017); *Waste Mgmt.*, 2012 U.S. Dist. LEXIS 18544, at *16.  Staying a civil proceeding at an early stage "may prove more efficient in the long-run" in part because the "stay will . . . allow civil discovery to proceed unobstructed by concerns regarding self-incrimination." *SEC v. Alexander*, Case No. 10-CV-04535-LHK, 2010 U.S. Dist. LEXIS 138547, at *17 (N.D. Cal. Dec. 22, 2010) (internal quotation marks and citation omitted). If the Plaintiff is allowed to pursue discovery prior to the completion of the criminal case, St. Angelo will have to either object to questions at depositions and to written discovery requests, or waive his Fifth Amendment rights, the latter of which he cannot do under the circumstances. Thus, this factor also weighs in favor of a stay.

### 6. The Public Interest Weighs in Favor of a Stay.

The Fifth Circuit Court has recognized that the substantial public interest in law enforcement may warrant that a court give priority to a criminal proceeding without permitting potential intrusion from civil litigation.  In *Campbell v. Eastland*, the court stated:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

307 F.2d 478, 487 (5th Cir. 1962).

1277729v.2

With specific reference to the investigation into First NBC Bank, the Government itself has argued that St. Angelo and others should not be called to testify while its ongoing criminal investigations are pending. In *Official Committee of Unsecured Creditors*, the Government contended that "allowing discovery to proceed in this case would damage the integrity of the criminal case by inhibiting the Government's ability to preserve the usefulness of its anticipated trial witnesses." Case No. 19-10341, Rec. Doc. 50-1 at p. 13. The public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases. *Douglas v. United States*, No. C 03-04518 JW, 2006 U.S. Dist. LEXIS 52754, at *18-19 (N.D. Cal. July 17, 2006). Where—as here—there are parallel criminal and civil proceedings, "the criminal case is of primary importance to the public," whereas the civil case, which will result only in monetary damages, "is not of an equally pressing nature." *Alexander*, 2010 U.S. Dist. LEXIS 138547, at *19-20 (citations omitted). Therefore, this factor also weighs in favor of a stay.

**C. The Stay Should Remain in Place Until the Conclusion of the Criminal Proceeding.**

The Fifth Circuit has stated that a stay order may not "be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Here, St. Angelo seeks a stay of this matter until the conclusion of the criminal proceeding against him. His constitutional Fifth Amendment right against self-incrimination continues to apply through the duration of pre-sentencing activity. *See, e.g., Estelle v. Smith,* 451 U.S. 454, 463 (1981) (capital murder defendant entitled to invoke the Fifth Amendment in a post-conviction penalty phase of criminal case); *Jones v. Cardwell*, 686 F.2d 754, 756 (9th Cir. 1982). St. Angelo's Fifth Amendment privilege against self-incrimination simply extends through sentencing. *Mitchell v. United States*, 526 U.S. at 324-25; *Bridgeport Harbour Place I, LLC*, 269 F. Supp. 2d at 9 (courts have stayed civil discovery because government may use information developed through civil discovery against defendant at sentencing).

- 12 -

Thus, Mr. St. Angelo requests that the stay remain in place until the conclusion of the criminal proceeding against him. Courts in this district have entered stays of a similar duration under similar circumstances. *See In re Galpin,* No. 16-13835, 2018 U.S. Dist. LEXIS 38053, at *6 (E.D. La. Mar. 8, 2018) (stay entered subject to a motion to lift the stay filed within 10 days after exhaustion of criminal proceedings); *McKey,* 2017 U.S. Dist. LEXIS 134924, at *9 (E.D. La. Aug. 23, 2017) (ordering the case stayed until motion by the parties following the conclusion of the criminal proceedings . . . ."); *Mejia*, 2017 U.S. Dist. LEXIS 37493, at *14-15 (six-month stay entered). Indeed, this Honorable Court twice previously has stayed civil lawsuits against St. Angelo, and others, involving First NBC Bank, pending resolution of the related criminal proceedings. *See Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan et al.*, Civil Action No. 2:19-cv-10341, and *Academy Place, LLC v. Ashton Ryan, Jr., et al*., Civil Action No. 2:18-cv-10881.

## III.   CONCLUSION

All six factors considered by courts in the Fifth Circuit weigh in favor of a stay to permit the criminal proceeding against St. Angelo to proceed before this civil matter. Therefore, a stay of this matter is warranted, and the Court should grant the motion.

Dated:   December 13, 2020.              Respectfully submitted,

*/s/ Phillip A. Wittmann*
Phillip A. Wittmann, La. Bar No. 13625
Peter M. Thomson, La. Bar No. 02147
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112-4042
Phone: (504) 581-3200
Facsimile: (504) 581-3361
Email: pwittmann@stonepigman.com
          pthomson@stonepigman.com

*Attorneys for Gregory J. St. Angelo*

1277729v.2

2020 WL 425865
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.

**CONTINENTAL** CASUALTY COMPANY

v.

Gregory ST. ANGELO, et al.

CIVIL ACTION NO. 19-13382-WBV-DMD
|
Signed 01/27/2020

**Attorneys and Law Firms**

Ashley E. Gilbert, CNA Coverage Litigation Group, Metairie, LA, for Continental Casualty Company.

Phillip A. Wittmann, Peter Michael Thomson, Stone, Pigman, Walther, Wittmann, LLC, New Orleans, LA, for Gregory St. Angelo.

SECTION: D (3)

**ORDER AND REASONS**

WENDY B. **VITTER**, United States District Judge

*1 Before the Court is St. Angelo's Motion to **Stay** Civil Proceeding. [1] The Motion is opposed, [2] and St. Angelo has filed a Reply. [3] After careful consideration of the parties' memoranda and the applicable law, the Motion to **Stay** is **GRANTED** and this matter is **STAYED** pending resolution of the related criminal proceeding currently pending in another Section of this Court. [4] It is further **ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 31, 2019, Continental Casualty Company ("Continental"), filed a Complaint for Rescission, Declaratory Judgment and Reimbursement against Gregory St. Angelo, individually, and the law firm of Gregory St. Angelo, Attorney at Law. [5] Continental alleges that Gregory St. Angelo ("St. Angelo"), recently pled guilty to one count of conspiracy to commit bank fraud against First NBC Bank

between September 2006 and April 2017, in a criminal case that is pending before another Section of this Court, entitled *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.) ("the criminal matter"). [6] Continental asserts that St. Angelo stipulated to engaging in the conspiratorial conduct set forth in the Factual Basis that was filed in the criminal matter on June 28, 2019. [7] Continental alleges that in 2016 and each year thereafter, St. Angelo applied for professional liability policies for himself and his law firm while he knew that he was engaged in criminally fraudulent conduct, including: (1) disguising his and his entities' true financial conditions; (2) creating fake tax credit agreements; and (3) submitting false financial statements to First NBC Bank in support of loan applications, which resulted in loans from First NBC Bank totaling approximately $46.7 million and payment of $9.6 million for purported tax credit investments. [8]

Continental further alleges that when St. Angelo submitted a renewal application for professional liability insurance in August 2016, he knew auditors were examining his relationship with First NBC Bank and asking questions about false investments. [9] Continental asserts that St. Angelo failed to inform Continental of the conduct forming the basis of his criminal prosecution, particularly St. Angelo's admissions to the allegations set forth in the Bill of Information and the Factual Basis that were filed in the criminal matter. [10] In this civil case, Continental seeks three forms of relief: (1) rescission of the lawyers professional liability insurance and a judgment declaring the policies null and void *ab initio* based on material representations and intent to deceive; (2) a declaratory judgment of no insurance coverage for St. Angelo's claims against Continental based on exclusionary language in the policies, including those related to the criminal matter; and (3) the reimbursement of funds paid to St. Angelo for attorney's fees and related expenses. [11]

*2 On December 13, 2019, St. Angelo filed the instant Motion to **Stay** Civil Proceeding, seeking a **stay** of this case in its entirety pending resolution of the criminal case currently pending against him in this Court. [12] In support of his Motion, St. Angelo submitted a copy of the Bill of Information filed in his criminal case, as well as plea agreement dated June 28, 2019. [13] St. Angelo asserts that courts in this Circuit consider the following six factors in determining whether to grant a **stay** in a civil action: (1) the extent to which the issues in the criminal case overlap with those presented in the civil

**EXHIBIT C**

case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. [14] St. Angelo argues that all of the factors weigh strongly in favor of **stay** in this case, primarily because there is a substantial overlap of issues between the civil and criminal matters. St. Angelo points out that the facts alleged in Continental's Complaint are based squarely upon the facts contained in the Factual Basis and the Bill of Information that were filed in the criminal matter. St. Angelo argues that any testimony or responsive pleadings that he may be required to provide in this case could be used against him at his sentencing or potentially in another criminal matter. [15] Finally, St. Angelo also points out that this Court recently stayed two other civil cases involving him and First NBC Bank pending resolution of his criminal case. [16]

Continental opposes the Motion, asserting that a **stay** is not warranted in this case because St. Angelo has already pled guilty, admitted to the truth of the facts set forth in the Factual Basis supporting his conviction and, as of the date of the Opposition brief, was scheduled to be sentenced on January 9, 2020. [17] Because St. Angelo's Answer is not due until January 21, 2020, Continental argues that St. Angelo will not be compelled to make any "statement" in this civil litigation that could be used against him in his criminal case. [18] Continental claims that although St. Angelo's counsel told Continental's counsel that he expected the United States Attorney to file a motion to continue the sentencing hearing, no such motion had been filed as of the date of its Opposition brief. Continental argues that there is no substantial overlap between the criminal and civil proceedings, nor is there any overlap of factual issues to be determined, because St. Angelo has already stipulated and agreed that the facts set forth in the Factual Basis are true and correct. [19] Continental points out that the plea agreement between St. Angelo and the Government does not mention any continuing cooperation by St. Angelo in the investigation of First NBC Bank. [20] Continental maintains that a **stay** is an extraordinary remedy, and that St. Angelo cannot make the strong showing required to warrant a **stay** in this case. [21]

In response, St. Angelo asserts that since the filing of Continental's Opposition brief, his sentencing has been continued until April 2, 2020. [22] St. Angelo submitted a copy

of the Notice of Sentencing on April 2, 2010 at 9:30 a.m., issued by United States District Judge Carl J. Barbier on December 28, 2019. [23]

## II. LEGAL STANDARD

Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. [24] "It is well recognized that a district court 'may **stay** a civil proceeding during the pendency of a parallel criminal proceeding.' " [25] Further, "a district court may sometimes **stay** a civil action 'until the criminal case or the likelihood of a criminal case is ended.' " [26] The burden rests on the movant to show that special circumstances exist that warrant a **stay**. [27]

## III. ANALYSIS

**\*3** With respect to the first factor, it is clear from the face of the Complaint that there is a substantial overlap between the issues in the instant case and those in St. Angelo's criminal proceeding. The Complaint quotes *extensively* from the Factual Basis in an attempt to demonstrate that St. Angelo deceived Continental into issuing the lawyers liability policies when St. Angelo knew his actions were under investigation for bank fraud and likely to result in a claim. [28] Accordingly, the Court finds that there is a significant overlap between the facts of this case and those in St. Angelo's criminal proceeding. The first factor, therefore, weighs in favor of issuing a **stay** in this case.

The second factor, the status of the criminal case and whether the defendant has been indicted, also weighs in favor of granting a **stay**. The evidence submitted in support of the instant Motion shows that St. Angelo has been formally charged with, and has pled guilty to, conspiracy to commit bank fraud against First NBC bank between 2006 and April 2017, and that he is scheduled to be sentenced on April 2, 2020. [29] The Court has already found that there is a significant overlap between the issues in this civil case and St. Angelo's criminal proceeding. The Court further finds that St.

Angelo has a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the strongest case for a **stay** exists where a party is indicted for a serious offense and must defend a civil action involving the same matter," [30] the Court finds that the second factor weighs in favor of issuing a **stay** in this case.

The third factor, the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case, also weighs in favor of granting a **stay**. The Court appreciates that Continental has a significant interest in proceeding expeditiously against St. Angelo and having its claims heard. Nonetheless, granting a **stay** of this case will not deny Continental a possible recovery. The Court finds that a **stay** will merely delay that possible result. The Court also recognizes that criminal defendants, like St. Angelo, are entitled by law to a speedy trial. [31] Thus, if the underlying criminal investigation results in further indictments, the Court anticipates that the matters will be resolved expeditiously. The Court, therefore, finds that the third factor weighs in favor of issuing a **stay** of this case.

The Court further finds that the fourth factor, the private interests of and burden on the defendant in granting a **stay**, weighs significantly in favor of granting a **stay**. St. Angelo has been charged with, and has pled guilty to, the crime of conspiracy to commit bank fraud between 2006 and April 2017. Many of the facts alleged in Continental's Complaint are based on the facts underlying St. Angelo's criminal conviction. [32] As previously mentioned, the Court finds it likely that St. Angelo may be faced with civil discovery requests that will trigger a claim of his Fifth Amendment privilege, thus hampering and/or preventing the resolution of this case. Accordingly, the Court finds that the fourth factor weighs in favor of issuing a **stay** of this case.

The fifth factor, the Court's interest in ensuring that justice is done in an efficient and expeditious manner, also weighs in favor of granting a **stay**. Undoubtedly, issuing a **stay** in this matter will delay the case. This factor, standing alone, weighs against the granting of St. Angelo's Motion to **Stay**. The Court, however, also has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional rights of the litigants. As detailed above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding, may only cause further delay. There exists a real likelihood that discovery will be contentious, with St. Angelo invoking his Fifth Amendment privilege. Although the Court has a strong interest in seeing

that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

**\*4** Finally, the sixth factor, the public interest, also weighs in favor of granting a **stay**. The public has a strong interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. Several former bank officers and employees, including St. Angelo, have been indicted with and have pled guilty to crimes that may have caused or contributed to the bank's collapse. While the public has an interest in seeing the resolution of civil matters related to the bank's collapse, it is the Court's considered opinion that the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for their actions.

Based on the foregoing analysis, the Court finds that all six factors weigh in favor of granting a **stay** of this matter pending the resolution of St. Angelo's related criminal proceeding. Taking into consideration the seriousness of granting a **stay**, and having considered the parties' memoranda and the law, including a detailed analysis of the six factors considered by courts in this Circuit in determining whether to grant a **stay**, [33] the Court believes that a **stay** is warranted in this case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that St. Angelo's Motion to **Stay** Civil Proceeding [34] is **GRANTED**, and this action is **STAYED** in its entirety until the criminal proceedings against St. Angelo are complete, [35] subject to the following condition: within thirty (30) days of the date that the criminal proceedings have concluded, Continental Casualty Company shall file a motion asking this Court to lift the **stay**. The action will proceed at that time, absent some other bar to suit.

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

**All Citations**

Slip Copy, 2020 WL 425865

## Footnotes

1     R. Doc. 12.

2     R. Doc. 14.

3     R. Doc. 19.

4     *See United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).

5     R. Doc. 1.

6     *Id.* at ¶ 2.

7     *See* R. Doc. 28 in *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).

8     R. Doc. 1 at ¶ 5.

9     *Id.* at ¶ 6.

10    *See* R. Docs. 1, 28 in *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).

11    R. Doc. 1 at ¶¶ 67-86.

12    R. Doc. 12.

13    R. Docs. 12-2 & 12-3.

14    R. Doc. 12-1 at p. 5 (quoting *Doe v. Morris*, Civ. A. No. 11-1532, Civ. A. No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012)).

15    R. Doc. 12-1 at pp. 8-10.

16    *Id.* at p. 13 (citing *Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan*, Civ. A. No. 19-10341 (E.D. La.); *Academy Place, LLC v. Ashton Ryan, Jr.*, Civ. A. No. 18-10881 (E.D. La.)).

17    R. Doc. 14.

18    *Id.* at p. 2.

19    *Id.* at p. 8.

20    *Id.*

21    *Id.* at pp. 4-5.

22    R. Doc. 19.

23    R. Doc. 19-1.

24    *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015)

      (citing *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S. D. Tex. 2009); *Lebouef v. Global X-Ray and Testing Corp.*, Civ. A. No. 07-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008)); *Dolan v. Parish of St. Tammany*, Civ. A. No. 12-2911, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).

25    *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)).

26    *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007)).

27      *See Sec. &* 🏷 *Exch. Comm'n v. First Financial Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should **stay** one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.") (citations omitted).

28      R. Doc. 1 at ¶¶ 4, 36-49.

29      *See* R. Docs. 12-2, 12-3 and 19-1.

30      🏷 *Alcala v. Tex. Webb Cty.,* 625 F. Supp. 2d 391, 401 (S. D. Tex. 2009) (citing *Lizarraga v. City of Nogales Ariz.,* Civ. A. No. 06-474-TUC-DCB, 2007 WL 215616, at *3 (D. Ariz. Jan. 24, 2007)).

31      *See* 🏷 18 U.S.C. §§ 3161-3174.

32      *See* R. Doc. 1 at ¶¶ 4, 36-49.

33      *See Alcala v. Texas Webb Cty*, 625 Supp. 2d 391, 398-99 (S.D. Tex. 2009) (collecting cases).

34      R. Doc. 12.

35      *See United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 3974793
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.

**ACADEMY** PLACE, LLC

v.

Ashton J. RYAN, Jr., et al.

CIVIL ACTION NO. 18-10881
|
Signed 08/22/2019

**Attorneys and Law Firms**

Craig James Mordock, Mordock Barber, LLC, New Orleans, LA, for Academy Place, LLC.

C. Lawrence Orlansky, Phillip A. Wittmann, James Dalton Courson, Kathryn Marie Knight, Peter Michael Thomson, Stone, Pigman, Walther, Wittmann, LLC, New Orleans, LA, Bradley Joseph St. Angelo, St. Angelo Law, New Orelans, LA, for Gregory St. Angelo.

Edward J. Castaing, Jr., Edward John Lilly, Crull, Castaing & Lilly, New Orleans, LA, for Ashton J. Ryan, Jr.

SECTION "D"(3)

**ORDER AND REASONS**

WENDY B. **VITTER**, UNITED STATES DISTRICT JUDGE

**\*1** Before the Court is Ashton Ryan's Motion to **Stay** Action. [1] The Motion is opposed [2] and Ryan has filed a Reply. [3]

After careful consideration of the parties' memoranda as well as the applicable law, Ryan's Motion to **Stay** [4] is **GRANTED**, and this matter is **STAYED in its entirety** until resolution of the related criminal proceedings. [5]

**I. FACTUAL AND PROCEDURAL BACKGROUND**
The factual and procedural history of this case are set forth in great detail in the Court's August 22, 2019 Order and Reasons [6] and, for the sake of brevity, will not be repeated

here. As it pertains to the instant Motion, on March 20, 2019, SBN V FNBC LLC and Summit Investment Management, LLC (collectively, the "SBN Defendants") moved to dismiss Plaintiffs' claims against them. [7] Later that day, Ryan filed the instant Motion, seeking to **stay** the action in its entirety due to a pending grand jury investigation of First NBC Bank Holding Company d/b/a First NBC Bank ("First NBC Bank") and Ryan's activities while President and Chief Executive Officer of First NBC Bank. [8]

The Court takes judicial notice of the fact that there is an ongoing criminal proceeding against St. Angelo, which is pending before this Court. [9] St. Angelo has been charged by way of Bill of Information with Conspiracy to Commit Bank Fraud. [10] The charge was filed mere days after Ryan moved to **stay** the instant action. The Court notes that the concurrent criminal proceedings against St. Angelo, and others, and the potential criminal investigation of Ryan and others in this action, extend like tentacles, interlocking several matters before this Court.

**II. LEGAL STANDARD AND ANALYSIS**
**\*2** Whether to **stay** a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the interests of justice so require. [11] The burden rests on the movant to show that special circumstances exist that warrant a **stay**. [12] Courts within the Fifth Circuit consider the following six factors to determine whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. [13]

As to the first factor, Ryan has clearly established a concurrent, ongoing criminal investigation, the facts of which appear to overlap with those of the instant case. [14] St. Angelo has pled guilty to one count of Conspiracy to Commit Bank Fraud as a result of this criminal investigation. [15] Additionally, the Bill of Information filed against St. Angelo in that case details facts that clearly relate to the dealings and subsequent closing of First NBC Bank. [16] The Bill

EXHIBIT D

of Information alleges that the purpose of the conspiracy was "for the defendant, ST. ANGELO, Bank President A, Bank Officer B, and others to enrich themselves unjustly by disguising the true financial status of ST. ANGELO, the Entities, and other borrowers, concealing the accurate performance of loans, and misrepresenting the nature of payments to ST. ANGELO and certain Entities." [17] That Bill of Information further alleges that "ST. ANGELO, Bank President A, Bank Officer B, and others provided First NBC Bank with materially false and fraudulent documents and personal financial statements[.]" [18] The Court finds that significant factual issues in the pending criminal case and pending criminal investigations appear to overlap with those presented in the instant case, which weighs in favor of granting Ryan's Motion to **Stay**.

 **\*3**  The second factor, the status of the criminal case, also weighs in favor of granting a **stay**. Although St. Angelo has entered a guilty plea in his criminal case, the Court is unaware of any pending criminal charges against Ryan at this time. However, the Bill of Information filed against St. Angelo, as detailed above, indicates that others, including the unidentified Bank President A and Bank Officer B, may have committed criminal acts. [19] In the instant Motion, Ryan asserts that there is a pending grand jury investigation against him concerning his activities as President and CEO of First NBC Bank, and that "the federal jury investigation is quite active." [20] Ryan argues that staying this matter prevents the risk that he would expose his criminal defense strategy in the civil discovery process. [21] The Court finds the same reasoning applicable to St. Angelo. Based on those facts, Ryan and St. Angelo have a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the 'strongest case' for a **stay** exists where a party is indicted for a serious offense and must defend a civil action involving the same matter," [22] the Court finds that the second factor weighs in favor of granting Ryan's Motion to **Stay**.

The third factor that the Court must consider is the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case. Plaintiffs did not file a response in opposition to Ryan's Motion to **Stay**. The only opposition to the Motion was filed by Defendants SBN V FNBC LLC and Summit Investment Management, LLC, who have since been dismissed from the matter. [23] Additionally, the Court recognizes that criminal defendants are entitled by law to a

speedy trial. [24] If the criminal investigations result in further indictments, the Court would expect the matters to be resolved expeditiously. As such, the third factor also weighs in favor of granting Ryan's Motion to **Stay**.

The fourth factor, the private interests of and burden on the defendant in granting a **stay**, weighs significantly in favor of granting a **stay**. St. Angelo has been charged with, and has pled guilty to, the crime of Conspiracy to Commit Bank Fraud, the facts of which appear to overlap with the facts in this action. St. Angelo is currently awaiting sentencing. It is likely that the defendants in the instant case, or others, may face discovery requests that trigger a claim of Fifth Amendment privilege, thus hampering and/or preventing the resolution of this civil case. [25]

Under the fifth factor, the Court considers its own interest in ensuring that justice is done in an efficient and expeditious manner. Undoubtedly, a **stay** in this matter will delay the case. Nonetheless, the Court has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional rights of the litigants. As detailed above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding and criminal investigations, may only cause further delay. Moreover, there exists a real likelihood that discovery will be contentious, with defendants invoking their Fifth Amendment privilege. Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

With respect to the sixth factor, the public interest, the public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. While the public has an interest in seeing the resolution of civil matters that may have resulted from the bank's collapse, the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for those actions.

### III. CONCLUSION

 **\*4**  Taking into consideration the seriousness of granting a **stay**, and having considered the memoranda and law,

including a detailed analysis of the six factors set forth above, the Court believes that a **stay** is warranted in this case.

Accordingly,

**IT IS ORDERED** that Ryan's Motion to **Stay** Civil Proceeding [26] is **GRANTED** and this matter is **STAYED** in its entirety until the related criminal proceeding(s) and investigations are completed.

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT**

**PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that Plaintiffs' claims may be heard to final disposition.

**All Citations**

Slip Copy, 2019 WL 3974793

---

### Footnotes

1   R. Doc. 24.
2   R. Doc. 28.
3   R. Doc. 35.
4   R. Doc. 24.
5   *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
6   R. Doc. 47.
7   *See* R. Doc. 22.
8   R. Doc. 24.
9   Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice. *See Duncan v. Heinrich*, 591 B. R. 652, 655 n. 2 (M.D. La. 2018) (citing FED. R. EVID. 201); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F. 3d 243, 248 n. 8 (5th Cir. 2017) (taking judicial notice, pursuant to FED. R. EVID. 201 of ongoing criminal proceedings); *Ferguson v. Extraco Mortg. Co.*, 264 Fed. App'x. 351, 352 (5th Cir. 2007) ("Federal Rule of Evidence 201 allows a court to take judicial notice of an 'adjudicative fact' if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned. A court may take judicial notice of 'a document filed in another court ... to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable. Under Rule 201, judicial notice is discretionary by the district court, unless it is requested by a party and the court is supplied with the necessary information." (internal citations omitted)).
10  *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
11  *United States v. Kordel*, 397 U.S. 1, n. 27 (1970) (stating that "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution[.]"). *See Dominguez v. Hartford Fin. Servs. Group, Inc.*, 530 F. Supp. 2d 902, 905 (S. D. Tex. 2008) ("A district court's power to **stay** proceedings also encompasses the authority to **stay** a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require.... Although a district court has wide discretion to **stay** proceedings, its power is not unbounded.... A court must weigh the competing interests when exercising its discretion to issue a **stay**.").

12   *Sec. & Exch. Comm'n v. First Financial,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should **stay** one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice") (citing *Kordel,* 397 U.S. at 11–13; *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1377 (D. C. Cir. 1980)).

13   *See e.g.* *Alcala v. Tex. Webb Cnty.,* 625 F. Supp. 2d 391, 398-399 (S. D. Tex. 2009); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* 2015 WL 893447, at *9 (E.D. La. March 2, 2015); *Dolan v. Parish of St. Tammany,* 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).

14   *See* R. Doc. 24-1, p. 2 ("The United States Attorney's Office for the Eastern District of Louisiana is conducting a pending, ongoing and active grand jury investigation of FNBC and the activities of Ryan while President and CEO of the bank. The federal grand jury is examining activities of the FNBC and Ryan, including the kind of practices that have been alleged in the Petition filed herein.").

15   *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.) (R. Doc. 25).

16   *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1.

17   *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1, p. 4.

18   *Id.*

19   *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1.

20   R. Doc. 24-1, pp. 6-7.

21   R. Doc. 24-1, p. 7.

22   *Alcala v. Texas Webb Cnty.,* 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009)(citing *Lizarraga v. City of Nogales Ariz.,* 2007 WL 215616, at *3 (D. Ariz., Jan. 24, 2007)).

23   *See* R. Doc. 47.

24   *See* 18 U.S.C. §§ 3161-3174.

25   *See* R. Doc. 24-1, pp. 7-8.

26   R. Doc. 24.

---

**End of Document**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.