UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, | * | ADVERSARY PROCEEDING |
| JR., HERBERT W. ANDERSON, DALE ATKINS, | * | |
| JOHN C. CALHOUN, WILLIAM CARROUCHE, | * | NO. 20-01005 |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | * | |
| LEON GIORGIO, JR., SHIVAN GOVIDAN, | * | |
| LAWRENCE BLAKE JONES, LOUIS | * | |
| LAURICELLA, MARK MERLO, HERMAN | * | |
| MOYSE, III, GRISH LLOYD PANDIT, JAMES | * | |
| RODDY, DR. CHARLES TEAMER, JOSEPH | * | |
| TOOMY, RICHARD M. WILKINSON, LOUIS | * | |
| BALLERO, MARSHA CROWLE, MARY BETH | * | |
| VERDIGETS, FRANK FUGETTA AND | * | |
| MICHAEL LULICH | * | |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Crossclaim defendant Gregory St. Angelo submits this Reply Memorandum in further support of his motion to dismiss for lack of subject matter jurisdiction. Crossclaim plaintiffs Frank Fugetta and Michael Lulich have not satisfied their burden to demonstrate

- 1 -

1284251v.2

standing. Based on the arguments in their opposition, at best their purported claims are unripe and not justiciable.

I. **Law and Argument**

A. **Fugetta and Lulich Have Not Satisfied Their Burden to Prove Standing.**

As the parties asserting the existence of federal jurisdiction, Fugetta and Lulich bear the burden to demonstrate standing. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). To prove standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Fugetta and Lulich have offered no affidavits or other evidence to satisfy their burden, and the Court should therefore decide based on the allegations of the crossclaim complaint. Any new, unsupported factual assertions raised in their opposition brief should be ignored because statements made by counsel in a brief are not evidence. *See Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980).

Fugetta and Lulich contend that they satisfy the injury-in-fact requirement because they incurred reimbursable Defense Costs under the Zurich Policy; St. Angelo has also received policy proceeds for payment of defense costs; and "the FDIC and other creditors have made claims against the policy well exceeding the Policy limits," thus reducing the funds available under the policies to pay these claims. (Opposition, p. 3.) Assuming that these facts are true – which Fugetta and Lulich have not properly evidenced – they still have not alleged a sufficient basis for standing. In order for any standing to exist, they must demonstrate an actual injury. *See, e.g., Ebert v. Dejoria (In re Latitude Sols., Inc.)*, 922 F.3d 690, 697 (5th Cir. 2019) (reversing a jury verdict for lack of standing because the awarded damages had been sustained by one of the plaintiff's creditors, not the plaintiff itself).

- 2 -

1284251v.2

While Fugetta and Lulich assert that the FDIC and other creditors have made claims against them in excess of policy limits, the existence of claims alone is not sufficient to establish their standing. Unless and until there is a determination regarding liability and damages triggering liability over and above policy limits, Fugetta and Lulich have no injury. Because Fugetta and Lulich have not demonstrated that they will be liable in excess of policy limits on any claims, thus causing them to be required to personally contribute to any judgment or settlement, they lack standing.

B. **Alternatively, the Crossclaim is Not Ripe.**

Further, even if the Court were to determine that Fugetta and Lulich have sufficiently pleaded the existence of an injury, the claims are not ripe. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 833 F.2d 583, 586 (5th Cir. 1987). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* at 587.

Until there is a determination that Fugetta and Lulich are liable in excess of policy limits, their claim is not ripe. The facts are analogous to cases involving the distinction between the justiciability of claims regarding an insurer's duty to defend and an insurer's duty to indemnify, as exemplified by *United States Fire Ins. Co. v. A-Port, LLC*, No. 14-441, 2015 U.S. Dist. LEXIS 39384 (E.D. La. Mar. 26, 2015) (Morgan, J.). In that case, U.S. Fire Insurance filed a declaratory judgment seeking a judicial determination that it did not owe a duty to defend or a duty to indemnify its insured, A-Port, arising from a personal injury action brought against A-Port. The personal injury action had been dismissed on summary judgment, but the matter remained on appeal and there had not yet been a final judicial determination as to A-Port's liability. Judge

Morgan determined that a decision regarding whether U.S. Fire had a duty to defend was ripe, but it was not ripe for the Court to determine whether U.S. Fire had a duty to indemnify. While the duty to defend arose when the personal injury action was filed, the duty-to-indemnify claim was not ripe because there had not yet been a final resolution of the underlying liability claim. "[U]ntil the underlying issue of liability is resolved and the defendant is cast in judgment, the issue of indemnity is premature and non-justiciable." *Id.* at \*5 (quoting *New Eng. Ins. Co. v. Barnett*, 465 F. App'x 302, 308 (5th Cir. 2012)). *See also Threadgill v. Orleans Par. Sch. Bd.,* No. 02-1122, 2013 U.S. Dist. LEXIS 100615 (E.D. La. July 18, 2013) (Vance, J.) (holding that a determination regarding whether one defendant was required to indemnify another defendant was premature until liability had been established).

Similar logic holds here. Even if the Court were to find that Fugetta and Lulich demonstrated a potential injury, they have not shown that their claim is ripe. Defense costs are not at issue; they allege that Zurich has paid for their defense, except for a portion of Fugetta's defense costs, but even then Fugetta does not allege and does not argue that the lack of payment for those defense costs is traceable in any manner to St. Angelo. (Opposition, p. 5.) Rather, Fugetta and Lulich complain that they may need reimbursement from St. Angelo if funds are necessary to fund a settlement with creditors because "the policy limits will very likely be reached imminently" as a part of certain ongoing settlement negotiations. (Opposition, p. 4.) But there has not been a liability determination and they have not yet been called upon to make any personal contribution. As Judge Morgan observed, issues regarding indemnity are premature and non-justiciable until liability is resolved. *If* Fugetta and Lulich are determined, through a settlement or judgment, to be liable to the FDIC or other First NBC creditors, and then *if* the amount of damages is determined to be greater than policy limits, so that Fugetta and Lulich are liable for personal contributions, *then and*

*only then* may they have a potentially ripe claim. Until then, their purported injury is speculative and hypothetical, they have not yet sustained an injury-in-fact, and the issue is not ripe.[1]

Fugetta and Lulich cite to *Newby v. Enron Corp.* as support for their standing as co-insured officers and directors. Notably, the *Enron* opinion does not expressly address standing or ripeness arguments at all. But, in any event, the case was factually distinct. In *Enron*, settlements had already been reached, thus resolving liability determinations; the combined settlements exceeded policy limits; and some of the outside officers and directors were required pursuant to those settlements to make personal contributions. *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 391 F. Supp. 2d 541, 548 (S.D. Tex. 2005). Here, by contrast, no settlement has been reached and there have not yet been civil liability determinations exceeding policy limits. Unless and until policy limits are exceeded and Fugetta and Lulich are cast in judgment, they have not asserted a justiciable controversy.

### C. Merits Issues Are Not Properly Before the Court on this Jurisdictional Motion.

The remainder of Fugetta and Lulich's brief argues that St. Angelo is not an Insured Person under the Zurich policy and that St. Angelo is judicially estopped by the Factual Basis entered in the criminal proceeding. These arguments relate to the merits of their crossclaim and are not germane to the issues before the Court on this jurisdictional motion. Notably, Zurich has taken the position that St. Angelo is an Insured Person under the Zurich policy. Zurich Complaint, Rec. Doc. 1, ¶ 32. In addition, St. Angelo recently filed a motion for partial summary judgment on his counterclaim in the interpleader (Rec. Doc. 87), which addresses some of the reasons why

---

[1] Indeed, certain former directors of First NBC Bank and/or its holding company earlier today filed a motion to dismiss the underlying interpleader for lack of a justiciable controversy and have similarly argued, among other things, that they do not have a ripe claim to the interpleaded funds because "they do not yet know whether the funds at issue will be needed for their losses (and will not know for months)." Rec. Doc. 92-1, p. 11.

he should be considered an "Insured Person." Further, as more fully set forth in the summary judgment memorandum, St. Angelo's adjudication of guilt is not final and non-appealable until he is sentenced. *See* Rec. Doc. 87-1 (Memorandum in Support) at p. 11 n. 38; *see also Enron,* 391 F. Supp. 2d at 575. Nor is the doctrine of judicial estoppel applicable here, because St. Angelo has never previously taken a position inconsistent with the position that he is entitled to a defense until his guilty plea becomes final at sentencing. Each of these merits issues may be fully addressed in due course, through a properly brought motion or evidentiary hearing, if the Court were to determine that jurisdiction exists and deny the instant motion.

## II. Conclusion

Because Fugetta and Lulich have not demonstrated that they have a justiciable claim against St. Angelo, the Court should dismiss the crossclaim without prejudice for lack of jurisdiction.

Respectfully submitted,

By:    */s/ J. Dalton Courson*
Phillip A. Wittmann (Bar No. 13625)
Paul J. Masinter (Bar No. 18324)
Peter M. Thomson (Bar No. 02147)
J. Dalton Courson (Bar No. 28542)
Bryant S. York (Bar No. 34165)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: pwittmann@stonepigman.com
       pmasinter@stonepigman.com
       pthomson@stonepigman.com
       dcourson@stonepigman.com
       byork@stonepigman.com

***Attorneys for Gregory St. Angelo***

1284251v.2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss for Lack of Jurisdiction has been sent to all counsel of record by electronic notice via the Court's CM/ECF system, at the email addresses below, this 17th day of April, 2020.

/s/ J. Dalton Courson

Wilbur J. (Bill) Babin, Jr. on behalf of Counter-Claimant/Defendant Louis Ballero:
babin@derbeslaw.com, derbeser72443@notify.bestcase.com

Brian M. Ballay on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr. , Dale B. Atkins, David Aaron, Jr., Grish Lloyd Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govidan, and William Carrouche:
bballay@bakerdonelson.com, ddeamore@bakerdonelson.com

Nancy Scott Degan on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr. , Dale B. Atkins, David Aaron, Jr., Grish Roy B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
ndegan@bakerdonelson.com, degan@bakerdonelson.com

Eric J Derbes on behalf of Cross-Claimants/Defendants Frank Fugetta and Michael Lulich:
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Jonathan Edwards on behalf of Defendants Marsha Crowle and Mary Beth Verdigets:
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jan M. Hayden on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr. , Dale B. Atkins, David Aaron, Jr., Grish Roy B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com; ptorres@bakerdonelson.com

John Hite, III on behalf of Plaintiff Zurich American Insurance Company:
jhite@shmrlaw.com