UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| *   *   *   *   *   *   * | * | |
| | * | *   *   *   *   * |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. | * | |
| AARON, JR., HERBERT W. ANDERSON, | * | ADV. P. NO. 20-01005 |
| DALE ATKINS, JOHN C. CALHOUN, | * | |
| WILLIAM CARROUCHE, | * | |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | * | |
| LEON GIORGIO, JR., SHIVAN GOVIDAN, | * | |
| LAWRENCE BLAKE JONES, LOUIS | * | |
| LAURICELLA, MARK MERLO, | * | |
| HERMAN MOYSE, III, GRISH LLOYD | * | |
| PANDIT, JAMES RODDY, DR. CHARLES | * | |
| TEAMER, JOSEPH TOOMY, RICHARD M. | * | |
| WILKINSON, LOUIS BALLERO, MARSHA | * | |
| CROWLE, MARY BETH VERDIGETS, | * | |
| FRANK FUGETTA AND MICHAEL LULICH | * | |
| | * | |
| Defendants. | * | |
| *   *   *   *   *   *   * | * | |

**OMNIBUS RESPONSE TO (1) THE DIRECTORS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION OR,
ALTERNATIVELY, MOTION TO STAY and (2) GOVERNMENT'S
MOTION TO INTERVENE AND STAY ADVERSARY PROCEEDING**

NOW INTO COURT, through undersigned counsel, come Frank Fugetta and Michael

Lulich ("Fugetta and Lulich"), who respectfully file this omnibus response to (1) *The Directors'*

*Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, Motion to Stay* **[P-92]**

(the "Directors' Motion") and (2) *Government's Motion to Intervene and Stay Adversary Proceeding* **[P-111]** (the "Government's Motion"), and respectfully represent as follows.

## I.    Facts and Procedural History

Zurich American Insurance Company ("Zurich") was, for a relevant period, the insurer of the directors, officers, and employees of First NBC Bank. Zurich initially provided defense to Gregory St. Angelo ("St. Angelo") under a reservation of rights. After St. Angelo plead guilty to bank fraud, a dispute developed as to whether St. Angelo was still entitled to a defense under Zurich's policy. Rather than getting involved in the dispute, Zurich  filed the instant interpleader action and deposited approximately $270,000.00 of attorney fees and costs claimed by St. Angelo into the registry of this Court.

Shortly after Zurich instituted this action, and prior to any discovery, St. Angelo filed a Motion for Partial Summary Judgment **[P-87]** claiming all of the funds in the registry of the Court.[1] Fugetta and Lulich sought a deposition of St. Angelo prior to the hearing on the Motion for Summary Judgment. After some negotiations, St. Angelo declined the deposition.  Fugetta  and Lulich filed a Motion to Compel the deposition. The Motion to Compel brought about the Motion to Intervene and the Motion to Stay filed by the United States.

For the reasons stated below, Fugetta and Lulich pray that this Honorable Court not allow St. Angelo to use his guilty plea as a shield against anyone who seeks a judgment against him and a sword when he asserts to recover funds.

---

[1] This Memorandum does not address the merits of the Motion for Partial Summary Judgment, which the court deferred until after this Motion.

## II.     Fugetta and Lulich do not oppose a stay of this Adversary Proceeding.

Fugetta and Lulich do not oppose this Court staying this Adversary Proceeding pending the conclusion of the related and ongoing federal criminal investigation. In fact, both the Directors' and the Government cite very compelling reasons for a stay in their respective motions and memoranda. For instance, the factual issues in this proceeding overlap significantly with the St. Angelo Criminal Case[2] and this proceeding may interfere with the Government's criminal investigation. Many of the same factual issues here necessarily encroach on the same topics that St. Angelo pleaded guilty to. Some of those facts, as noted in the Government's Motion, are St. Angelo's role as borrower and general counsel at First NBC Bank (the "Bank") and his actions in conspiring with other to defraud the Bank.

Importantly, in other civil cases in this district involving the failure of the Bank, stays have been issued so that the civil matters would not prejudice the criminal investigation of the Government. *See Official Committee of Unsecured Creditors of First NBC Bank Holding Company v. Ryan, et al*, CA. No. 19-10341 (E.D. La.), Rec. Doc. 90 (Order Staying Case); *see also Academy Place, LLC v. Ryan, et al,* CA. No. 18-10881 (E.D. La.), Rec. Doc. 48 (Order Staying Case). Further, **St. Angelo himself sought a stay** of the proceeding brought against him by his malpractice insurance carrier, Continental Casualty Company (the "Continental Casualty Proceeding"), for substantially similar reasons as set forth in the Government's Motion in this proceeding. *See Continental Casualty Company v. Gregory St. Angelo, individually and Gregory St. Angelo, Attorney at Law*, CA. No. 19-13382 (E.D. La.), Rec. Doc. 12-1 (Memorandum in Support of St. Angelo's Motion to Stay Civil Proceeding). A stay was granted in the Continental Casualty Proceeding. *Id.* Rec. Doc. 22 (Order and Reasons). St. Angelo conveniently used a

---

[2] As defined in the Government's Motion.

Motion to Stay in the Continental Casualty Proceeding as a shield where Continental sought reimbursement of all attorneys' fees and expenses paid on behalf of St. Angelo in connection with the FDIC Investigation. Interestingly, even with the same criminal investigation still pending, St. Angelo chose to use this proceeding as a sword by filing his Motion for Partial Summary Judgment **[P-87]**, claiming that he is entitled to the interpleaded proceeds herein without any further factual development. Yet again, St. Angelo has taken contradictory positions that suit his interest in multiple proceedings. St. Angelo cannot be allowed to use a stay as a shield in one matter to avoid having to repay insurance proceeds he has already received, while attempting to use a sword to obtain insurance proceeds in this matter **when a stay can be issued herein on the exact same grounds**. For these reasons, Fugetta and Lulich do not oppose this Court staying this adversary proceeding until the conclusion of the Government's criminal investigation.

### III.    Fugetta and Lulich oppose a stay of only depositions and discovery in this adversary proceeding.

Should this Court deny the Directors' Motion and the Government's Motion and not enter a stay of this adversary proceeding, then Fugetta and Lulich must be allowed to conduct discovery and take St. Angelo's deposition before the hearing on St. Angelo's Motion for Partial Summary Judgment. The Government, very briefly, argues that if this Court denies its Motion to Stay this adversary proceeding that this Court should impose a stay of all discovery. This is an untenable path forward in this proceeding and would severely prejudice Fugetta and Lulich as they would be unable to adequately respond to St. Angelo's Motion for Partial Summary Judgment. As set forth in their Memorandum in Support of Motion to Compel Deposition of Gregory St. Angelo **[P-107]**, factual determinations are necessary to verify many issues related to St. Angelo's receipt of policy proceeds from Zurich and his claim to entitlement of the interpleaded policy proceeds at issue herein.

Fugetta and Lulich agree with the Directors that further factual development is required to determine whether St. Angelo is entitled to the funds he seeks, as discussed in the Directors' Motion. Specifically, three factual determinations will directly impact the outcome of this case, any one of which will show that St. Angelo is not entitled to the interpleaded proceeds here. Those three determinations are (1) St. Angelo is not an Insured Person under the Zurich Policy, (2) even if St. Angelo is an Insured Person under the Zurich Policy, his guilty plea prohibits his receipt of the interpleaded proceeds, and (3) St. Angelo's receipt of insurance proceeds from a separate insurance carrier also preclude his receipt of the interpleaded proceeds. Factual development of these critical issues can only be determined through discovery and a deposition of St. Angelo. For these reasons, should this Court deny the Directors' Motion and the Government's Motion for a stay of this proceeding, then Fugetta and Lulich must be allowed to conduct discovery and take St. Angelo's deposition before the hearing on his Motion for Partial Summary Judgment.

## IV.    Conclusion

For the reasons set forth above, and for the reasons more fully set forth in the Directors' Motion and the Government's Motion, Fugetta and Lulich agree that this Court should grant the motions to stay this adversary proceeding until the conclusion of St. Angelo's cooperation in the ongoing criminal investigation. However, should this Court deny the motions to stay, this Court should allow the deposition of St. Angelo and discovery to proceed before the hearing on St. Angelo's Motion for Partial Summary Judgment.

[Signature on following page]

RESPECTFULLY SUBMITTED,

THE DERBES LAW FIRM, LLC

/s/ *Eric J. Derbes*
ERIC J. DERBES (La. Bar Roll No. 23464)
ALBERT J. DERBES, IV (La. Bar Roll No. 20164)
BRYAN J. O'NEILL (La. Bar Roll No. 37250)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Fax: (504) 832-0323
Email: EDerbes@derbeslaw.com
*Attorneys for Frank Fugetta and Michael Lulich*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via email through the Court's CM/ECF Electronic Notification System to all counsel of record who are receiving notice through this Court's CM/ECF Electronic Notification System.

Metairie, Louisiana, this 11th day of May, 2020.

*/s/ Eric J. Derbes*
Eric J. Derbes