## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:

FIRST NBC BANK HOLDING COMPANY,        CHAPTER 11

             DEBTOR.        CASE NO. 17-11213 – "A"

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ZURICH AMERICAN INSURANCE COMPANY,

            PLAINTIFF.

VERSUS                  ADV. P. NO. 20-01005

GREGORY ST. ANGELO, WILLIAM D.
AARON, JR., HERBERT W. ANDERSON,
DALE ATKINS, JOHN C. CALHOUN,
WILLIAM CARROUCHE,
LEANDER J. FOLEY, III, JOHN F. FRENCH,
LEON GIORGIO, JR., SHIVAN GOVINDAN,
LAWRENCE BLAKE JONES, LOUIS
LAURICELLA, MARK MERLO,
HERMAN MOYSE, III, GRISH LLOYD
PANDIT, JAMES RODDY, DR. CHARLES
TEAMER, JOSEPH TOOMY, RICHARD M.
WILKINSON, LOUIS BALLERO, MARSHA
CROWLE, MARY BETH VERDIGETS,
FRANK FUGETTA AND MICHAEL LULICH,

            DEFENDANTS.

## THE DIRECTOR-DEFENDANTS' OPPOSITION TO
## GREGORY ST. ANGELO'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Defendants William D. Aaron,

Jr., Herbert W. Anderson, Dale Atkins, John C. Calhoun, William Carrouche, Leander Foley III,

John F. French, Leon Giorgio, Jr., Shivan Govindan, Lawrence Blake Jones, Louis Lauricella,

Mark Merlo, Herman Moyse, III, Grish Lloyd Pandit, James Roddy, Jr., Charles Teamer, Joseph

1

Toomy, and Richard M. Wilkinson ("defendants" or the "Directors") who file the instant Opposition to St. Angelo's Motion for Partial Summary Judgment.[1]

On April 17, 2020, the Directors filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, a Motion to Stay ("Motion to Dismiss").[2]  The Directors incorporate their Memorandum in Support of the Motion to Dismiss and the arguments and evidence contained therein as their Opposition to St. Angelo's Motion for Summary Judgment.  A copy of the Motion to Dismiss (and Memorandum in Support) is attached as Exhibit "A".  In summary, there are four primary reasons why St. Angelo's motion should be denied.

*First,* as discussed more fully in the Director's Motion to Dismiss, this Court does not have jurisdiction to hear this dispute because although the Zurich policy may be property of the bankruptcy estate, the *proceeds* of that policy – what St. Angelo seeks – are not.  Because this is a threshold issue requiring adjudication, St. Angelo's Motion for Summary Judgment should be denied.  For the reasons explained in the attached memorandum in support of dismissal, based on applicable authorities, dismissal is warranted and the partial summary judgment motion should be denied.[3]

*Second,* assuming this Court has jurisdiction, the Directors are uncertain whether the funds will be needed by them – hence, they have concerns over the justiciability of this matter.  As discussed in the attached memorandum in support of dismissal, there are millions of dollars in insurance proceeds that are currently being utilized by the Directors (and others) to defend against the ongoing investigations and lawsuits, and *if and only if* the $270,872.85 in the registry of the Court is needed by the insureds (to effectuate a settlement, for example) would those funds be

---

[1] *See* Rec. Doc. No. 87.
[2] *See* Rec. Doc. No. 92.
[3] *See* Exhibit A at Memo., pp. 8-9.

4835-1367-9802v3
2941996-000001 05/11/2020

subject to a live, ripe, and immediate controversy.  As of now, the Directors are uncertain whether those funds are needed and thus, as presently positioned, Zurich's Complaint does not present a ripe, justiciable controversy.  Because further factual development (*i.e.* events would have to occur) is needed to determine these issues – and, indeed, those factual circumstances/events may never come to fruition – Zurich's Complaint again, does not present a ripe controversy (which requires only legal issues to prevail).  As discussed in the Directors' Motion to Dismiss, case authorities abound dismissing and/or staying disputes in analogous circumstances.[4]  Accordingly, St. Angelo's Motion for Partial Summary Judgment should be denied.

*Third*, at present, it is uncertain whether St. Angelo is even entitled to coverage *at all* from Zurich.  Among other things, St. Angelo has recently pled guilty to participating in a long-term intentional criminal scheme to defraud the bank.  The Factual Basis executed by St. Angelo demonstrates that the investigation and legal proceedings surrounding his guilty plea involve his role as a *borrower* of approximately $47 million from the bank and associated fraud in connection with his loans.  Likewise, the Directors recently learned facts that raise a question as to whether St. Angelo recovered insurance proceeds from Zurich for his role as a lawyer, for which he sought and obtained malpractice insurance coverage from his malpractice carrier, Continental Casualty Insurance Company ("Continental").  Zurich's insurance policy could arguably preclude coverage – either altogether or at least in part - for St. Angelo under *either* circumstance because it is either not a covered claim or because it falls under one or more exclusions.  To determine this, discovery is needed, as set forth in the attached declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[5]  Accordingly, for the reasons set forth in the accompany memorandum,[6] and

---

[4] *See* Exhibit A at Memo., pp. 9-13.
[5] *See* Exhibit B.
[6] *See* Exhibit A at Memo., pp. 13-18.

3

those further discussed in the attached declaration,[7] St. Angelo's Motion for Partial Summary Judgment should be denied.

*Fourth* and finally, a stay of this matter is warranted for an entirely separate basis – that is, in view of St. Angelo's ongoing criminal case, this civil dispute, based on well-settled authorities, should be stayed.[8]  Indeed, in another insurance dispute with his malpractice carrier, St. Angelo himself sought (and obtained) a stay of those proceedings because, among other things, the issues in that insurance dispute overlapped with his criminal prosecution and ongoing cooperation with the U.S. Department of Justice.  As discussed in the memorandum in support of the motion to dismiss, because St. Angelo himself sought a stay of a similar case for precisely the same reasons, this matter should be stayed pending the outcoming of his criminal case, and his Motion for Partial Summary Judgment should be denied.[9]

---

[7] *See* Exhibit B.
[8] *See* Exhibit A at Memo. pp. 18-23.
[9] *See id.*

4

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*/s/ Brian M. Ballay*
Jan M. Hayden (#06672)
Nancy Scott Degan (#01819)
Brian M. Ballay (#29077)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
jhayden@bakerdonelson.com
ndegan@bakerdonelson.com
bballay@bakerdonelson.com

Counsel for William D. Aaron, Jr., Herbert
W. Anderson, Dale B. Atkins, John C.
Calhoun, William Carrouche, Leander J.
Foley, John Fenner French, Leon L. Giorgio,
Jr., Shivan Govindan, Lawrence Blake
Jones, Louis Lauricella, Mark Merlo,
Hermann B. Moyse, III, Grish Roy B.
Pandit, James C. Roddy, Charles C. Teamer,
Sr., Joseph F. Toomy, Richard M.
Wilkinson

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via email through the Court's CM/ECF Electronic Notification System to all counsel of record who are receiving notice through this Court's CM/ECF Electronic Notification System and by First Class Mail upon the parties on the attached service list who do not receive notice through the CM-ECF system.

New Orleans, Louisiana, this 11th of May, 2020.

*/s/ Brian M. Ballay*
Brian M. Ballay

4835-1367-9802v3
2941996-000001 05/11/2020