UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH | * | ADV. P. NO. 20-01005 |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**RULE 56 DECLARATION
OF ERIC J. DERBES**

**Eric J. Derbes,** an attorney admitted to practice before, *inter alia*, the Courts of the State of Louisiana, hereby affirms the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice law in the State of Louisiana, and am an attorney at The Derbes Law Firm, LLC, counsel to interpleaded defendants Frank Fugetta and Michael

Lulich ("Fugetta and Lulich"), and as such, I am fully familiar with the facts and circumstances set forth herein.

2. This declaration is based upon my personal involvement in the matters described and upon information and documents I have reviewed.

3. This declaration is submitted pursuant to Fed. R. Civ. P. 56(d) in Opposition to St. Angelo's Motion for Partial Summary Judgment **[P-87]** (the "Motion") and in support of Fugetta and Lulich's *Memorandum in Opposition to Gregory St. Angelo's Motion for Partial Summary Judgment*.

4. St. Angelo's Motion seeks summary judgment on allegations that he is entitled to payment of his defense costs from a Director & Officer Liability Policy issued by Zurich to First NBC Bank Holding Company (the "Policy").

5. In order to properly prepare their opposition to St. Angelo's Motion, Fugetta and Lulich sought a deposition of St. Angelo prior to the hearing on the Motion. After some negotiations, St. Angelo declined the deposition.

6. Counsel for St. Angelo represent St. Angelo in a number of legal proceedings related to his association with First NBC Bank in a number of different capacities, including (1) as General Counsel of First NBC Bank, (2) as a borrower of First NBC Bank, and (3) as to his actions for conspiracy to commit bank fraud against First NBC Bank.[1]

---

[1] *See* (1) *United States v. Gregory St. Angelo,* United States District Court for the Eastern District of Louisiana, Criminal Docket No. 19-55, "J" (the "Criminal Proceeding"), (2) *Continental Casualty Company versus Gregory St. Angelo, et al.*, United States District Court for the Eastern District of Louisiana, Civil Action No. 19-13382-WBV-DMD, Section "D" (the "Continental Proceeding"), (3) *Official Committee of Unsecured Creditors of First NBC Bank Holding Company vs. Ashton J. Ryan, Jr., et al.*, United States District Court for the Eastern District of Louisiana, Civil Action No. 19-cv-10341 (the "Unsecured Creditors Proceeding"), and (4) *Academy Place LLC v. Ryan, et al.*, United States District Court for the Eastern District of Louisiana, Civil Action No. 2:18-cv-10881 (the "Academy Proceeding").

7. The Factual Basis in the Criminal Proceeding states that the balances on loans issued to St. Angelo and the companies he controlled, **as a borrower**, total approximately $46.7 million, and First NBC Bank has also paid St. Angelo approximately $9.6 million for purported tax credit investments. Further, the Factual Basis provides that St. Angelo submitted false personal financial statements to First NBC Bank in support of his loans **as a borrower**.

8. St. Angelo has made claims for coverage against his legal malpractice carrier, Continental Casualty Company ("Continental"), and received payments from same. Continental has filed suit seeking a judicial declaration that St. Angelo is not covered under the policies at issue in the Continental Proceeding and that Continental is entitled to reimbursement of all attorneys' fees and expenses paid on behalf of St. Angelo.

9. The extent to which capacity St. Angelo was acting with respect to the claims for which he asserts insurance coverage from Zurich requires further factual development to verify what portion, if any, of the Policy proceeds paid by or sought to be paid by Zurich were compensation for St. Angelo's attorneys' fees or expenses for the Criminal Proceeding, the Continental Proceeding, the Unsecured Creditors Proceeding, and the Academy Place Proceeding.

10. The Policy does not afford coverage to borrowers of First NBC Bank; therefore, the Policy does not cover any Defense Costs St. Angelo incurred in his defense in his capacity as a borrower.

11. The Policy does not afford coverage for legal malpractice; therefore, the Policy does not cover any Defense Cost St. Angelo incurred in defense of malpractice. Further, the Policy

does not afford coverage for or defense costs for a dispute between St. Angelo and his legal malpractice carrier.

12. St. Angelo's Motion is premature as Fugetta and Lulich cannot adequately prepare their opposition to the Motion until they are allowed to conduct discovery and take St. Angelo's deposition regarding the underlying claims and the capacity in which St. Angelo is being sued to determine whether St. Angelo has obtained and/or sought coverage under the Policy in a capacity that is outside the scope of coverage under the Policy.

I declare under penalty of perjury that the foregoing is a true and accurate to the best of my knowledge, information, and belief.

Dated: May 12, 2020 /s/ *Eric J. Derbes*
Eric J. Derbes