4195-23733

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * | * | |
| | * | * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. | * | |
| AARON, JR., HERBERT W. ANDERSON, | * | ADV. P. NO. 20-01005 |
| DALE ATKINS, JOHN C. CALHOUN, | * | |
| WILLIAM CARROUCHE, | * | |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | * | |
| LEON GIORGIO, JR., SHIVAN GOVIDAN, | * | |
| LAWRENCE BLAKE JONES, LOUIS | * | |
| LAURICELLA, MARK MERLO, | * | |
| HERMAN MOYSE, III, GRISH LLOYD | * | |
| PANDIT, JAMES RODDY, DR. CHARLES | * | |
| TEAMER, JOSEPH TOOMY, RICHARD M. | * | |
| WILKINSON, LOUIS BALLERO, MARSHA | * | |
| CROWLE, MARY BETH VERDIGETS, | * | |
| FRANK FUGETTA AND MICHAEL LULICH | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * | * | |

## **ANSWER OF ZURICH AMERICAN INSURANCE COMPANY TO COUNTERCLAIM**

1

NOW INTO COURT, through undersigned counsel, comes Zurich American Insurance Company ("Zurich") as Defendant-in-Counterclaim, and for Answer to St. Angelo's Counterclaim for Declaratory Relief, respectfully avers as follows:

1.

The allegations in paragraph 1 of the Counterclaim do not require an answer of this defendant; however, to the extent the allegations imply or infer any liability on the part of Zurich, any such implication is denied.

2.

The allegations of paragraph 2 are admitted.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of paragraph 4 do not require an answer of this defendant.

5.

The allegations of paragraph 5 do not require an answer of this defendant.

6.

The allegations of paragraph 6 do not require an answer of this defendant.

7.

The allegations of paragraph 7 do not require an answer of this defendant.

8.

The allegations of paragraph 8 are admitted.

9.

The allegations of paragraph 9 are admitted to the extent they do not contradict, contravene, or enlarge upon the terms, conditions, definitions, exclusions, limits, requirements, conditions precedent, or limitations of the Policy, which is incorporated herein by reference (and is attached to the Interpleader Complaint as Exhibit "A"). Further answering, the terms, dates and conditions of the Policy issued by Zurich speak for themselves, are adopted herein, and are the best evidence of their content.

10.

The allegations of paragraph 10 are denied as written. Further answering, Zurich averred in paragraph 32 of its Interpleader-Complaint: "All of the Interpleader-Defendants are **Insureds** under the Policy, subject to the Policy's various terms, conditions, and exclusions."

11.

The allegations of paragraph 11 are denied as written. Zurich had previously agreed to provide reimbursements for Defense Costs to Mr. St. Angelo, subject to a Reservation of Rights. Further answering, all correspondence between Zurich and St. Angelo are the best evidence of their contents. Further responding, all documents regarding government investigations and civil matters (referred to in the Counterclaim as "FNBC Proceedings") are also the best evidence of their contents.

12.

The allegations of paragraph 12 are denied as written. Further responding, on July 29, 2019, Zurich notified Mr. St. Angelo that it was going to deny coverage to him under two exclusions of the policy - which require a final and non-appealable adjudication of guilt – namely, Sections IV(I)

and IV(J) of the Policy's Management Liability Coverage Part. In the same letter, Zurich also demanded that Mr. St. Angelo return all monies previously advanced by Zurich.

13.

The allegations of paragraph 13 are denied as written. Further responding, please see answer to paragraph 12.

14.

Zurich admits it received the correspondence referenced in paragraph 14. To the extent paragraph 14 contains conclusions of law, no answer is required of Zurich. Further responding, any correspondence from St. Angelo's counsel to Zurich is the best evidence of its contents, and Zurich denies all allegations set forth in paragraph 14 that are inconsistent with that correspondence.

15.

To the extent paragraph 15 contains conclusions of law, no answer is required of Zurich. Further responding, any correspondence from St. Angelo's counsel to Zurich is the best evidence of its contents, and Zurich denies all allegations set forth in paragraph 15 that are inconsistent with that correspondence.

16.

To the extent paragraph 16 contains conclusions of law, no answer is required of Zurich. Zurich admits that it deposited $270,872.85 with the Court. Further responding, to the extent the allegations of paragraph 16 refer to pleadings filed by Zurich in this adversary proceeding, those pleadings speak for themselves, and are the best evidence of their contents, and Zurich denies all allegations set forth in paragraph 16 that are inconsistent with such pleadings.

17.

The allegations of paragraph 17 require no answer of this defendant. To the extent an answer is required, the allegations are denied to the extent they infer or imply any liability on the part of Zurich. Zurich further incorporates all allegations and averments set forth in the Interpleader Complaint and in this Answer.

18.

The allegations of paragraph 18 state legal conclusions and require no answer of this defendant. To the extent an answer is required, Zurich re-avers the averments and denials contained herein and the allegations in its Interpleader-Complaint.

19.

The allegations of paragraph 19 state a prayer for relief and require no answer of this defendant. To the extent an answer is required, Zurich re-avers the averments and denials contained herein and the allegations in its Interpleader-Complaint.

AND NOW, further answering, Zurich asserts the following AFFIRMATIVE DEFENSES in response to St. Angelo's First Amended and Restated Complaint for Damages. Pursuant to F.R.C.P. 8, the defenses below, to the extent appropriate, are made in the alternative and/or hypothetically:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim for Declaratory Relief fails to state a claim or right of action against Zurich upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, by the terms, conditions, provisions, limitations, exclusions, definitions, limits, all coverage parts, insuring clauses and

endorsements of the Financial Institutions Select Insurance Policy No. DOP 9311203-04, with the policy period from 06/09/2015 to 06/09/2016, issued to policyholder First NBC Bank Holding Company (the "Zurich Policy"). Zurich expressly and affirmatively pleads the entirety of the Zurich Policy (attached as Exhibit "A" to the Interpleader-Complaint), the complete terms of which are adopted and incorporated herein. including, but not limited to, all terms, conditions, provisions, limitations, exclusions, definitions and endorsements, including all policy limits, sub-limits, aggregates, deductibles, Management Liability Coverage Part, Professional Liability Coverage Part, Lending Liability Coverage Part and provisions contained within the Zurich Policy.

### THIRD AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent that any insured is a party to other insurance contracts which may respond to this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

St. Angelo's claims are barred in whole or in part to the extent Section VI.C. of the Policy's General Terms and Conditions applies, which states that "[a]ny advancement or payment of **Defense Costs** shall be repaid to the Insurer by the **Insureds** severally according to their respective interests if and to the extent the Insureds shall not be entitled under the terms and conditions of this policy to coverage for such **Defense Costs**."

### FIFTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent they are excluded by Section IV(I) of the Policy's Management Liability Coverage Part, including any claims that are based upon, arise out of, or are attributable to any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by an insured person, if a

final and non-appealable adjudication adverse to any insured person in any proceeding not brought by the insurer establishes such a deliberately fraudulent act or mission or willful violation.

### SIXTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent they are excluded by Section IV(J) of the Policy's Management Liability Coverage Part, including any claims that are based upon, arise out of, or are attributable to an insured person gaining any profit, remuneration, or financial advantage to which such insured person was not legally entitled if a final and non-appealable adjudication adverse to any insured person in any proceeding not brought by the insurer established such insured person in fact gained any such profit, remuneration or advantage.

### SEVENTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent that any insured failed to perform fully all of the obligations under any applicable Zurich policy, or failed to comply fully with the terms, obligations and conditions therewith and/or to the extent that any insured has failed to cooperate as required by any applicable policy of insurance.

### EIGHTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent any insured or purported insured voluntarily paid or assumed an obligation to pay or incur any expenses without notice to Zurich.

### NINTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent that an insured has impaired or prejudiced any right to subrogation, indemnification or contribution that Zurich may have.

### TENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by St. Angelo against Zurich is or may be barred, in whole or in part, to the extent the claims of plaintiff arise from risks not covered by any purported policy of insurance issued by Zurich.

### ELEVENTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent they seek recovery in excess of the limits of insurance of any policy found to be at issue

### TWELFTH AFFIRMATIVE DEFENSE

In the alternative, St. Angelo's claims against Zurich are barred, in whole or in part, by laches, prescription and/or the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent that the purported acts or failure to act alleged by plaintiff are in violation of public policy or law.

### FOURTEENTH AFFIRMATIVE DEFENSE

St. Angelo's claims against Zurich are barred, in whole or in part to the extent of any judicial estoppel, any inconsistent positions in litigation, any accord and satisfaction, estoppel, failure of consideration, payment, waiver, and/or release.
.

**FIFTEENTH AFFIRMATIVE DEFENSE**

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent they arise from any amount not indemnified by the Company for which an insured person is absolved from payment by reasons of covenant, agreement or court order.

**SIXTEENTH AFFIRMATIVE DEFENSE**

St. Angelo's claims against Zurich are barred, in whole or in part, for matters uninsurable under the law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent of any offsets for recoveries by the plaintiff and/or any insureds or any other persons or entities.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

St. Angelo's claims against Zurich are barred, in whole or in part, to the extent they arise from losses that are uninsurable, including restitution, disgorgement, ill-gotten gains or are otherwise part of an order or Judgment to return monies unlawfully obtained.

WHEREFORE, Zurich American Insurance Company prays that its Answer to St. Angelo's Counterclaim for Declaratory Relief be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Zurich American Insurance Company and against Gregory St. Angelo, dismissing all claims with full prejudice and at St. Angelo's cost. Zurich American Insurance Company further prays for all other equitable relief allowed by law.

Respectfully submitted,

 /s/ John W. Hite III
Salley, Hite, Mercer & Resor LLC
**JOHN W. HITE III (17611)**
**GLEN E. MERCER (21752)**
**MARCEL MOULLEDEAUX (30339)**
**JAMES G. ALBERTINE III (32053)**
One Canal Place
365 Canal Street, Suite 1710
New Orleans, LA 70130
Telephone: 504/566-8800
Facsimile: 504/566-8828
**BY: /s/ John W. Hite III**
 JOHN W. HITE III
**ATTORNEYS FOR ZURICH AMERICAN INSURANCE COMPANY**