UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * * * * * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, III, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVIDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMAN MOYSE, III, GRISH LLOYD PANDIT, JAMES RODDY, DR. CHARLES TEAMER, JOSEPH TOOMY, RICHARD M. WILKINSON, LOUIS BALLERO, MARSHA CROWLE, MARY BETH VERDIGETS, FRANK FUGETTA AND MICHAEL LULICH | * | ADVERSARY PROCEEDING NO. 20-01005 |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * * * * * * * * * |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant and Counterclaim Plaintiff Gregory St. Angelo submits this Reply Memorandum in further support of his motion for partial summary judgment (Rec. Doc. 87) and

- 1 -

1285329v.1

in response to the opposition memoranda submitted by Frank Fugetta and Michael Lulich (Rec. Doc. 115) and by the Director Defendants[1] (Rec. Doc. 113).

1. **St. Angelo Does Not Object to Deferral of His Motion for Partial Summary Judgment.**

At the hearing on Tuesday, May 5, 2020, the Court indicated that at the upcoming hearing on Tuesday, May 19, the Court planned to address first the two pending jurisdictional motions: the Director Defendants' motion to dismiss the adversary interpleader for lack of subject matter jurisdiction (Rec. Doc. 92) and St. Angelo's motion to dismiss the crossclaim that Fugetta and Lulich filed against him for lack of subject matter jurisdiction (Rec. Doc. 84).[2] The Court and parties discussed that the Court would consider the motion for partial summary judgment on a future date, depending on how the pending threshold/jurisdictional motions are resolved. In addition, the United States has filed a motion to stay in order to prevent discovery in this case that could impair its criminal investigation. (Rec. Doc. 111.) The Court entered a docket text order on May 5, 2020, that stayed all proceedings pending the May 19 hearing. Nevertheless, Fugetta, Lulich, and the Director Defendants proceeded to file opposition memoranda to St. Angelo's partial summary judgment motion, and St. Angelo submits this reply in abundance of caution to briefly address those opposition memoranda.

---

[1] William D. Aaron, Jr., Herbert W. Anderson, Dale Atkins, John C. Calhoun, William Carrouche, Leander Foley III, John F. French, Leon Giorgio, Jr., Shivan Govindan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Herman Moyse, III, Grish Lloyd Pandit, James Roddy, Jr., Charles Teamer, Joseph Toomy, and Richard M. Wilkinson, who are all represented in this matter by the Baker Donelson law firm.

[2] The Court held oral argument on the motion to dismiss the crossclaim on April 21, 2020.

Both opposition memoranda suggest that the Court should stay these proceedings. St. Angelo does not object to deferral of his motion for partial summary judgment until a future hearing after the threshold motions are resolved.[3] However, if the pending jurisdictional motions are granted, the Court may be able to resolve this case without discovery or a stay.

**2.  Depending on the Court's Resolution of the Jurisdictional Motions, this Matter May Be Resolved Without the Need for a Stay or Discovery.**

If the Court decides to grant the Director Defendants' motion to dismiss and St. Angelo's motion to dismiss the crossclaim, then the interpleader and crossclaim will be dismissed, and the Director Defendants, Fugetta, and Lulich will no longer be parties to the proceeding. Whether any remaining claims survive at all would depend on the basis for the court's ruling. The Director Defendants have argued that Zurich's interpleader complaint was improper because the Court lacks jurisdiction to hear a dispute regarding the Zurich policy's proceeds. *See* Rec. Doc. 92-1, at pp. 8-9 (citing *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir. 1987).) Zurich has opposed the Directors' argument, citing prior orders implementing caps and reporting requirements as to disbursement of Zurich policy proceeds and arguing that the matter is sufficiently related to the underlying bankruptcy case that the Court may exercise jurisdiction over the interpleader as a related action. *See* Rec. Doc. 114 at pp. 8-11. St. Angelo does not take a position on this issue. However, if the Court agrees with the Directors and decides that it does not have subject matter jurisdiction to resolve a dispute regarding proceeds of the Zurich policy, then the adversary proceeding and all related claims, including St. Angelo's counterclaim against Zurich, should be dismissed without prejudice, so that St. Angelo's claim against Zurich may be adjudicated in another forum if necessary.

---

[3]  St. Angelo respectfully notes that Zurich has not yet filed an opposition to the partial summary judgment motion.

- 3 -

The Directors alternatively argue that the interpleader should be dismissed because they do not yet possess a ripe, justiciable claim to the interpleaded funds. Similarly, St. Angelo has argued that Fugetta and Lulich have not sustained an injury sufficient to provide them with standing or a ripe claim. If the Court agrees that it lacks jurisdiction based on ripeness and/or standing, then all claims in this matter should be dismissed *except for* St. Angelo's counterclaim against Zurich. Unlike the other Defendants, St. Angelo is sustaining an ongoing, ripe harm, because Zurich is withholding payment for his covered, ongoing defense costs. The Court may then proceed to adjudicate that coverage dispute.

Based on the allegations of Zurich's original Complaint and Zurich's answer to the crossclaim, it appears that the Court may be able to resolve the legal issue that is the center of the coverage dispute between Zurich and St. Angelo without a need for discovery. Zurich affirmatively alleged in its complaint that St. Angelo is an insured person under the Zurich policy. (Complaint, Rec. Doc. 1 at ¶ 32; *see also* Answer to Counterclaim, Rec. Doc. 116 at ¶ 10.) Further, Zurich has already determined that the interpleaded funds are covered defense costs but for the dispute regarding whether a policy exclusion applies (and Zurich's solicitation of objections from co-insureds on that basis). Zurich did not assert the factual contentions raised by the other defendants that St. Angelo is not entitled to coverage because he is not an insured person or that there are discoverable questions regarding his counsel's billings (St. Angelo denies both assertions).

Rather, the issues between Zurich and St. Angelo are ripe for adjudication as a matter of law. The fraudulent conduct exclusion – on which Zurich has relied to deny St. Angelo coverage – is only triggered upon a final and nonappealable adjudication. *See* discussion, St. Angelo's Orig. Memo. in Support, Rec. Doc. 87-1, pp. 7-10. *See also* Zurich's Answer to

Crossclaim at ¶ 12 ("[O]n July 29, 2019, Zurich notified Mr. St. Angelo that it was going to deny coverage to him under two exclusions of the policy - *which require a final and non-appealable adjudication of guilt* – namely, Sections IV(I) and IV(J) of the Policy's Management Liability Coverage Part." (emphasis added)).  The law unequivocally holds that there is no final adjudication based upon a guilty plea until sentence has been entered.  Whether St. Angelo's guilty plea triggered the policy exclusion <u>before</u> sentencing is a discrete legal issue that the Court may decide as a matter of law without the need for an evidentiary hearing.  It does not to present any triable issues of fact and does not warrant discovery.

**3.    Judicial Estoppel Does Not Apply.**

Fugetta and Lulich aver that St. Angelo should be judicially estopped from asserting his rights as an insured under the policy. (Rec. Doc. 113 at pp. 5-9.)  As recognized by the United States Supreme Court in *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), "[t]he doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  Judicial estoppel can be invoked only when a party is taking a position in a legal proceeding that is clearly inconsistent with a position taken in a prior proceeding that the party succeeded in persuading the prior court to accept and from which the party would derive an unfair advantage.  *Id*. at 750.  Here, the Zurich policy expressly provides that the policy exclusion is not triggered until the time of a final and non-appealable adjudication.  As discussed in St. Angelo's original memorandum, courts have consistently held that the final adjudication occurs at sentencing.  There is nothing inconsistent about St. Angelo asserting his available rights pursuant to the express terms of the insurance policy, and St. Angelo is not asserting any position in this adversary proceeding that is inconsistent with the criminal proceeding.

Indeed, Fugetta and Lulich's argument that St. Angelo should be denied coverage based on a judicial estoppel theory should additionally be rejected because it raises constitutional concerns under the Sixth Amendment right to counsel. Fugetta and Lulich are effectively asking this Court to alter the Zurich policy language in order to eliminate the final adjudication requirement. The purpose of the proposed change is to deny St. Angelo the ability to recover policy proceeds to pay his defense counsel during the sentencing phase of his criminal proceeding, even though the policy expressly provides that the exclusion is triggered by final adjudication. *See United States v. Stein,* 541 F.3d 130 (2d Cir. 2008) (affirming dismissal of certain indictments under the Sixth Amendment after government attorneys caused defendants' corporate employer to alter its internal policy and cease paying for defense counsel).

**4.     The Court Should Exclude Counsels' Rule 56(d) Declarations.**

Finally, St. Angelo objects to the declarations submitted by Nancy Scott Degan (Rec. Doc. 113-2) and Eric J. Derbes (Rec. Doc. 115-1). Both declarations contain legal argument, hearsay, and statements made without a showing of personal knowledge. Both offer counsels' interpretations of the Zurich policy and the factual basis (Derbes Decl. at ¶¶ 7, 10-11; Degan Decl. at ¶¶ 7, 9-10.) Proper interpretation of the insurance policy is the province of the Court, and counsel may not provide opinion or legal argument under the guise of declaration testimony. Fed. R. Evid. 701, 704. The Court may assess the Zurich policy, the factual basis, and other record evidence without considering counsels' inadmissible characterizations of those documents.

1285329v.1

5. **Conclusion.**

The Court should defer ruling on the pending summary judgment motion until after disposing of the jurisdictional motions.

Respectfully submitted,

/s/ J. Dalton Courson
Phillip A. Wittmann (Bar No. 13625)
Paul J. Masinter (Bar No. 18324)
Peter M. Thomson (Bar No. 02147)
J. Dalton Courson (Bar No. 28542)
Bryant S. York (Bar No. 34165)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: pwittmann@stonepigman.com
pmasinter@stonepigman.com
pthomson@stonepigman.com
dcourson@stonepigman.com
byork@stonepigman.com

***Attorneys for Gregory St. Angelo***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Support of Motion for Partial Summary Judgment has been sent to all counsel of record by electronic notice via the Court's CM/ECF system, at the email addresses below, this 15th day of May, 2020.

/s/ J. Dalton Courson

Wilbur J. (Bill) Babin, Jr. on behalf of Counter-Claimant/Defendant Louis Ballero:
babin@derbeslaw.com, derbeser72443@notify.bestcase.com

Brian M. Ballay on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Lloyd Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govidan, and William Carrouche:
bballay@bakerdonelson.com, ddeamore@bakerdonelson.com

Nancy Scott Degan on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Ro B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
ndegan@bakerdonelson.com, degan@bakerdonelson.com

Eric J Derbes on behalf of Cross-Claimants/Defendants Frank Fugetta and Michael Lulich:
ederbes@derbeslaw.com, derbespacer@gmail.com, derbeser72443@notify.bestcase.com

Jonathan Edwards on behalf of Defendants Marsha Crowle and Mary Beth Verdigets:
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jan M. Hayden on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Roy B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com, ptorres@bakerdonelson.com

John Hite, III on behalf of Plaintiff Zurich American Insurance Company:
jhite@shmrlaw.com

Sharan Lieberman on behalf of Intervenor USA (DOJ):
sharan.lieberman@usdoj.gov