UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: * | |
| * | |
| FIRST NBC BANK HOLDING COMPANY, * | CHAPTER 11 |
| * | |
| DEBTOR. * | |
| * | CASE NO. 17-11213 – "A" |
| * * * * * * * * * * * * * * * * * | |
| | |
| ZURICH AMERICAN INSURANCE COMPANY, | |
| | |
| PLAINTIFF. | |
| VERSUS | |
| | |
| GREGORY ST. ANGELO, WILLIAM D. AARON, | ADV. P. NO. 20-01005 |
| JR., HERBERT W. ANDERSON, DALE ATKINS, | |
| JOHN C. CALHOUN, WILLIAM CARROUCHE, | |
| LEANDER J. FOLEY, III, JOHN F. FRENCH, | |
| LEON GIORGIO, JR., SHIVAN GOVINDAN, | |
| LAWRENCE BLAKE JONES, | |
| LOUIS LAURICELLA, MARK MERLO, | |
| HERMAN MOYSE, III, GRISH LLOYD PANDIT, | |
| JAMES RODDY, DR. CHARLES TEAMER, | |
| JOSEPH TOOMY, RICHARD M. WILKINSON, | |
| LOUIS BALLERO, MARSHA CROWLE, | |
| MARY BETH VERDIGETS, FRANK FUGETTA | |
| AND MICHAEL LULICH, | |
| | |
| DEFENDANTS. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM TO OPPOSITION TO MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, come William D. Aaron, Jr., Herbert W. Anderson, Dale Atkins, John C. Calhoun, William Carrouche, Leander Foley III, John F. French, Leon Giorgio, Jr., Shivan Govindan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Herman Moyse, III, Grish Lloyd Pandit, James Roddy, Jr., Charles Teamer, Joseph Toomy, and Richard M. Wilkinson (the "Directors") who file the instant Reply (the "Reply") in Support

1

4850-6331-0271v1
2941996-000001

of their Motion to Dismiss [Doc. No. 92] (the "Motion to Dismiss"). During the course of oral argument on the Motion to Dismiss, the Court requested additional briefing on the existence of subject matter jurisdiction, and in particular, "related to" jurisdiction, over this interpleader action (the "Adversary Proceeding"). This Reply memorandum is intended to meet that request as well as respond to certain arguments advanced in the Opposition [Doc. No. 114] to the Motion to Dismiss filed by Zurich American Ins, Company ("Zurich").[1]

**INTRODUCTION**

Zurich commenced the Adversary Proceeding as an interpleader action against the Directors and Gregory St. Angelo ("St Angelo") to obtain a judicial determination regarding what rights, if any, St. Angelo has to proceeds totaling approximately $200,000.00 (the "Proceeds").[2] The Proceeds are proceeds of certain D&O insurance policies (the "Policies") owned by the Debtor. For subject matter jurisdiction to exist over such an action between non-debtors, the Proceeds must be property of the estate or alternatively, the outcome of the action must have such an effect on the Debtor's estate that this court may assert "related to" jurisdiction over it. Neither is the case.

In their Motion to Dismiss, the Directors have briefed why the Proceeds are in fact *not* property of the Debtor's estate. Namely, although the Debtor is the owner of the policies, it has no right to receive the Proceeds. It follows that the Court lacks subject matter jurisdiction over a non-estate asset. The initial briefing relating to the Director's Motion to Dismiss as well as the

---

[1] In their Motion to Dismiss (Rec. Doc. 92), the Directors argued (i) that the Court lacks jurisdiction because the proceeds of the policy are not the property of the bankruptcy estate, (ii) a lack of ripeness, (iii) the matter should be stayed considering the ongoing criminal proceedings. The Directors reiterate and maintain those arguments in response to Zurich's interpleader complaint; however, per the Court's request, this Reply only addresses the issue of whether "related to" jurisdiction exists over the Proceeds.

[2] For purposes of this Reply, "Proceeds" is defined as the approximately $200,000 of proceeds at issue here.

2

4850-6331-0271v1
2941996-000001

briefing in connection with the Motion to Lift the Stay filed in the main case sufficiently briefs this issue.

The Directors now file this Reply to clarify two reasons why the Court also lacks "related to" subject matter jurisdiction over this dispute between non-debtors. First, the estate has no interest in the outcome of the litigation. Said another way, the outcome of this action lacks the potential to alter the Debtor's rights, liabilities, options or freedom of action (either positively or negatively) or in any way impact upon the handling and administration of the bankruptcy estate. Because the outcome of this litigation will have no conceivable effect on the Debtor's estate, the Court lacks "related to" jurisdiction. Second, contrary to Zurich's arguments, entry of "soft cap" orders in the bankruptcy case does not and cannot establish "related to" subject matter jurisdiction in this Adversary Proceeding. Consequently, the Court should grant the Directors' Motion to Dismiss.

## ARGUMENT

### I. Dismissal is Warranted Because the Court Lacks "Related To" Jurisdiction

The only basis for subject matter jurisdiction in this case is that this proceeding is somehow "related to" the bankruptcy proceeding of FNBC.[3] Claims that "relate to" a bankruptcy case, but do not arise under the Bankruptcy Code or arise in a bankruptcy case, are "non-core" matters. *Wood v. Wood (In re Wood)*, 825 F.2d 96 (5th Cir.1987). "Related to" jurisdiction exists over non-core matters if "the outcome of that proceeding could conceivably have any effect on the estate

---

[3] Section 1334(b) sets forth three types of proceedings over which this Court has original but not exclusive subject matter jurisdiction: those "arising under title 11," those "arising in" a case under title 11, and those "related to" a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir.1987). "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *In re Wood*, 825 F.2d at 96. "Arising in" jurisdiction is not based on a right expressly created by title 11, but is based on claims that have no existence outside bankruptcy. *Id*. at 97.

being administered in bankruptcy." *In re U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002). Under such "conceivable effects" test for establishing "related to" jurisdiction, "an action is related to bankruptcy if the outcome could **alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate**." *Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (emphasis supplied). Thus, for jurisdiction to exist, the proceedings must have some effect on the debtor. *Claiborne Elec. Co-op., Inc. v. Sw. Elec. Power Co.*, No. CIV.A. 05-0166, 2007 WL 4589780, at *3 (W.D. La. Dec. 27, 2007). The Court has no subject matter jurisdiction over this action because its outcome will be inconsequential to the debtor and the estate. Furthermore, entry of "soft cap" orders in the main bankruptcy case do not confer "related to" jurisdiction over the Adversary Proceeding.

      a. The Outcome of this Adversary
         <u>Proceeding Cannot Conceivably Affect the Estate</u>

Although Zurich correctly cites the "conceivable effects" test, it offers no explanation as to how the outcome of this litigation will alter the Debtor's rights, liabilities, options or freedom of action (either positively or negatively). Nor does it explain how the outcome of this Adversary Proceeding impacts the handling or administration of the bankruptcy estate. The Directors assert that Zurich has not addressed these issues because it cannot.

Here, even a cursory review of the pleadings in this Adversary Proceeding demonstrates that the issue at stake is whether Greg St. Angelo (a non-debtor) is entitled to Proceeds (a non-estate asset) from Zurich (a non-debtor). St. Angelo says he is entitled to these Proceeds to pay his expenses until such time as he finally is sentenced for his criminal behavior, whereas Zurich has maintained that by pleading guilty, St. Angelo has no right to further avail himself of the

Proceeds. As such, there is nothing about the outcome of this litigation that can in any way, shape or form affect the handling and administration of the Debtor's bankruptcy estate. Nor will the outcome of this litigation alter the Debtor's rights, liabilities, or freedom of action. This litigation will not decide if any claims the estate has against any party are valid nor will it decide if any party has a claim against the estate. This Adversary Proceeding will only determine whether St Angelo has a right to have his attorneys' fees paid out of the Proceeds that the Debtor neither owns nor has a right to receive.

Nor does the outcome of this Adversary Proceeding affect the administration of this estate. The outcome cannot affect whether the confirmation order entered in the main case on appeal will be reversed, or what the terms of a new plan would be if the current plan fails. In fact, even if this Chapter 11 were to fail and the main case converted to a Chapter 7, nothing about this litigation will affect that administration.

Whether St. Angelo recovers the $200,000 at stake in this litigation or not, the estate is entitled to none of the proceeds of the policies. It cannot demand payment, only the insureds can. Thus, the outcome of the Adversary Proceeding – be it the success or failure of St. Angelo to recover the Proceeds – will not deprive or enhance the value of the estate or otherwise bear upon the estate property available for distribution to creditors. In this regard, several of the cases cited by Zurich are easily distinguished. In *In re Strawberry*, 464 B.R. 443, 447 (Bankr. N.D. Fla. 2012), a bankruptcy trustee sued several parties over the estate's entitlement to and priority in deferred compensation funds. If successful, the proceeds would become property of the estate and available for distribution to creditors. Likewise, jurisdiction existed over an interpleader action brought by bonding companies against a debtor subcontractor's lien claimants in *In re J.F. Naylor & Co., Inc.*, 67 B.R. 192, 194 (Bankr. M.D. La. 1986) because the outcome of the dispute could directly impact

5

the debtor's retainage and thus reduce or enhance property of the estate. In *FRNC, LLC v. Homelife at Folts, LLC,* 28 U.S. Dist. LEXIS 47597 (N.D.N.Y. 2018), the outcome of the interpleader action could conceivably affect the estate because the funds in dispute were monies generated by the debtors and therefore constituted estate property.

The outcome of the Adversary Proceeding likewise cannot alter or reduce the estate's liability to St. Angelo or the Directors because neither St. Angelo nor the Directors seek to recover any amounts above the Proceeds available (on account of their indemnification claims).[4] The case cited by Zurich, *In re S. & S. Commc'n Specialists, Inc.*, No. 16-08025-TRC, 2017 WL 888594 (Bankr. E.D. Okla. Mar. 1, 2017), speaks to this precise issue. The *S&S* court held that the outcome of an interpleader action over the proceeds of a general liability policy could have a conceivable effect on the underlying bankruptcy estate because several of the parties thereto were seeking to collect more than the insurance proceeds available under the general liability policy at issue. Thus, the amount that such parties were able to recover from the proceeds would directly reduce or increase the remaining balance of their claims against the estate. In this regard the Court noted, "[t]heir claims *and ultimate recovery* certainly depend on the distribution of the Mid–Continent [p]roceeds and the terms on which Mid–Continent is allowed to be released from further obligations regarding the Incident." *In re S. & S. Commc'n Specialists, Inc.*, No. 16-08025-TRC, 2017 WL 888594, at *4 (Bankr. E.D. Okla. Mar. 1, 2017) (emphasis supplied). The same basis for jurisdiction is absent here because Zurich's distribution of the Proceeds in this Adversary Proceeding will not alter the amount of St. Angelo or the Directors' claims against the estate.[5]

---

[4] Some of the Directors filed proofs of claim regarding other commitments of the debtor not pertinent to the instant motion.

[5] In this regard, the *Casona v. Ziff,* 2018 U.S. Dist. LEXIS 128972 (S.D.N.Y. 2018) case cited by Zurich is likewise distinguishable. In *Casona*, the plaintiff sued both the debtor and third-party officers and directors of the debtor. The officers and directors removed the matter on the basis of "related to" bankruptcy jurisdiction. The Court found that

6

4850-6331-0271v1
2941996-000001

      b. Entry of "Soft Cap" Orders in the Bankruptcy Case Does Not Establish Subject Matter Jurisdiction in the Adversary Proceeding

In the Opposition, Zurich erroneously suggests that subject matter jurisdiction is present herein because "[b]y previously issuing multiple 'soft cap' orders governing the payment of Defense Costs from the Zurich policy on the application of these same Directors [in the main bankruptcy case], this Court has already demonstrated that it has jurisdiction over the very funds at issue in the interpleader, even while expressly noting in each order that it was not ruling on whether the proceeds were property of the estate." *See* Opposition [Doc. No. 411] at pp. 9-11. As this Court is aware, subject matter jurisdiction is not something that may be stipulated to, waived into or otherwise granted by any action other than statutory law. Moreover, it is always subject to review by the Court. *See e.g.*, *In re Harper*, 117 B.R. 306, 309 (Bankr. N.D. Ohio 1990) ("Dismissal premised upon this jurisdictional bar cannot be waived; rather, this jurisdictional bar may be raised at any time as the court is under a continuing duty to dismiss an action whenever it appears that it lacks jurisdiction."); FED. R. CIV. PROC. 12(h)(3)("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").[6] Therefore, even if the "soft cap" orders somehow waived the requirement of subject matter jurisdiction in the main

---

the outcome of the removed litigation could conceivably affect the estate because it could fix the liability of such officers and directors *vis a vis* the debtor, who owed indemnification to such directors and officers. The outcome of the litigation would also undoubtedly fix the liability of the Debtor and the other entities for their actions and their contribution to the damage suffered by the plaintiff. *Casona* is therefore distinguishable from this Adversary Proceeding because here, the outcome does not have the potential to establish the amount of indemnification that the Debtor owes to St. Angelo or the Directors. The outcome of this litigation fixes no one's liability *vis a vis* the Debtor's estate.

[6] *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 1570, 143 L. Ed. 2d 760 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"); *Caciolo v. Am. Aluminum & Insulation Co. of Bethlehem,* No. CIV.A. 04-962, 2004 WL 1102811, at *3 (E.D. Pa. May 13, 2004) (denying motion to remand but noting that if discovery reveals that Court lacks subject matter jurisdiction then parties may move to dismiss for lack of subject matter jurisdiction at any stage of the proceeding).

7

bankruptcy case, such waiver would be ineffective and subject to review in this Adversary Proceeding.

Further, jurisdiction of an adversary proceeding is determined based on the issues raised and parties contained in that matter, not in the main case. Thus, nothing about the Court's action in establishing a soft cap for uses of Zurich Proceeds *in the bankruptcy case* preestablished "related to" subject matter jurisdiction *in this Adversary Proceeding*. The conceivable effects test compels the Court to consider what impact the outcome of the Adversary Proceeding could have on the Debtor or the estate. Such outcome has no bearing whatsoever on previously issued soft cap orders in the main bankruptcy case.

Nor did the soft cap orders independently create subject matter jurisdiction over the Proceeds. In this regard, the Directors adopt and incorporate herein the factual and legal arguments set forth in their Motion to Dismiss as to why the subject of this Adversary Proceeding, *i.e.* the Proceeds, are not property of the estate. *See* Motion to Dismiss [Doc. No. 92] at pp 8-9. Indeed, Zurich has acknowledged that the Court never made a finding in any of the soft cap orders that the Proceeds were estate property.[7] Because such soft cap orders in the main bankruptcy case do not hold that the Proceeds are property of the Debtor's estate, they cannot be used as precedent that the Court has subject matter jurisdiction over such Proceeds in this Adversary Proceeding. This is particularly true because here, the Debtor has never had a right to receive the Proceeds in the first place.

---

[7] Numerous parties briefed the issue to obtain a comfort order for Zurich. Motion for Declaratory Relief, or, in the Alternative, for Relief from Stay filed by Directors (Bnkr. Rec. Doc. 178); Motion for Relief from Stay filed by FDIC (Bnkr. Rec. Doc. 226); Motion for Relief from Co-Debtor Stay by Ashton Ryan (Bnkr. Rec. Doc. 244); Motion for Relief from Stay to Apply Insurance Proceeds by Mary Beth Verdigets (Bnkr. Rec. Doc. 70). The parties reached a compromise to obtain a comfort order prior to the Court ruling on the issue. See Bnkr. Rec. Doc. 324 and 325 ¶ 7 ("Noting in this order shall constitute … (iv) a waiver or consent by the D&Os' that the Court has jurisdiction or authority over the proceeds of the Policies, the D&Os' defense costs, or the amounts incurred in connection with the Policies.")

## CONCLUSION

Zurich is not without a remedy. It can bring this dispute with a non-debtor, St. Angelo, in a court of competent jurisdiction, whether it be state court or federal district court, to interpret the respective contractual rights that Zurich and St. Angelo may have vis a vis the Proceeds. But, because this Court lacks subject matter jurisdiction over this dispute over such Proceeds, the Directors respectfully request that the Court grant their Motion to Dismiss.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*s/ Jan M. Hayden*
JAN M. HAYDEN (#06672)
NANCY SCOTT DEGAN (#01819)
BRIAN M. BALLAY (#29077)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
jhayden@bakerdonelson.com
ndegan@bakerdonelson.com
bballay@bakerdonelson.com

**COUNSEL FOR WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE B. ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, JOHN FENNER FRENCH, LEON L. GIORGIO, JR., SHIVAN GOVINDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMANN B. MOYSE, III, GRISH ROY B. PANDIT, JAMES C. RODDY, CHARLES C. TEAMER, SR., JOSEPH F. TOOMY, RICHARD M. WILKINSON**

4850-6331-0271v1
2941996-000001

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via email through the Court's CM/ECF Electronic Notification System to all counsel of record who are receiving notice through this Court's CM/ECF Electronic Notification System and by First Class Mail upon the parties on the attached service list who do not receive notice through the CM-ECF system.

New Orleans, Louisiana, this 9th day of June, 2020.

                                                           *s/ Jan M. Hayden*
                                                         Jan M. Hayden


Wilbur J. (Bill) Babin, Jr. on behalf of Counter-Claimant Louis Ballero
babin@derbeslaw.com, derbeser72443@notify.bestcase.com

Wilbur J. (Bill) Babin, Jr. on behalf of Defendant Louis Ballero
babin@derbeslaw.com, derbeser72443@notify.bestcase.com


James Dalton Courson on behalf of Cross Defendant Gregory St. Angelo
dcourson@stonepigman.com, wduncan@stonepigman.com

Eric J Derbes on behalf of Counter-Claimant Frank Fugetta
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Counter-Claimant Michael Lulich
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Cross-Claimant Frank Fugetta
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Cross-Claimant Michael Lulich
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Defendant Frank Fugetta
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Defendant Michael Lulich
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Jonathan Edwards on behalf of Defendant Marsha Crowle
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jonathan Edwards on behalf of Defendant Mary Beth Verdigets
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

John Hite, III on behalf of Counter-Defendant Zurich American Insurance Company
jhite@shmrlaw.com

John Hite, III on behalf of Plaintiff Zurich American Insurance Company
jhite@shmrlaw.com

Sharan Lieberman on behalf of Intervenor USA (DOJ)
sharan.lieberman@usdoj.gov

Phillip A. Wittmann on behalf of Counter-Claimant Gregory St. Angelo
pwittmann@stonepigman.com

Phillip A. Wittmann on behalf of Cross Defendant Gregory St. Angelo
pwittmann@stonepigman.com

Phillip A. Wittmann on behalf of Defendant Gregory St. Angelo
pwittmann@stonepigman.com

4850-6331-0271v1
2941996-000001