UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| FIRST NBC BANK HOLDING COMPANY, | * | CASE NO. 17-11213 |
| | * | |
| Debtor, | * | SECTION "A" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY | * | ADVERSARY PROCEEDING |
| | * | |
| Plaintiff, | * | NO. 20-01005 |
| | * | |
| V. | * | |
| | * | |
| GREGORY ST. ANGELO, ET AL | * | |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * * |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant and Counterclaimant Gregory St. Angelo submits this supplemental brief in support of dismissal on jurisdictional grounds. The Court permitted parties to file supplemental briefing on the issue of "related-to" jurisdiction, and St. Angelo submits this brief in further support of dismissal.

The largest group of Director claimants have asserted that this Court lacks related-to jurisdiction, while Zurich has asserted that related-to jurisdiction exists. As the proponent of jurisdiction, Zurich bears the burden to prove that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In addition to the arguments presented by the Directors, even if the Court determines that Zurich has satisfied its burden to show that related-to jurisdiction

exists, the Court may still abstain in accordance with the discretion provided by 28 U.S.C. § 1334(c)(1). Abstention would permit this case to be decided in state court and would avoid the Court having to decide difficult jurisdictional questions, enter an immediate stay, or resolve questions of Louisiana law that are more appropriately addressed in the first instance by a Louisiana court. The Court should abstain from exercising related-to jurisdiction and dismiss this case without prejudice.

## I. Law and Argument

### A. The Court May Abstain When Equitable Factors Weigh in Favor of Resolving a Dispute in State Court.

Even if the Court were to decide that it has "related-to" jurisdiction, in appropriate cases a federal court may dismiss a proceeding that is related to a bankruptcy case so that the dispute can be resolved in a state court. 28 U.S.C. § 1334(c)(1) authorizes abstention in cases that involve questions of state law or when justice so requires:

> Nothing in [§ 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Fifth Circuit has explained that Section 1334(c) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Permissive abstention under Section 1334(c)(1) may be considered by the Court *sua sponte* and no formal motion is required. *Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996).

Courts have generally applied a non-exhaustive list of equitable factors when considering discretionary abstention under Section 1334(c)(1). The decision to abstain is

"committed to the discretion of the district court." *Gober*, 100 F.3d at 1207. No single factor is dispositive. *Roberts Broad. Co. v. DeWoskin (In re Roberts Broad. Co.)*, 586 B.R. 310, 314 (B.A.P. 8th Cir. 2017). "The permissive abstention analysis is driven by equitable considerations germane to the case." *Lewis v. Ansco Insulations, Inc. (In re Friede Goldman Halter, Inc.)*, 602 B.R. 307, 314 (Bankr. M.D. La. 2019). The factors that courts have considered include the following:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends remand or abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) the jurisdictional basis, if any, other than § 1334;

(6) the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the court's docket;

(10) the likelihood of forum shopping;

(11) the existence of a right to a jury trial;

(12)   the presence in the proceeding of non-debtor parties;[1]

(13)   comity; and

(14)   the possibility of prejudice to other parties in the action.

*See Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014); *Smith v. Wal-Mart Stores, Inc.*, 305 F. Supp. 2d 652, 657 n. 8 (S.D. Miss. 2003); *see also Johnson v. Woodlands Dev., LLC (In re Johnson),* 506 B.R. 233, 241 (Bankr. M.D. La. 2014) (applying similar factors).

      **B.   Questions of Louisiana Law Predominate Over Any Federal Issues in this Case.**

Federal courts have declined to exercise jurisdiction over proceedings that are merely related to a bankruptcy case when those proceedings involve issues of state law, the proceeding is non-core, and the state courts provide an available forum. For example, in *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, Judge Jolivette Brown of the Eastern District of Louisiana exercised discretionary abstention under Section 1334(c)(1) and dismissed without prejudice. 282 F.R.D. 146 (E.D. La. 2012). The case had already proceeded through discovery when jurisdictional questions arose on the eve of trial, causing a continuance. *Id.* at 153. Addressing the jurisdictional questions anew, the court first found that the plaintiff had failed to establish diversity. *Id.* at 157. Therefore, the only potential remaining basis for jurisdiction was related-to jurisdiction. However, the court found it unnecessary to determine whether related-to jurisdiction existed, because the court decided to exercise its discretionary authority under Section 1334(c)(1) to abstain. The court found that permissive abstention was the proper course noting that, like the present matter, the plaintiff's claims hinged solely on questions of state law and

---

[1] Where there are several non-debtor parties in an adversary proceeding, the absence of consent of only one of the non-debtor parties to a final adjudication by the bankruptcy court weighs in favor of abstention. *In re Rosales*, No. 12-30590-RBK, 2012 Bankr. LEXIS 4366, at *21 (Bankr. W.D. Tex. Sept. 21, 2012).

invoked no rights created by federal bankruptcy law. *Id.* at 159-160. This factor weighed heavily in favor of abstention in the interest of comity with state courts. *Id.* at 160. Further, "by abstaining, the issue of subject-matter jurisdiction [could] be brought to a close, so that the parties may proceed with the merits of this case—albeit in state court." *Id.*

Similarly, in *In re Wood*, 84 B.R. 432 (S.D. Miss. 1988), the court abstained from deciding state law claims pursuant to Section 1334(c)(1). Plaintiff had sued the two debtors and two non-debtor parties, alleging a number of state law claims. *Id.* at 433. The court determined that the exercise of discretionary abstention and dismissal of the adversary proceeding was appropriate to address the concern that Section 1334's broad grant of jurisdiction to bankruptcy courts "could bring into federal court matters which are more properly left to state courts to decide." *Id.* at 434-35. Abstention was appropriate given the fact that "[t]he claims alleged…are all state law causes of action," and "bankruptcy courts should be reluctant to entertain questions which may be equally well resolved elsewhere.'" *Id.* at 434 (quoting *In re Paso Del Norte Oil Co.*, 755 F.2d 421, 425 (5th Cir. 1985)) (internal citation omitted).

A case with facts similar to the present case is *Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820 (Bankr. S.D. Tex. 2012), where a bankruptcy court declined to exercise jurisdiction over state law claims brought by a non-debtor plaintiff against the debtor's directors and officers, finding that the matter was "on the outer fringes of the Court's related to jurisdiction" and only remotely related to the bankruptcy case. *In re NC12, Inc.*, 478 B.R. at 839. In that case, NC12, Inc. filed for bankruptcy. *Id.* at 826. Its shareholders then brought fraud claims against its directors and officers in state court. *Id*. After defendants removed the case, the shareholders filed a motion to remand or abstain. *Id.* A liability insurance policy owned and paid for by NC12 was in effect and provided coverage to both NC12 and its directors and officers of up to $1,000,000 for losses

due to claims brought against them, as well as indemnity coverage for NC12 for claims against its directors and officers. *Id.* at 837-38.

The court first determined that, while the proceeds of the directors' and officers' policy were not property of the estate, related-to jurisdiction existed over the shareholders' suit under the facts present in that case. *Id.* at 838-39. Nevertheless, the court held that equitable factors warranted the exercise of discretionary abstention under Section 1334(c)(1) to decline adjudicating the shareholders' fraud claims. *Id.* at 840. The court stated:

> The fraud claims, at most, remotely relate to the bankruptcy proceedings, and the efficient administration of the estate will not be affected by the remand. The estate is not a party to the litigation. It is true that the depletion of the insurance proceeds may affect the estate; however, the Court does not have the authority to prevent this effect. There is no jurisdictional basis other than bankruptcy related-to jurisdiction, and the claim involves solely state law issues. Moreover, this Court's constitutional authority to enter a final judgment with respect to the fraud claim is doubtful under *Stern v. Marshall*, 131 S. Ct. 2594 (2011). The Court therefore remands the [shareholders'] fraud claims.

*Id.*

Like the cases discussed above, this case presents issues that are questions of state law. The central issue in this case is whether, under the Zurich insurance policy, Zurich is required to pay St. Angelo's defense costs for the time period preceding his sentencing, even though he pleaded guilty to a single felony count of conspiracy to commit bank fraud. The issue is a question of Louisiana insurance law and contract interpretation. Further, while St. Angelo has argued that the issue may be decided as a matter of law, no party has identified a Louisiana case specifically addressing these particular facts. Questions raised by other defendants as to whether St. Angelo is an insured person under the policy are also questions of policy interpretation and potentially, corporate law. As in *Gulf Fleet Tiger Acquisition, Wood,* and *NC12, Inc.*, these state law claims and issues predominate over any bankruptcy-related issues.

  **C.**  **Other Equitable Factors Also Weigh In Favor of Abstention.**

Other equitable factors also weigh in favor of abstention:

- The debtor is not a party to this proceeding, and the administration of the underlying Chapter 11 of the debtor will not be impeded by dismissal of this proceeding.

- While Zurich initiated this action in federal court (as opposed to a case involving removal), there is no apparent statute of limitations or other bar to prevent Zurich from proceeding with this matter in a Louisiana state court. The statute of limitations for a contract claim in Louisiana is ten years. La. Civ. Code art. 3499.

- The Court is likely to determine that this is a non-core proceeding, and if so, unless all parties consent, this Court will lack power to render a final judgment. Rather, the matter will have to be referred to the district court for entry of a final adjudication. *See Robinson v. JH Portfolio Debt Equities, LLC (In re Robinson)*, 554 B.R. 800, 807 (Bankr. W.D. La. 2016) ("Although the court may hear this adversary proceeding, it may not enter a final judgment or order unless all of the parties to the adversary proceeding consent."). The district court then reviews those proposed findings of fact and conclusions of law *de novo. Demmons v. R3 Educ., Inc.*, 547 B.R. 655, 660 (E.D. La. 2016). A proceeding in state court would not raise these questions of subject matter jurisdiction.

Finally, and perhaps most importantly, equity weighs in favor of abstention. The Court also has before it a motion to stay filed by the United States. The government seeks to stay

further action in this case in order to prevent discovery that could impair its pending criminal investigation regarding the collapse of First NBC Bank. If the Court retains jurisdiction and stays this matter, Zurich has requested leave of court to continue to deposit into the court registry the funds that would otherwise be paid to St. Angelo's defense counsel. In effect, funds for St. Angelo's defense during the sentencing phase of his criminal proceeding will, as a practical matter, be cut off, even though the Court will not yet have rendered a final judgment adjudicating the rights of the parties. This result contravenes the express policy language that provides that defense costs shall continue to be paid until a final adjudication is rendered. *See* St. Angelo's Motion for Partial Summary Judgment, Rec. Doc. 87.

It is true that Zurich has alleged the existence of interpleader jurisdiction in addition to related-to jurisdiction. However, the fact that another jurisdictional basis may exist does not dispose of the abstention question. Rather, in cases related to a bankruptcy proceeding, the existence of another potential basis for jurisdiction is merely another factor that the Court may consider. *See Barbee v. Colonial Healthcare Ctr., Inc.,* No. 3:03-CV-1658-N, 2004 U.S. Dist. LEXIS 4868, at *11 (N.D. Tex. Mar. 22, 2004) (noting that the existence of diversity jurisdiction does not preclude the exercise of permissive abstention under Section 1334(c)(1)).

Considering all the equitable factors, which together weigh in favor of the exercise of abstention, the Court should exercise its discretionary authority under Section 1334(c)(1) to abstain from exercising related-to jurisdiction and permit this matter to be brought in state court.

**II.     Conclusion**

For all the foregoing reasons, even if the Court were to determine that related-to jurisdiction exists, the Court should abstain from exercising that jurisdiction.

Respectfully submitted,

*/s/ J. Dalton Courson*
Phillip A. Wittmann (Bar No. 13625)
Paul J. Masinter (Bar No. 18324)
Peter M. Thomson (Bar No. 02147)
J. Dalton Courson (Bar No. 28542)
Bryant S. York (Bar No. 34165)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email:  pwittmann@stonepigman.com
             pmasinter@stonepigman.com
             pthomson@stonepigman.com
             dcourson@stonepigman.com
             byork@stonepigman.com

***Attorneys for Gregory St. Angelo***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing supplemental brief has been sent to all counsel of record by electronic notice via the Court's CM/ECF system, at the email addresses below, this 9th day of June, 2020.

*/s/ J. Dalton Courson*

Wilbur J. (Bill) Babin, Jr. on behalf of Counter-Claimant/Defendant Louis Ballero:
babin@derbeslaw.com, derbeser72443@notify.bestcase.com

Brian M. Ballay on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Lloyd Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govidan, and William Carrouche:
bballay@bakerdonelson.com, ddeamore@bakerdonelson.com

Nancy Scott Degan on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Ro B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
ndegan@bakerdonelson.com, degan@bakerdonelson.com

Eric J Derbes on behalf of Cross-Claimants/Defendants Frank Fugetta and Michael Lulich:
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Jonathan Edwards on behalf of Defendants Marsha Crowle and Mary Beth Verdigets:
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jan M. Hayden on behalf of Defendants William D. Aaron, Jr., Charles C. Teamer, Sr., Dale B. Atkins, David Aaron, Jr., Grish Roy B. Pandit, Herbert W. Anderson, Hermann B. Moyse, III, James C. Roddy, John C. Calhoun, John Fenner French, Joseph F. Toomy, Lawrence Blake Jones, Leander J. Foley, Leon L. Giorgio, Jr., Louis Lauricella, Mark Merlo, Richard M. Wilkinson, Shivan Govindan, and William Carrouche:
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com; ptorres@bakerdonelson.com

John Hite, III on behalf of Plaintiff Zurich American Insurance Company
jhite@shmrlaw.com

Sharan Lieberman on behalf of Intervenor USA (DOJ)
sharan.lieberman@usdoj.gov

1286338v.3