**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

**LAFAYETTE**

| | |
|---|---|
| **IN RE:** | **LEAD CASE NO. 17-11213** |
| **FIRST NBC BANK HOLDING COMPANY,** | **CHAPTER 11** |
| **DEBTOR.** | |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL,** | **ADVERSARY NO. 20-01005** |
| **Plaintiffs,** | **Lafayette, Louisiana June 30, 2020** |
| **v.** | |
| **ST. ANGELO, ET AL,** | |
| **Defendants.** | |

**(BY TELEPHONE)**
**HEARING ON MOTIONS,**
**BEFORE THE HONORABLE JOHN W. KOLWE,**
**UNITED STATES BANKRUPTCY JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff, Zurich American Insurance Company: | Salley Hite Mercer & Resor LLC<br>BY: JOHN HITE, III, ESQ.<br>(BY TELEPHONE)<br>365 Canal Street<br>Suite 1710<br>New Orleans, Louisiana 70130 |
| For the Defendant, Gregory St. Angelo: | Stone Pigman Walther Wittmann LLC<br>BY: PHILLIP A. WITTMANN, ESQ.<br>(BY TELEPHONE)<br>909 Poydras Street<br>Suite 3150<br>New Orleans, Louisiana 70112 |

APPEARANCES (CONT'D.):

For Certain Directors: Baker Donelson
BY: JAN M. HAYDEN, ESQ. (BY TELEPHONE)
BY: NANCY S. DEGAN, ESQ. (BY TELEPHONE)
201 St. Charles Avenue
Suite 3600
New Orleans, Louisiana 70170

For Frank Fugetta and Michael Lulich: The Derbes Law Firm
BY: ERIC J. DERBES, ESQ. (BY TELEPHONE)
3027 Ridgelake Drive
Metairie, Louisiana 70002

For the USA (DOJ): United States Attorney's Office
BY: SHARAN LIEBERMAN, ESQ. (BY TELEPHONE)
BY: RYAN McLAREN, ESQ. (BY TELEPHONE)
BY: NICHOLAS MOSES, ESQ. (BY TELEPHONE)
BY: MATTHEW PAYNE, ESQ. (BY TELEPHONE)
650 Poydras Street
Suite 1600
New Orleans, Louisiana 70130

Court Audio Operator: Tonya M. Griffith, E.C.R.O.

TRANSCRIPTIONIST: Sherryl Robinson
3704 Chadwood Drive
Harvey, Louisiana 70058
(504) 348-3704

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**P R O C E E D I N G S**

(Tuesday, June 30, 2020)

(Call to Order of the Court)

*   *   *   *   *

**MOTION TO DISMISS CROSS-CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION,**

**MOTION FOR PARTIAL SUMMARY JUDGMENT,**

**MOTION TO DISMISS ADVERSARY OR ALTERNATIVELY MOTION TO STAY,**

**MOTION TO COMPEL DEPOSITION OF GREGORY ST. ANGELO,**

**MOTION TO INTERVENE AND STAY ADVERSARY PROCEEDINGS.**

*   *   *   *   *

THE COURT: Good afternoon. This is Judge Kolwe. We're here on our 2:00 calendar in the matter of Case Number 20-1005, *Zurich American Insurance Company, et al v. St. Angelo, et al*.

I know we have a number of parties on the line. Let me first let my court reporter put on the record all the matters that are before the Court.

THE CLERK: Okay. Before the Court this afternoon we have a Motion to Dismiss Cross-Claim for lack of subject matter jurisdiction; Motion for Partial Summary Judgment; Motion to Dismiss Adversary or alternatively Motion to Stay; Motion to Compel Deposition of Gregory St. Angelo; and Motion to Intervene and Stay Adversary Proceedings.

We'll start with appearances starting with

Plaintiff's Counsel.

MR. HITE: Hi, this is John Hite on behalf of the Plaintiff and Interpleader Zurich American Insurance Company.

MR. WITTMANN: Phil Wittmann on behalf of Gregory St. Angelo.

MS. HAYDEN: This is Jan Hayden and I'm here with Nancy Degan, and we're here for Certain Directors.

MR. DERBES: Eric Derbes for Frank Fugetta and Michael Lulich.

MS. LIEBERMAN: Sharan Lieberman, Ryan McLaren, Nick Moses and Matthew Payne for the United States of America.

THE COURT: Are there any other appearances?

(Pause.)

THE COURT: Okay. Where we left this matter off the last time we were proceeding with the matters that are before the Court that had mainly raised on the primary, what I'll call the Motion to Dismiss both the main action as well as the cross-claim had raised issues of rightness standing. Those are the subject matter jurisdiction issues that were primarily raised before the Court.

And then when we came to the hearing, we were hearing -- the Court was hearing other arguments that perhaps the Court didn't have any subject matter jurisdiction whatsoever over the claim, which is something that I didn't think had been briefed, it hadn't really been raised. And I

think that gets us to where we are.

And if I remember correctly, Ms. Degan, this all was started with you and your assertion that perhaps that something in the confirmed plan would change everything we're doing here. And that's -- I think that's how we got to where we are today. So I think I'm going to pick up with you or Ms. Hayden on the Motion to Dismiss.

MS. DEGAN: And Ms. Hayden will be arguing on our behalf, Your Honor.

THE COURT: Thank you Ms. Degan.

Ms. Hayden?

MS. HAYDEN: Good afternoon.

Your Honor, I think when you spoke to all of us, or spoke to Nancy, et al when they were on the hearing last time, you asked for additional briefing. And I think you got probably more than you bargained for, because there certainly was a lot of briefing. And I think we answered the questions that we thought the Court raised.

And so, as a result I don't know how much oral argument you want from me. I'm glad to do it. But I really think we really -- our position really boils down to that -- related to -- that they see nothing could have happened in the main case that would have created subject matter jurisdiction for this separate adversary proceeding.

For all the reasons we gave the Court and have

given the Court, both in the main case and the adversary case, we don't see that the proceeds can possibly be property of the estate. And so we think it boils down to related to jurisdiction.

And I believe that we did a good job of briefing that, so unless you have questions, I'm really ready to rely on our briefing.

THE COURT: Well, at this point -- I mean when we were here before, I was thinking that there was an issue on whether or not the federal court had jurisdiction. But when I read the pleadings, the real issue is whether this bankruptcy court as an arm of the federal court should hear this, because I think there's subject matter in these cases based on what appears to be diversity of citizenship, you know, so I --

MS. HAYDEN: That --

THE COURT: You know, the way that the --

MS. HAYDEN: That would be correct, Your Honor.

THE COURT: Well, the way this --

MS. HAYDEN: We only raised the issue of related to --

THE COURT: The way -- what I was concerned about -- and let me finish, one second, Ms. Hayden.

What I was concerned about I think at the last hearing was that I thought I was hearing something that seemed to indicate that there was no jurisdiction in the federal

court whatsoever, and that was the one that was causing me concern. But I believe there's subject matter jurisdiction.

The question really boils down to is there related to jurisdiction that would allow the district court to have jurisdiction over this under 1334; and then by extension the bankruptcy court.

And if not, then what you know, is this a Stern v. Marshall issue? I don't, you know. But I think I've got a better handle after I read the parties' briefing, that what we're really talking about now in this Interpleader action is whether there's related to jurisdiction.

And I have read all the parties' briefing in it, unless the parties -- you know, and at one time I was -- my thought was, is that I've gone through this, I'm still working through a few issues is that I'm not certain we need to have much more discussion on the record today, other than the fact that I just need to work a little bit harder to get my Ruling prepared and put it on the record.

Unless the parties have something they really want to add to their briefing today, I'm prepared to essentially take this under advisement.

MR. WITTMANN: Your Honor, this is Phil Wittmann on behalf of Greg St. Angelo.

I would like to put before the Court the abstention argument that we made in our briefing that we've submitted to

the Court, because even if the Court should leave it as related to jurisdiction, the Court should abstain from exercising it and I think that the brief filed by the Certain Directors by Ms. Hayden did a good job of disclosing of why the Court should abstain from finding related to jurisdiction.

But even if you find it, then we submit that the Court should abstain from exercising jurisdiction if you have it, because the outcome of the Interpleader will not alter the Debtor's rights or liabilities nor affect the handling or administration of the Debtor's bankruptcy estate. The Debtor is not even a party to the Interpleader.

And the real issue at stake in this litigation is whether my client is entitled to insurance proceeds which are a non-estate asset from Zurich the non-Debtor, to cover his defense costs.

And I think that those circumstances require the Court to look at a list of factors to determine whether to exercise discretionary abstention under 28 USC Section 1334(c)(1).

And we respectfully contend that after consideration of the factors and in the interest of equity, the Court should find that a majority of the factors weigh in favor of abstention.

I covered all of those in the briefs that we filed

with the Court and I would be happy to go over them this afternoon, again with you, but I didn't want to remain silent and let you think that abstention was not a factor, because at the end of the day, if you find related to jurisdiction, I still think you should abstain.

THE COURT: And you're really asking for that abstention as an opposition or as in further -- well, I'm not certain there's a proper motion --

MR. WITTMANN: And for --

THE COURT: -- for abstention but maybe you want me to consider your request today to be a motion to abstain.

I know -- and I'll allow Zurich to speak to this. I do consider that as part of the papers.

But Mr. Hite if you want to speak to that?

MR. HITE: Sure, Your Honor, just briefly.

I think you're right in that the abstention was raised in Mr. St. Angelo's further supplemental memorandum in support of the motion to dismiss for lack of subject matter jurisdiction. So, there's no motion for abstention on the Court's calendar today, but he -- it was mentioned in that brief.

And so therefore, in our perhaps over-lengthy brief to the Court we did address it on the merits, Your Honor. And I apologize for the length of our brief. We weren't really expecting an abstention argument to come our way.

And I don’t want to -- it seems like the Court wants to perhaps take all of this under advisement and then rule based on the briefs, so I don’t want to belabor our argument here. We just want to note a couple of quick things:

Number one, that Mr. St. Angelo actually filed a Motion for Summary Judgment on the merits of the Interpleader. And every case that has ever ruled on that has held that you waive your right to seek abstention if you invoke the Court’s affirmative jurisdiction and ask it to rule on the merits. I mean there are Supreme Court cases that say that, for number one.

Number two, as the Court noted earlier, there’s both diversity jurisdiction as well as federal Interpleader jurisdiction, two separate bases for jurisdiction. So, the Court here would not be abstaining in favor of a state court, which is why the Court abstained. There is no parallel state court action and this case was not removed from state court.

Rather, if the Court abstains, Zurich will simply re-file again in the Eastern District of Louisiana based on diversity and on Federal Interpleader Statute. So the abstaining would be futile and cost the Court a tremendous amount of time and effort, and the parties a tremendous amount of time and effort, and would just be right back in federal court. There would be no comity because the state court won’t

decide anything and none of the goals of abstention will be achieved.

And further, Your Honor, we -- I could go through all fourteen of the issues for abstention in our brief as well, and we'll rely on that. We've got each one and we believe that they certainly say that the Court should not abstain, especially when it would be futile and just a waste of effort and we'll be right back in the Eastern District, you know, in a week or so, but we'd have to re-file.

THE COURT: Okay Mr. Hite. Yes, I've gone through your brief and I've gone through all of those issues and I do see where you raised the issue on whether or not the request for the abstention is timely, and the Court is going to consider all of that before the Court.

I had hoped to be prepared to rule on most of this today, but you know, this issue of the related to jurisdiction is, for lack of a word, it's just complicated in this case, being where we've been. And I want to spend a little time, a little more time on that. I appreciate the parties.

I do want to say this: I appreciate all the work the parties have done to brief it. I need you to quit doing that and I need to get a decision on here, because we don't need to continue to paper up the Court at this point. So I will get an opinion out on this --

MR. WITTMANN: Your Honor?

THE COURT: -- as --

MR. WITTMANN: I'm sorry. Can I speak?

THE COURT: Yes.

MR. WITTMANN: Your Honor, I didn't mean to interrupt you, I'm sorry.

But I just wanted to respond. It sounded to me an awful lot like Mr. Hite was arguing, if I could just make a couple of points in response.

First of all, as to whether a motion is pending before the Court: The In Re: Gaubert case we cited in our brief said that no formal motion is required for the Court to exercise discretionary stay. So that, I think, is taken care of.

As to the points that Mr. Hite made about the futility of doing this; I think that he's effectively asking the Court to assume that upon re-filing, a district court would decide to stay that hypothetical future case.

But it's equally plausible that the district court would find its own reasons to abstain from hearing this case through (inaudible; audio skipping) -- Buford Abstention Doctrine, or otherwise they're trying to adjudicate to that.

Buford Abstention provides that the federal court is an inappropriate forum for resolving unsettled or difficult questions of state law, on state law issues that are regulated by the states, such as insurance law. Instead, the

state court should decide such state law issues, and we've cited a number of cases that say that.

So, I think dealing with what you've got, Your Honor, the factors that would indicate abstention weigh heavily in favor of Mr. St. Angelo, who is the only party who is really being significantly affected by this Interpleader action by having his defense costs held up indefinitely and unable to provide his defense.

That's all I wanted to say.

THE COURT: Okay. I appreciate it.

The Court is going to take all of these matters under advisement.

And I don't want to stop the United States from adding anything, but I do also have the United States' request, assuming where I go on this, I do have their request to stay the whole proceeding.

Okay. I hope everyone is doing well, and thank you very much.

(All Counsel respond, "Thank you Your Honor.")

* * * * *

(Hearing is Concluded)

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

**S/Sherryl P. Robinson** **_11/19/2020_**
**Sherryl P. Robinson** **Date**