# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | |
| FIRST NBC BANK HOLDING COMPANY, | CHAPTER 11 |
| DEBTOR. | CASE NO. 17-11213 – "A" |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ZURICH AMERICAN INSURANCE COMPANY,

               PLAINTIFF.

VERSUS                                                                                                         ADV. P. NO. 20-01005

GREGORY ST. ANGELO, WILLIAM D.
AARON, JR., HERBERT W. ANDERSON,
DALE ATKINS, JOHN C. CALHOUN,
WILLIAM CARROUCHE,
LEANDER J. FOLEY, III, JOHN F. FRENCH,
LEON GIORGIO, JR., SHIVAN GOVINDAN,
LAWRENCE BLAKE JONES, LOUIS
LAURICELLA, MARK MERLO,
HERMAN MOYSE, III, GRISH LLOYD
PANDIT, JAMES RODDY, DR. CHARLES
TEAMER, JOSEPH TOOMY, RICHARD M.
WILKINSON, LOUIS BALLERO, MARSHA
CROWLE, MARY BETH VERDIGETS,
FRANK FUGETTA AND MICHAEL LULICH,

               DEFENDANTS.

## MOTION TO WITHDRAW THE REFERENCE

NOW INTO COURT through undersigned counsel come William D. Aaron, Jr., Herbert W. Anderson, Dale B. Atkins, John C. Calhoun, William Carrouche, Leander J. Foley, John Fenner French, Leon L. Giorgio, Jr., Shivan Govindan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Hermann B. Moyse, III, Grish Roy B. Pandit, James C. Roddy, Charles C. Teamer, Sr., Joseph F. Toomy, Richard M. Wilkinson ("Movers") seeking an order pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), withdrawing the reference of this

adversary proceeding ("Interpleader") to the United States District Court for the Eastern District of Louisiana ("Motion"). In support of the Motion, Movers respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Interpleader was initiated by Zurich American Insurance Company ("Zurich") on January 24, 2020, when it filed a Complaint for Interpleader and Declaratory Relief (the "Complaint"), seeking to interplead $270,872.85 that defendant Gregory St Angelo ("St. Angelo") had demanded be paid to him as defense costs under an insurance policy issued by Zurich to First NBC Bank Holding Company (the "Policy").[1] The Complaint alleged that St. Angelo was an insured person under the Policy and that Zurich had previously made payments to St. Angelo under the Policy.[2] The Complaint further alleged that other insured persons under the Policy had demanded that Zurich not pay the $270,872.85 to St. Angelo.[3] Among other items of relief, the Complaint prayed that "the Court award the Policy Proceeds to the party or parties rightfully and legally entitled to receive them."[4] On March 5, 2023, Zurich deposited the $270,872.85 into the Court's registry pursuant to the Court's Order entered on March 4, 2020.[5] Subsequently, Zurich deposited an additional $134,774.52 into the registry of the Court.[6]

2. This matter has been stayed since entry of this Court's order of October 21, 2020.[7] Prior to the stay, the parties to this proceeding filed various motions, including motions challenging this Court's jurisdiction over the policy proceeds and motions for summary judgment.[8] In recent weeks, the Department of Justice sought to lift the stay imposed by this

---

[1] *See* ECF No. 1 (Complaint).
[2] *See id.*
[3] *See id.*
[4] *Id.* at p. 15.
[5] *See* ECF No. 64.
[6] *See* ECF No. 132.
[7] *See* ECF No. 124.
[8] *See* ECF No. 84 (St. Angelo Motion to Dismiss Crossclaim for Lack of Jurisdiction); ECF No. 87 (St. Angelo's Motion for Partial Summary Judgment), ECF No. 92 (Directors' Motion to Dismiss or Alternatively, Motion to Stay).

Court several years ago.[9] Defendant St. Angelo has also sought to dissolve the stay and reset his pending motions for hearing.[10]

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND RELIEF REQUESTED

4. There has been a myriad civil proceeding filed in the Eastern District of Louisiana involving the now-closed First NBC Bank (the "Bank"). Among others, the Federal Deposit Insurance Corporation, as Receiver for the Bank (the "FDIC-R") has filed civil claims against the Bank's former CEO and a handful of its former directors, alleging gross negligence in connection with a handful of lending relationships.[11] The Committee of Unsecured Creditors has also filed suit against Bank officers and employees, as well as its auditors, seeking damages for their alleged actions.[12] There have also been numerous insurance proceedings filed involving the Bank, including cases raising defenses asserted by the Bank's insurers to providing coverage for insureds, as well as the extent of that coverage.[13] Each of these matters were, at one time, allotted to different judges in the Eastern District of Louisiana. At a status conference in July 2023, these civil proceedings were consolidated before a single judge, the Honorable Lance M. Africk.[14] At present, several insurance matters are pending before Judge Africk in the consolidated proceedings.

---

[9] *See* ECF Nos. 140.
[10] *See* ECF No. 143.
[11] *See FDIC-R v. Ryan, et al.*, No. 2:20-CV-1253 (E.D. La. 2020).
[12] *See Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan, et al.*, No. 2:19-CV-10341 (E.D. La. 2019).
[13] *See Aaron, et al. v. Illinois National Ins. Co., et al.*, No. 2:22-CV-00009 (E.D. La. 2022); *Illinois Nat'l. Ins. Co. v. Ryan, et al.*, No. 2:22-CV-2070 (E.D. La. 2022); *Beebe, et al. v. Illinois National Ins. Co.*, No. 2:22-CV-04518 (E.D. La. 2022).
[14] *See Anderson, et al. v Illinois Nat'l. Ins. Co., et al.*, No. 22-09 c/w 22-2070 & 20-1253 (E.D. La. 2022) (ECF No. 265). The Unsecured Creditors Committee case was also recently transferred to Judge Africk. *See Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan, et al.*, No. 2:19-CV-10341 (E.D. La. 2019) (ECF No. 161).

5. Movers request that the Court withdraw the reference as to the Interpleader so that it can be heard by the same court that is resolving the other issues involving the Bank, including issues associated with the interpretation of insurance policies. Conservation of party resources and judicial economy dictates the resolution of all issues relating to these matters be undertaken by the same judge who is intimately familiar with the policies and facts involved. Withdrawing the reference and consolidating this matter before Judge Africk will also avoid the risk of inconsistent rulings concerning the same policies and facts.

6. Undersigned counsel has contacted the parties to this matter. Zurich, the party that initiated this interpleader action, takes no position on this Motion. Likewise, the Department of Justice takes no position on this Motion. The remaining parties -- defendants St. Angelo, Marsha Crowle, Mary Beth Verdigets Frank Fugetta, Louis Ballero, and Michael Lulich have no opposition to this Motion.

7. No previous motion for relief herein has been made to this or any other court.

## ARGUMENT

8. Section 157(d) provides two grounds for a district court's withdrawal of the reference of a proceeding from the bankruptcy court. First, the "district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). Second, the "district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* (emphasis added).

**A.       Section 157(d) Requires Withdrawal of the Reference.**

9.       Section 157(d) requires withdrawal of the reference when "the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Thus, mandatory withdrawal is warranted when substantial and material consideration of non-Bankruptcy Code law is necessary for the resolution of a case or proceeding. *See In re Maynard*, No. 14-CV-2649, 2016 WL 1449459, at *2 (S.D. Ohio Apr. 13, 2016). Courts have held that mandatory withdrawal is appropriate when the court is asked to consider "laws regulating organizations or activities affecting interstate commerce and bankruptcy law." *United States v. DeMiro*, 446 B.R. 804, 807 (E.D. Mich. 2011) (holding that withdrawal was mandatory where the resolution of federal forfeiture statutes involved interpretation of laws or activities affecting interstate commerce under § 157(d)). Here the issues to be decided requires little or no consideration of title 11 concerns where the plan of reorganization has been long confirmed and implemented. The only issues to be determined are questions relating to the interpretation of the various insurance contracts, all of which are being handled by Judge Lance Africk. Further, any decision by this court would be subject to appeal to the Eastern district of Louisiana. Further, no party objects to the relief sought.

**B.       Cause Exists to Withdraw the Reference under Section 157(d)**

10.       Section 157(d) of the United States Code also provides that "[t]he districts court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . on timely motion of any party, for cause shown." When ruling on a motion for permissive withdrawal of the reference, courts consider a number factors including (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and

what are the costs to the parties; (4) what will promote uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors, including expediency of the bankruptcy process and whether the plaintiff has required a jury trial. *See In Re: Old Time Pottery, LLC Debtor. Old Time Pottery, LLC Plaintiff V. Gertha Pruitt*, No. 3:20-BK-03138, 2021 WL 8013747, at *4 (M.D. Tenn. Nov. 8, 2021). "If one or more of these factors is present, the court may find that cause exists to withdraw the matter." *In re Church St. Health Mgmt., LLC*, No. 3:12-CV-00677, 2012 WL 4035971, at *3 (M.D. Tenn. Sept. 10, 2012). Here, each factor supports withdrawal. Here the issue before the court is which of several non-debtors are entitled to the proceeds that have been deposited into the court. This clearly is not a core matter.

11. Here, withdrawal will promote judicial efficiency. The district court has several matters pending before it relating to the interpretation of these insurance contracts and the rights of various parties to the proceeds, thus that court is well versed as to the issues raised in the Interpleader. Further, whatever decision is made by the bankruptcy court is appealable to the district court and thus likely will be subject to the district court's review. Withdrawal of the reference will eliminate one level of potential appellate review.

12. Withdrawing the reference will not delay the proceedings. The Court's decision to withdraw the reference should not delay resolution of the issues raised in the Interpleader. Here the plan in the case is confirmed and the case is largely administered thus withdrawal of the reference will not hinder the goal of promoting uniformity of bankruptcy administration, nor would declining to withdraw the reference foster it.

13. This motion was filed promptly after St Angelo's request to lift the years long stay as to this matter. In this case, the Motion meets the threshold requirement of § 157(d).

14. Finally, all parties to the Interpleader have been contacted and either have no opposition to this motion or take no position with respect to this motion.

## CONCLUSION

15. For the foregoing reasons, Movers respectfully requests that the Court grant the Motion and enter an order withdrawing the reference with respect to this Interpleader, and grant any other relief that may be just and proper under the circumstances.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By: /s/ *Jan M. Hayden*
JAN M. HAYDEN (#06672)
NANCY SCOTT DEGAN (#01819)
BRIAN M. BALLAY (#29077)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
jhayden@bakerdonelson.com
ndegan@bakerdonelson.com
mchester@bakerdonelson.com
bballay@bakerdonelson.com

**COUNSEL FOR WILLIAM D. AARON, JR., HERBERT W. ANDERSON, DALE B. ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, LEANDER J. FOLEY, JOHN FENNER FRENCH, LEON L. GIORGIO, JR., SHIVAN GOVINDAN, LAWRENCE BLAKE JONES, LOUIS LAURICELLA, MARK MERLO, HERMANN B. MOYSE, III, GRISH ROY B. PANDIT, JAMES C. RODDY, CHARLES C. TEAMER, SR., JOSEPH F. TOOMY, RICHARD M. WILKINSON**